

WWW.RIVKINRADLER.COM

BARRY I. LEVY
PARTNER
(516) 357-3149
barry.levy@rivkin.com

March 18, 2016

**VIA ECF**

Honorable Joan M. Azrack, U.S.D.J.
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   Re: *Lorena M. Milligan, et al. v. GEICO General Insurance Company, et al.*
      Civ. Action No. 2:16-cv-00240

Dear Judge Azrack:

  The undersigned represents defendant, GEICO General Insurance Company ("GEICO") in this action. In accordance with Section IV.B. of Your Honor's Individual Practice Rules, we respectfully request a pre-motion conference to discuss GEICO's intention to move pursuant to F.R.C.P. Rule 12(b)(6) for dismissal of Plaintiff Lorena M. Milligan's entire Complaint.[1]

  In her Complaint filed on January 15, 2016, Plaintiff alleges that her 2015 Lexus was insured by GEICO under a standard private passenger automobile insurance policy ("Policy"). See Compl. at ¶ 19. Plaintiff's vehicle was allegedly "totaled" in an accident on May 15, 2015, and she made a claim to GEICO under her Policy. Id. at ¶ 20. Plaintiff alleges that her vehicle was a "current model year vehicle," as defined by Insurance Law, 11 § NYCRR 216.7(c)(3) ("Regulation 64"), which obligated GEICO to pay the insured "the reasonable purchase price of a new identical vehicle on the date of loss less any applicable deductible and depreciation allowances." Id. at ¶ 17. Plaintiff alleges that GEICO used co-defendant CCC Information Services, Inc. ("CCC") to provide total loss vehicle valuations. Id. at ¶ 23. Plaintiff further alleges that CCC prepared a Market Valuation Report ("MVR") of her vehicle using "three similar dealer vehicles that were 'available or recently sold in the marketplace at the time of valuation.'" Id. at ¶ 24. CCC's MVR valued Plaintiff's vehicle at $45,924, which amount GEICO paid. Id. at ¶¶ 27, 28. Plaintiff alleges, however, that "[r]ather than paying Plaintiff the reasonable purchase price of a new identical vehicle on the date of loss … as required by Regulation 64, GEICO paid Plaintiff an adjusted vehicle value based on the adjusted values of comparable vehicles reflective of market value." Id. at ¶ 31. Plaintiff alleges that GEICO's use of and reliance on the MVR to determine the reasonable purchase price was improper. Id. at ¶ 32. Based on these and other allegations, Plaintiff has pled the following six causes of action.

---

[1] Plaintiff purportedly brings her action individually and on behalf of all others similarly situated.

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000   F 516.357.3333

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555   F 212.687.9044

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460   F 201.489.0495

Honorable Joan M. Azrack, U.S.D.J.
March 18, 2016
Page 2

I.      Breach of Contract

To state a claim for breach of contract, Plaintiff must allege: (i) the existence of an agreement, (ii) adequate performance of the contract by the plaintiff, (iii) breach of contract by the defendant, and (iv) damages. Oberstein v. SunPower Corp., 2010 U.S. Dist. LEXIS 41402, *13 (E.D.N.Y. 2010). Here, while Plaintiff alleges in vague terms that GEICO refused to pay the "reasonable purchase price," and that she did not receive "full compensation" for the "true vehicle replacement value" (see Compl. at ¶¶ 47, 51), she fails to specifically plead the alleged "reasonable purchase price," "true … replacement value," or that the "reasonable purchase price" actually differed from CCC's valuation and GEICO's payment. Accordingly, this cause of action must be dismissed, because Plaintiff has failed to plausibly plead any breach of contract damages.[2] Further, Plaintiff's action is premature in that she has failed to comply with the Policy's appraisal provision, which is a condition precedent to bringing suit, and has also failed to avail herself of the "right of recourse" contained in 216.7(c)(4). As such, this proceeding should be stayed or dismissed pending Plaintiff's compliance with the appraisal provision.

II.      Violation of Insurance Regulation 216.7

Plaintiff's second cause of action must be dismissed because there is no private right of action for a violation of Insurance Regulation 216.7. See Harner v. Allstate Ins. Co., 2012 U.S. Dist. LEXIS 191060, *25 (S.D.N.Y. Sept. 7, 2012).

III.      Negligence

Plaintiff's negligence cause of action is nothing more than a duplicative claim that GEICO allegedly breached the Policy and Regulation 64 by relying on CCC's MVR to calculate and pay Plaintiff's total loss claim. "[I]n order to recover on a claim for negligence, a plaintiff must show (1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." Long Beach Rd. Holdings, LLC v. Foremost Ins. Co., 75 F. Supp. 3d 575, 588 (E.D.N.Y. 2015) (citation omitted). Here, there can be no cause of action for negligence where the parties' relationship is governed purely by contract, and where Plaintiff has failed to plead that GEICO owed her, and violated a legal duty independent of its contractual obligations. See Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 389 (1987); see also Pasternack v. Lab. Corp. of Am., 892 F. Supp. 2d 540, 552 (S.D.N.Y. 2012).

---

[2] Moreover, Plaintiff leased the vehicle on the date of loss, and was not the owner. In this regard, Plaintiff has also failed to allege that she sustained any damages vis-à-vis her lease as a result of GEICO's alleged breach of contract.

Honorable Joan M. Azrack, U.S.D.J.
March 18, 2016
Page 3

IV.     Violation of G.B.L. § 349

To state a claim under § 349, a plaintiff must show: (i) acts or practices by defendant that are "consumer oriented;" (ii) that such acts or practices are deceptive or misleading in a material way; and (iii) that plaintiff has been injured by reason of those acts. See Gaidon v. Guardian Life Ins. Co., 94 N.Y.2d 330, 343-44 (1999). Plaintiff appears to allege that GEICO's use of CCC'S MVR is deceptive and misleading. However, there can be no deception when the allegedly deceptive act or practice is fully disclosed. See Nick's Garage, Inc. v. Nationwide Mut. Ins. Co., 101 F. Supp. 3d 185, 199-200 (N.D.N.Y 2015). Here, Plaintiff admits that it was fully disclosed. See Compl. at ¶ 27; Sands v. Ticketmaster-New York, Inc., 207 A.D.2d 687 (1st Dep't 1994). Further, Plaintiff has failed to specifically plead a G.B.L. §349 injury, which is separate and distinct from her breach of contract damages. See Spagnola v. Chubb Corp., 574 F.3d 64, 74 (2d Cir. 2009).

V.      Declaratory and Injunctive Relief

Aside from failing to allege the requisite elements necessary to support her claim for declaratory relief, Plaintiff's cause of action is derivative of her deficient breach of contract claim and must be dismissed. See Nahabedian v. InterCloud Sys., 2016 U.S. Dist. LEXIS 3895, *16 (S.D.N.Y. Jan. 12, 2016). Here, Plaintiff seeks nothing more than to be compensated in accordance with the Policy and Regulation 64 (see Compl. at ¶ 90), which is insufficient to warrant declaratory relief. Moreover, Plaintiff's request for declaratory relief seeks to have this Court declare that GEICO is required to follow 216.7(c)(3) with regard to the payment of total loss claims. GEICO, however, is already obligated to adjust claims in accordance with Regulation 64, and a declaration would be nothing more than an unnecessary restatement of the statute. See Patchen v. Gov't Emplrs. Ins. Co., 759 F. Supp. 2d 241, 251 (E.D.N.Y. 2011).

VI.     Unjust Enrichment

Plaintiff's quasi-contract claim must be dismissed based on the existence of the Policy, which she admits is valid and enforceable. See Compl. at ¶ 49; see also Clark-Fitzpatrick,70 N.Y.2d at 388; Karmilowicz v. Hartford Fin. Servs. Group, 494 Fed. Appx. 153, 157, 2012 U.S. App. LEXIS 18394 (2d Cir. N.Y. 2012).

                Respectfully,

                RIVKIN RADLER LLP

                *Barry I. Levy*
                Barry I. Levy

cc: All counsel of record (via ECF)