**Kathleen P. Lally**
Direct Dial: +1.312.777.7005
kathleen.lally@lw.com

330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Milan |
| Barcelona | Moscow |
| Beijing | Munich |
| Boston | New Jersey |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

File No. 029362-0298

March 18, 2016

**VIA ELECTRONIC FILING**

The Honorable Joan M. Azrack
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

> Re:     Milligan v. GEICO General Insurance Company, et al.
>           Case No. 2:16-cv-00240-JMA-GRB (E.D.N.Y.)

Dear Judge Azrack:

In accordance with the Section IV.B of Your Honor's Individual Rules, we write on behalf of Defendant CCC Information Services Inc. ("CCC") and respectfully request a pre-motion conference to discuss CCC's intention to move pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of the Complaint of Plaintiff Lorena M. Milligan ("Plaintiff").

In her Complaint filed January 15, 2016, Plaintiff alleges that she "totaled" her 2015 Lexus in a rollover accident on May 15, 2015 and then made a claim relating to that accident to her insurer, co-defendant GEICO General Insurance Company ("GEICO"), under a standard private passenger automobile insurance policy. See Compl. (Dkt. #1) at ¶¶ 19-21. Plaintiff further alleges that GEICO sought a valuation of her vehicle from CCC -- which provides vehicle valuations to assist insurance companies in adjusting claims for vehicles that have been declared total losses -- and that GEICO paid Plaintiff for her total loss vehicle allegedly based upon that valuation. See id. at ¶¶ 23-29. Plaintiff contends, however, that CCC improperly valued her vehicle under New York law and that GEICO purportedly improperly relied upon CCC's valuation to pay Plaintiff's total loss claim. See id. at ¶ 31. Based on these and other similar allegations, Plaintiff has pled six causes of action against CCC and GEICO -- breach of contract, violation of New York Insurance Regulation 11 NYCRR 216.7, negligence, violation of N.Y. Gen. Bus. Law § 349, declaratory and injunctive relief and unjust enrichment -- on behalf of herself and a proposed class. See id. at ¶¶ 35, 46-96.

In an effort to minimize duplicative submissions to the Court, CCC joins the arguments being made by GEICO for dismissal of Count II (violation of New York Insurance Regulation 11 NYCRR 216.7), Count IV (violation of N.Y. Gen. Bus. Law § 349) and Count V (declaratory and injunctive relief), and CCC incorporates those arguments herein by reference and sets forth

LATHAM&WATKINS LLP

below the additional reasons specific to CCC in support of dismissal of Count I (breach of contract), Count III (negligence) and Count VI (unjust enrichment) of Plaintiff's Complaint.

## A. Plaintiff's Complaint Should Be Dismissed Or Stayed Pending Appraisal

Each of Plaintiff's claims should be dismissed or stayed pending Plaintiff's compliance with the appraisal provision in Plaintiff's insurance contract with GEICO. See March 18, 2016 Corresp. fr. B. Levy to Hon. J. Azrack; see also Zarour v. Pac. Indem., 2015 WL 4385758, at *3 (S.D.N.Y. 2015) ("New York public policy favors an appraisal proceeding over a trial on damages."). Although CCC is not a signatory to the arbitration agreement, "[t]he Second Circuit has long recognized that a non-signatory may either be bound by, or may compel a signatory to arbitrate pursuant to, an arbitration agreement based on common law principles of contract, including estoppel." Gov't Employees Ins. Co. v. Grand Med. Supply, 2012 WL 2577577, at *3 (E.D.N.Y. 2012) (New York courts have adopted this standard).[1]  Under the doctrine of estoppel, "non-signatories to an arbitration agreement may compel signatories to arbitrate when, upon careful review, the relationship among the parties, the contracts they signed, the issues that have arisen among them, and the issues that the non-signatories seek to resolve in arbitration, are intertwined with the agreement the estopped party signed." Conwill v. Arthur Andersen, 2006 WL 1703621, at *8 (N.Y. Sup. Ct. 2006).

In this instance, each of Plaintiff's claims against CCC are intertwined with Plaintiff's insurance contract with GEICO as well as Plaintiff's allegation that she was not compensated appropriately for her total loss vehicle. See, e.g., Compl. (Dkt. #1) at ¶¶ 16-33.  Accordingly, Plaintiff should be compelled to comply with the appraisal provision in her insurance contract, and her Complaint should be dismissed or stayed.

## B. Plaintiff's Breach Of Contract Claim Against CCC Fails, Because Plaintiff Does Not Have A Contract With CCC

To state a claim for breach of contract, Plaintiff must allege "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Comfort Inn Oceanside v. Hertz, 2011 WL 5238658, at *3 (E.D.N.Y. 2011).  Nowhere in her Complaint, however, does Plaintiff contend that she has a contract, allege the terms of any contract with CCC or attach any such contract to the Complaint. But see id. at *6.  And in fact, no such contract exists.  The only contract potentially at issue in this case is Plaintiff's contract with GEICO.  See Compl. (Dkt. #1) at passim.  Because Plaintiff does not have a contract with CCC, Plaintiff's breach of contract claim must be dismissed.  See Atl. St. John v. Yoemans, 2004 WL 2941402, at *4 (N.Y. Sup. Ct. 2004).

---

[1]    Under the Federal Arbitration Act, appraisal provisions are routinely treated as arbitration provisions and enforced in exactly the same manner.  See, e.g., Mauna Kea Resort v. Affiliated FM Ins., 2009 WL 578529, at *1 (E.D.N.Y. 2009) (noting that federal law construes an appraisal clause like an arbitration clause); Forbes v. Cendant, 205 F.3d 1322 (2d Cir. 2000) (noting that under New York law appraisal provisions are enforced as if they are arbitration provisions).

**LATHAM & WATKINS** LLP

### C.    Plaintiff's Negligence Claim Against CCC Should Be Dismissed, Because CCC Had No Duty To Plaintiff

In order to state a claim for negligence against CCC, Plaintiff must plead and prove that CCC had some form of legal duty to Plaintiff.  See, e.g., Long Beach Rd. Holdings v. Foremost Ins., 75 F. Supp. 3d 575, 588 (E.D.N.Y. 2015).  As a third-party, however, that merely provided its opinion of the value of Plaintiff's vehicle at the request of Plaintiff's insurance company (not Plaintiff herself), CCC had no duty to Plaintiff as a matter of law.  See, e.g., Chambers v. Executive Mortgage, 645 N.Y.S.2d 91, 93 (1996) (dismissing negligence claim by potential home purchasers against appraiser).  Indeed, courts have repeatedly held that entities that provide appraisals or valuations do not owe duties giving rise to a negligence claim to those individuals that own property being valued.  See, e.g., id. (collecting cases); see also, e.g., Jones v. Bank of Am., 949 N.Y.S.2d 76, 78 (2012); Everette Weaver v. Indymac Fed. Bank, 2010 WL 7634134, at *13 n.11 (S.D.N.Y. 2010).  As such, Plaintiff's negligence claim against CCC should be dismissed.

### D.    Plaintiff's Unjust Enrichment Claim Against CCC Fails, Because Plaintiff Has Conferred No Benefit On CCC

Finally, Plaintiff's unjust enrichment claim against CCC must fail, because Plaintiff has not alleged and cannot allege that she conferred a specific and direct benefit on CCC or that she should otherwise be compensated for any such benefit.  See Agebrink v. Model Service, 2016 WL 93865, *6 (S.D.N.Y. 2016) ("Simply claiming that the defendant received a benefit is insufficient to establish a cause of action for unjust enrichment . . . a plaintiff must also demonstrate that the defendant should have to compensate the plaintiff for the benefit conferred . . . .  Furthermore, the alleged 'benefit must be 'specific' and 'direct.''").  As Plaintiff's Complaint makes clear, the valuation at issue was requested from CCC by GEICO, not Plaintiff.  See Compl. (Dkt. #1) at ¶ 23.  Plaintiff did not pay for any goods or services from CCC.  See id.  As such, it is implausible (at best) to suggest that Plaintiff conferred a benefit upon CCC, let alone one that is specific and direct for which Plaintiff should be compensated.  Plaintiff's unjust enrichment claim should, therefore, be dismissed.  See, e.g., id.; Agebrink, 2016 WL 93865, at *6.[2]

Sincerely,

*/s/ Kathleen P. Lally*

Kathleen P. Lally (*pro hac vice*)
of LATHAM & WATKINS LLP

cc:    Counsel of Record (by ECF notification)

---

[2]    In addition to the reasons stated by GEICO for dismissal of Plaintiff's claim under N.Y. Gen. Bus. Law § 349, CCC also respectfully submits that this claim should be dismissed, because Plaintiff cannot plead and prove that CCC's actions were "consumer-oriented."  See, e.g., Everette Weaver, 2010 WL 7634134, at *12.