```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LORENA M. MILLIGAN, individually and on
behalf of all others similarly situated,
                                                                    ORDER

                                        Plaintiff,                  CV 16-240 (JMA)(GRB)


            -against-

GEICO GENERAL INSURANCE
COMPANY and CCC INFORMATION
SERVICES INC.,

                                        Defendants.
----------------------------------------------------------------X
```
**GARY R. BROWN, United States Magistrate Judge:**

   Pending before the undersigned on referral from the Honorable Joan M. Azrack are two motions to dismiss filed in the above-referenced action.  *See* Electronic Order dated 10/17/16; DE 33, 40.  Review of the papers submitted have revealed an issue: the parties have, on this motion under Rule 12(b)(6), attached factual matters, of which the Court cannot take judicial notice, and which are integral to the arguments proffered.   Even excluding the underlying insurance policy, which arguably has been referenced in the Complaint and therefore subject to review, the filings demonstrate numerous factual submissions outside of the pleadings.  *See, e.g.,* DE 34 (Declaration by counsel for GEICO submitting 2016 Right to Appraisal Letter and March 16, 2016 Refusal Letter by Plaintiff); DE 37 (Declaration by counsel for Plaintiff attaching lease agreement for Plaintiff's vehicle; correspondence between the parties regarding demands related to Regulation 64; and GEICO's demand for appraisal); DE 41 (Declaration by counsel for CCC Information Services, Inc. attaching copy of GEICO's "Family Automobile Insurance Policy"); DE 45

(Declaration by counsel for Plaintiff including email correspondence concerning coverage and demand for appraisal). Numerous arguments emanate from these submissions, including the validity, effect and timeliness of the demand for appraisal and the purported failure to satisfy that demand, the effect of various correspondence on the timeliness of the demand, and valuation of the damaged car as measured by the lease. *See generally* DE 35, 39, 40, 42, 44 and 46.

The submission of extrinsic matter on a motion to dismiss is governed by Rule 12(b). As the Second Circuit has held:

> Once the District Court was presented with matters outside the pleadings, Rule 12(b) afforded two options. The court could have excluded the extrinsic documents. Because it elected not to do so, however, the court was obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56. *See Carter v. Stanton,* 405 U.S. 669, 671, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972) (per curiam); *Friedl v. City of New York,* 210 F.3d 79, 83–84 (2d Cir.2000); *Morelli v. Cedel,* 141 F.3d 39, 45–46 (2d Cir.1998). . . . This conversion requirement is "strictly enforced" whenever a district court considers extra-pleading material in ruling on a motion to dismiss. *Friedl,* 210 F.3d at 83 (quoting *Amaker v. Weiner,* 179 F.3d 48, 50 (2d Cir.1999)).
>
> Consideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (2d ed. 1990 & Supp.2001) (stating that the conversion requirement of Rule 12(b) was designed to resolve the conflict among those federal courts that favored consideration of extra-pleading material and those that believed the procedure was designed only to test the sufficiency of the pleading); Fed. R. Civ. P. 12 Advisory Committee Notes, 1946 Amendment (reflecting same); *cf. Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988) (stating that "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"). Also, when a district court considers certain extra-pleading materials and excludes others, it risks depriving the parties of a fair adjudication of the claims by examining an incomplete record. In contrast, on summary judgment the court is required to consider all relevant, admissible evidence submitted by the parties and contained in "pleadings, depositions, answers to interrogatories, and admissions on file, together with ... affidavits...." Fed. R. Civ. P. 56(c).

*Chambers v. Time Warner, Inc.,* 282 F.3d 147, 154–55 (2d Cir. 2002).

Here, the pending motions defy reasoned review without reference to the extrinsic materials. Thus, in order to save time and expense on the part of the parties, the motions to dismiss are hereby deemed WITHDRAWN without prejudice to renewal by filing, within sixty days of the date of this order, the additional materials required by the rule. Should the parties require additional discovery in order to effect this effort, the parties should submit a discovery plan forthwith to apprise the Court of the nature and timing of the steps required.

**SO ORDERED**

Dated: Central Islip, New York
      March 8, 2017

                                    /s/   GARY R. BROWN
                                    Gary R. Brown
                                    United States Magistrate Judge