UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X          For Online Publication Only
LORENA M. MILLIGAN, *individually and on behalf*
*of all others similarly situated*,

                                      Plaintiff,

                   -against-                                                        **ORDER**
                                           16-CV-240 (JMA)(GRB)

GEICO GENERAL INSURANCE COMPANY
and CCC INFORMATION SERVICES INC.,

                                 Defendants.
-------------------------------------------------------------------X
**AZRACK, United States District Judge:**

       Before the Court are objections filed by defendants Geico General Insurance Company

("GEICO") and CCC Information Services Inc. ("CCC") to Magistrate Judge Brown's July 14,

2017 Report and Recommendation ("R&R").  The R&R recommends GEICO's motion to

dismiss be denied as to plaintiff's causes of action for breach of contract and N.Y. Gen. Bus.

Law ("GBL") § 349, but granted as to the causes of action for violation of 11 N.Y.C.R.R. §

216.7(c)(3) ("Regulation 64"), negligence and unjust enrichment.  It also recommends that

CCC's motion to dismiss be denied as to plaintiff's causes of action for GBL § 349 and unjust

enrichment, but granted as to the causes of action for breach of contract, violation of Regulation

64 and negligence.  The R&R further recommends that plaintiff's demands for injunctive relief

and declaratory judgment should be stricken, and that GEICO's motion for summary judgment

based upon its demand for appraisal should be denied, while the same motion filed by CCC be

denied as moot.  Finally, the R&R recommends that plaintiff should be granted leave to replead.

(R&R at 20.)

       Having conducted a review of the full record and the applicable law, for the following

1

reasons, the Court adopts the R&R.

## I.    STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, the court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> <u>Brown v. Ebert</u>, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## II.    DISCUSSION

GEICO objects to the R&R insofar as it recommends: (1) denial of its motion to dismiss plaintiff's GBL § 349 claim; (2) denial of its motion for summary judgment based upon its demand for appraisal; and (3) granting plaintiff leave to replead. CCC objects to the R&R insofar as it recommends: (1) denial of its motion to dismiss plaintiff's GBL § 349 claim; (2) denial of its motion to dismiss plaintiff's unjust enrichment claim; and (3) denial of its motion for summary judgment based upon its motion to compel GEICO's appraisal.

After considering these objections <u>de novo</u>, the Court overrules those objections, adopts the R&R, and: (1) denies GEICO's motion for summary judgment; (2) denies CCC's motion for summary judgment as moot; (3) grants defendants' motion to dismiss the Regulation 64 and negligence claims and GEICO's motion to dismiss the unjust enrichment claim; (4) strikes plaintiff's demands for injunctive relief and declaratory judgment; (5) denies, without prejudice, defendants' motions to dismiss the GBL § 349 claims and the CCC's motion to dismiss the

unjust enrichment claim; and (6) grants plaintiffs leave to replead.

The Court notes that because the briefing for defendants' objections was completed before the Second Circuit issued Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107 (2d Cir. 2017), none of the parties have addressed that decision.[1]   Additionally, with respect to the GBL § 349 claims against defendants and the unjust enrichment claim against CCC, the parties' briefing on the objections advance certain new arguments and raise points that were not directly addressed by the R&R.  In light of the above, the Court declines to address these issues at this juncture given that plaintiff is being granted leave to amend the complaint.  Plaintiff will have one final opportunity to address the alleged deficiencies raised by defendants.  Plaintiff shall file an amended complaint by May 7, 2018.  In defendants' forthcoming motion to dismiss the amended complaint, defendants can address Nick's Garage and raise any other arguments.

**SO ORDERED.**

Dated: March 31, 2018
Central Islip, New York


                                            /s/  (JMA)
                                    JOAN M. AZRACK
                                    UNITED STATES DISTRICT JUDGE

---

[1]  In the briefing for both its motion to dismiss and for its objections, GEICO relied on the district court's decision in Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 2015 U.S. Dist. LEXIS 41984, at *40-41 (N.D.N.Y Mar. 31, 2015), which was vacated, in part, by the Second Circuit.  (See Def. Geico's Mem. in Supp. of Mot. to Dismiss at 19, ECF No. 35; Def. Geico's Reply Mem. in Supp. of Mot. to Dismiss at 11–12, ECF No. 39; Def. Geico's Reply in support of its Objections at 8–9, ECF No. 60.)