## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK, LONG ISLAND DIVISION

LORENA M. MILLIGAN,
individually and on behalf of all others similarly situated,

        Plaintiff ,

v.

GEICO GENERAL INSURANCE COMPANY and
CCC INFORMATION SERVICES INC.,

        Defendants.

Case No. 16-CV-240 (JMA)(GRB)

Judge Joan M. Azrack

Magistrate Judge Gary R. Brown

**CLASS ACTION**

**JURY TRIAL DEMAND**

### FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Lorena M. Milligan ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against GEICO General Insurance Company ("GEICO") and CCC Information Services Inc. ("CCC"), (collectively known as "Defendants") based where applicable on personal knowledge, information and belief, and the investigation of counsel states as follows:

### NATURE OF THE ACTION

1. Plaintiff Lorena M. Milligan ("Plaintiff") brings this consumer class action on behalf of herself and all others similarly situated who:

    a. Owned a current model year vehicle as defined in 11 NYCRR 216.7(c)(3) ("Regulation 64") that was insured by GEICO under a standard GEICO standard private passenger automobile insurance policy ("GEICO Policy");

    b. Made claims for total loss of their current model year vehicle under a GEICO Policy issued or effective in New York during the period from 2009 through the

         present ("Class Period");

    c.      Had their vehicles declared a total loss by GEICO; and

    d.      Were issued a claim payment by GEICO inconsistent with the current model year vehicle replacement value procedure as required by Regulation 64.

2.      As more fully set forth herein, GEICO deliberately and systematically failed to follow the requirements of Regulation 64, deceiving claimants and failing to fully compensate them for the true vehicle replacement value in violation of its obligations under the GEICO Policies and New York law.

3.      As a result of GEICO's conduct, Plaintiff and the Class are entitled to injunctive and equitable relief to enjoin GEICO from continuing violations.

4.      Plaintiff and the Class are otherwise entitled to punitive, equitable and/or compensatory and/or monetary damages, attorneys' fees and costs, and any applicable statutory damages.

## PARTIES

5.      Plaintiff Lorena M. Milligan is an individual who resides in the County of Suffolk in the State of New York who filed a total loss claim for a current model year vehicle under her GEICO Policy.

6.      Defendant GEICO is a Maryland corporation with its principal place of business is in Chevy Chase, Maryland. GEICO conducts business and issues automobile insurance policies in New York.

7.      Defendant CCC is a Delaware corporation with its principal place of business in Chicago, IL. At all relevant times, CCC transacted and conducted business in the state of New York, derived substantial revenue from the state of New York and otherwise engaged in

interstate commerce, and continues to do so.

8. At all relevant times, Defendants expected or should have expected that their actions and omissions would have consequences within the United States of America, and in the state of New York, and derived substantial revenue from interstate commerce.

9. The exact role of each Defendant as pertains to the instant case is known only to those Defendants.

10. Plaintiff is informed and believes and, upon such information and belief, alleges that each of the Defendants named herein were and are in some manner responsible for the actions, acts and omissions herein alleged, and for the damage caused by the Defendants, and are, therefore, jointly and severally liable for the damages caused to Plaintiffs.

11. Plaintiff is informed and believes and, upon such information and belief, alleges that each of the Defendants were, at all times herein mentioned, acting in concert with, each and every one of the remaining Defendants and colluded and or conspired in the .deceptive practice described within this complaint with either the intent to deceive the Plaintiff and the Class and/or with reckless disregard of the truth and of their duties to the Plaintiff and the Class.

12. Because of the acts, and omissions complained of in this complaint, said Defendants are jointly and severally liable, for all relief sought herein by Plaintiff.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because members of the proposed Class are citizens of a state different from Defendants' home state, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

14. Venue is proper in this District under 28 U.S.C. § 1391(c)(2) and also because a substantial part of the events or omissions giving rise to these claims occurred in this District.

15. In accordance with Local Rule 50.1(d) of the "Guidelines For the Division of Business Among District Judges", Plaintiffs designate the Long Island (Central Islip) Courthouse as the venue of this case because a substantial part of the events or omissions giving rise to the claims occurred in Nassau of Suffolk Counties. The Plaintiff is a resident of Suffolk County. The underlying accident forming the basis of the claim occurred in Suffolk County. GEICO viewed the vehicle in Suffolk County. The GEICO claims representatives handling the claim are located in Nassau and/or Suffolk County. According to the insurance regulations, the location of the vehicle, Suffolk County, formed the basis of determining the valuation of the vehicle.

## **GENERAL ALLEGATIONS**

16. As an insurance provider, GEICO is required to comply with the New York State insurance regulations as set forth in the Regulation 64.

17. Regulation 64 provides that when there is a total loss to a vehicle of the current model year insured by GEICO under its standard private passenger automobile insurance policy terms, GEICO is obligated to pay the insured the reasonable purchase price of a new identical vehicle on the date of the loss less any applicable deductible and depreciation allowances. 11 NYCRR § 216.7 (c)(3).

18. Regulation 64 defines a vehicle of the current model year as (1) "a current model year automotive that has not been superseded in the marketplace by an officially introduced succeeding model" or (2) "an automobile of the previous model year purchased new within 90 days prior to the date of loss." 11 NYCRR § 216.7 (c)(3).

19. Plaintiff purchased an automobile policy of insurance from GEICO for which she was insured for both bodily injury and property damage for the period from January 27, 2015 to January 27, 2016.   The policy insured her 2015 Lexus.

20. On May 15, 2015, Plaintiff's 2015 Lexus was totaled in a rollover accident;

21. She submitted a claim to GEICO on May 21, 2015.

22. At the time of the accident, Plaintiff's vehicle met the definition of a current model year vehicle as defined by Regulation 64. The mileage on Plaintiff's vehicle was 1,000 miles at the time of the accident.

23. GEICO used and contracted with CCC to provide total-loss valuations to compute Plaintiff's vehicle replacement value.

24. The CCC ONE Market Valuation Report compared Plaintiff's current model year vehicle as defined by Regulation 64 with three similar dealer vehicles that were "available or recently sold in the marketplace at the time of valuation." Exhibit B.

25. The CCC One Market Valuation Report was intended to be provided to Plaintiff. CCC was aware that insureds, including plaintiff, would be presented with the findings in the report to substantiate GEICO's determination of valuation of their vehicle.

26. Plaintiff and members of the Class are third party beneficiaries to the contract between GEICO and CCC because:

    a. Defendants GEICO and CCC have a valid and binding contract between them;

    b. This contract was intended for Plaintiff and class members' benefit; and

    c. The benefit to Plaintiff and the class members is sufficiently immediate.

27. In developing valuation reports for GEICO, CCC includes language within the

report that is directed at Plaintiff and members of the Class.

28. CCC knows or should have known that the valuation reports are for the purpose of paying the Plaintiff and the putative class members' insurance claims for the loss of their vehicles.

29. CCC represents that it is an expert in the field of automobile valuation and has been preparing market value reports for the insurance industry since 1981.

30. CCC provided Plaintiff with a CCC ONE Market Valuation Report for her 2015 Lexus with a valuation summary total of $45,924.

31. CCC determined this base value by comparing similar vehicles from three local dealers, which were reflective of the market value.

32. GEICO issued Plaintiff a claim payment for $45,924.00 – the amount reported by CCC.

33. Page 19 of the CCC report includes information that was directed at Plaintiff Lorena Milligan, evidencing that CCC knew that this report was intended to be directed to and shared with Lorena Milligan and to induce her reliance on the conclusions in the report.

34. Rather than paying Plaintiff the reasonable purchase price of a new identical vehicle on the date of the loss less any applicable deductible and depreciation allowances, as required by Regulation 64, GEICO paid Plaintiff an adjusted vehicle value based on the adjusted values of comparable vehicles reflective of the market value.

35. In violation of both its contractual obligations and New York law, GEICO engaged in a fraudulent and deceptive scheme and policy of not complying with the required valuation of a total vehicle as set forth in Regulation 64.

36. As a result of GEICO's wrongful conduct, Plaintiff and members of the Class have sustained significant damages.

## CLASS ACTION ALLEGATIONS

37. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

38. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of herself and all persons or entities who (1) from 2009 to present, made total-loss claims pursuant to a standard private passenger automobile insurance policy issued by GEICO in the State of New York; and (2) received a claim payment based on a valuation summary that did not follow the required valuation method specified by Regulation 64.

39. The Class is so numerous that joinder of all class members is impractical. GEICO is one of the five largest insurers of automobiles in the United States and New York. Although the exact number and identities of individual Class members are presently unknown, the number of class members can easily be ascertained from Defendants' records and other appropriate discovery.

40. Common questions of law and fact exist as to all members of the Class in that they are all claimants whose vehicles were covered by a GEICO Policy with common policy language and made total-loss claims for their vehicles. GEICO has acted in a common manner towards Plaintiff and all members of the Class. The common questions of law and fact include, inter alia:

    a. Whether GEICO and CCC's practice violated Regulation 64;

    b. Whether GEICO violated the terms of the GEICO Policy by failing to follow the requirements of Regulation 64;

7

    c. Whether CCC was negligent, deceptive or acted in reckless disregard in providing valuation information that did not comply with the requirements of Regulation 64;

    d. Whether Plaintiff and members of the Class are entitled to declaratory and injunctive relief.

41. Plaintiff's claims are typical of the claims of the members of the Class inasmuch as the Plaintiff is a member of the proposed Class and received a claim payment from GEICO that failed to comply with Regulation 64. Furthermore, Plaintiff is a member of a class for which CCC negligently, deceptively and/or recklessly provided valuation information that did not comply with Regulation 64.

42. Plaintiff has the requisite personal interest in the outcome of this action and will fairly and adequately protect the interests of the Class. Plaintiff has no interest that is adverse to the interests of the members of the Class, has retained counsel experienced in class action litigation to prosecute his claims, and is an adequate Class representative.

43. A class action is an appropriate and superior method for the fair and efficient adjudication of the controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions that may arise, and, accordingly, there would accrue enormous economies to both the court and the Class in litigating the common issues on a class wide basis instead of on a repetitive individual basis;

    b. Class members' individual damage claims are too small to make individual litigation an economically viable alternative;

    c. Despite the relatively small size of individual Class members' claims, their

    aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

  d. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage are common to the Class.

44. Class certification is fair and efficient as well because prosecution of separate actions would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which as a practical matter, may be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interests.

45. Plaintiff anticipates that there will be no difficulty in the management of this litigation, and the means exist to address issues of damages as have been utilized in other class actions, including aggregate damages, claims processes and/or determination of restitution amounts.

46. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

47. Upon information and belief, no other pending actions exist to address Defendants' wrongful conduct.

48. As such, Plaintiff seeks class certification under Fed. R. Civ. P. 23.

## COUNT I

## **BREACH OF CONTRACT**

49. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

50. Defendants and policyholders entered into the GEICO Policies that entitled Plaintiff and members of the Class to make claims with GEICO for total loss damages to their vehicles and receive full compensation for such claims.

51. When there is a total loss to a vehicle insured by GEICO, by its standard private passenger automobile insurance policy terms, GEICO is obligated to pay the insured the actual cash value of the vehicle as set forth in Regulation 64.

52. Each GEICO Policy was valid and enforceable at the time of loss.

53. Plaintiff and members of the Class have performed all conditions precedent to GEICO's liability under the GEICO Policy, including the payment of all premiums necessary to keep the policies in effect.

54. GEICO materially breached the terms of the GEICO Policy with Plaintiff and members of the Class by, among other things, failing to fully compensate them for the true vehicle replacement value as required by Regulation 64.

55. Plaintiff and members of the Class are third party beneficiaries to the contract between GEICO and CCC because:

   a. Defendants GEICO and CCC have a valid and binding contract between them;

   b. This contract was intended for Plaintiff and class members' benefit; and

   c. The benefit to Plaintiff and the class members is sufficiently immediate.

56. In developing valuation reports for GEICO, CCC includes language within the report that is directed at Plaintiff and members of the Class.

57. CCC knows or should have known that the valuation reports are for the purpose of paying the Plaintiff and the putative class members' insurance claims for the loss of their vehicles.

58. As a direct and proximate result of Defendants' breach of contract, Plaintiff and the Class have suffered damages.

59. Plaintiff and members of the Class are entitled to recover actual, consequential, and punitive damages, equitable and declaratory relief, costs and reasonable attorneys' fees.

## COUNT II

### VIOLATION OF NEW YORK OFFICIAL COMPILATION OF CODES, RULES, AND REGULATIONS SECTION 216.7 (c)(3)

60. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

61. As described above, as an insurance provider, GEICO is required to comply with the New York State insurance regulations as set forth in the Regulation 64, including but not limited to, complying with 11 NYCRR 216.7 (c)(3).

62. Under Regulation 64, GEICO is also required to act in good faith when negotiating with it insureds.

63. As enumerated above, GEICO violated Regulation 64 by failing to comply with 11 NYCRR 216.7 (c)(3) when valuating and paying claims on current model year vehicles that were total losses.

64. Plaintiff and members of the Class are entitled to recover actual, consequential, and punitive damages, equitable and declaratory relief, costs and reasonable attorneys' fees.

11

## COUNT III

## **NEGLIGENCE**

65. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

66. CCC holds itself out as an expert in the field of vehicle valuation and has been providing such services since 1981.

67. Plaintiff and members of the Class are third party beneficiaries to the contract between GEICO and CCC because:

> a. Defendants GEICO and CCC have a valid and binding contract between them;
>
> b. This contract was intended for Plaintiff and class members' benefit; and
>
> c. The benefit to Plaintiff and the class members is sufficiently immediate.

68. CCC undertook to perform vehicle valuation in order that insurance claims would be paid to people, such as Plaintiff and the putative class.

69. In undertaking to perform this duty, CCC had a duty to comply with the applicable law and professional standards and failed to do so.

70. In developing valuation reports for GEICO, CCC includes language within the report that is directed at Plaintiff and members of the Class.

71. CCC knows or should have known that the valuation reports are for the purpose of paying the Plaintiff and the putative class members' insurance claims for the loss of their vehicles.

72. CCC knows or should have known that the reports would be used to pay Plaintiff and the putative class members' insurance claims and that such valuations, if performed

improperly, negligently and recklessly and in reckless disregard of the truth and without compliance with New York law, would result in harm to the Plaintiff and the Class.

73. CCC owed a duty to comply with Regulation 64, especially, in that it held itself out as an expert in vehicle valuation.

74. CCC knew or should have known that the valuation reports that it prepared would be relied upon by Plaintiff and the class.

75. CCC's failure to use due care in preparing the valuation report is an act of omission that foreseeably harmed Plaintiff and members of the Class.

76. It was foreseeable that if GEICO or CCC failed to prepare the valuation reports in a non-negligent manner that Plaintiff and members of the Class could be harmed.

77. CCC had a duty to exercise reasonable care in the preparation of the valuation reports, including complying with the applicable law.

78. CCC knew or should have known that the CCC valuation reports that they prepare are directed to and will be shared with class members and / or used to pay class members.

79. CCC owed a duty to Plaintiff and members of the Class to provide accurate valuations of their vehicles that complied with New York law.

80. CCC breached this duty because CCC's valuation reports were not accurate in that they failed to comply with Regulation 64 and that they were negligently and fraudulently prepared, thus providing inaccurate and deceptive valuation reports.

81. As a direct and proximate cause of CCC's breach, Plaintiff and members of the Class have been harmed in that they received less value for their vehicle than they would have been otherwise entitled.

82. It was foreseeable by CCC that CCC's breach would cause the nature of damages

experienced by Plaintiff and members of the Class.

83. CCC's breach was a direct and proximate cause of the harm suffered by Plaintiff and members of the Class.

84. GEICO owed Plaintiff and members of the Class a duty to provide accurate vehicle valuation information for the purposes of resolving claims. GEICO had a further duty to supervise and verify that CCC was providing valuations correctly in a respondent superior capacity.

85. GEICO breached this duty because they used CCC to provide vehicle valuations and CCC provided these valuations in a negligent manner.

86. As a direct and proximate cause of GEICO's breach, Plaintiff and members of the Class have been harmed in that they received less value for their vehicle than they would be otherwise entitled.

87. It was foreseeable by GEICO that GEICO's breach would cause the nature of damages experienced by Plaintiff and members of the Class.

88. GEICO's breach of its duty was a direct and proximate cause of the harm suffered by Plaintiff and members of the Class.

89. Plaintiff and members of the Class are entitled to recover monetary damages.

COUNT IV

**UNFAIR AND DECEPTIVE TRADE PRACTICE UNDER NEW YORK
GENERAL BUSINESS LAW**

90. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

91. Defendants have a statutory duty to refrain from unfair or deceptive acts or practices in the valuation of vehicle replacement for total-loss claims submitted to it pursuant to

14

its contractual provisions of the GEICO Policy.

92. Defendants engaged in a systematic scheme to deceive Plaintiff and members of the Class that failed to fully compensate them for the loss of their vehicles as required by Regulation 64.

93. Defendants' conduct was deceptive, misleading, and undertaken in conscious disregard of, and with reckless indifference to, Plaintiff and Class members' rights and interests.

94. Defendants' actions, as complained of herein, constitute unfair competition or unfair, unconscionable, deceptive or fraudulent acts or practices in violation of N.Y. Gen. Bus. Law § 349 et seq.

95. Plaintiff and members of the Class are entitled to recover actual, consequential, monetary, and punitive damages, equitable and declaratory relief, any statutory allowable amounts and costs and reasonable attorneys' fees.

## COUNT V

## DECLARATORY AND INJUNCTIVE RELIEF

96. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

97. GEICO continues to engage CCC to prepare valuation summaries that violate New York law and breach existing contracts between GEICO and its insureds.

98. Plaintiff, on behalf of herself and members of the Class, seek a judgment declaring that GEICO must compensate Plaintiff and members of the Class in accordance with 11 NYCRR 216.7 (c)(3).

99. To prevent the continued and future defrauding of consumers, including after any monetary relief is granted in this case, Plaintiff, on behalf of herself and members of the Class,

seek injunctive relief enjoining GEICO from continuing to defraud consumers by failing to fully compensate its insureds making total-loss claims as required by 11 NYCRR 216.7 (c)(3) for current model year vehicles.

100. By reason of the foregoing, Plaintiff and members of the Class have been and continue to be irreparably harmed are entitled to declaratory and injunctive relief as set forth above.

## COUNT VI

### UNJUST ENRICHMENT

101. Plaintiff incorporates by reference every preceding allegation as if specifically set forth herein.

102. By virtue of its obtaining monies in connection with practices that are deceptive, misleading in violation of New York law and in breach the GEICO Policies, Defendants have been unjustly enriched to the detriment of Plaintiff and members of the Class.

103. Defendants' retention of the monies it has gained through its wrongful acts and practices would be unjust considering the circumstances of their obtaining those monies.

104. Defendants should disgorge its unjustly obtained monies and to make restitution to Plaintiff and members of the Class, in an amount to be determined, of the monies by which it has been unjustly enriched.

### RELIEF SOUGHT

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants and in favor of Plaintiff and the Class and award the following relief:

A. An Order certifying the Class and any appropriate subclasses thereof under the appropriate provisions of Federal Rule of Civil Procedure 23, and appointing Plaintiffs and their

counsel to represent such Class as appropriate under Rule 23(g);

  B. Declaratory and equitable relief requested;

  C. Compensatory, equitable and/or restitution damages according to proof and for all applicable statutory damages under the consumer protection legislation of New York States;

  D. Monetary award for attorneys' fees and the costs of this action, pursuant to law;

  E. Pre-and/or post-judgment interest and/or interest according to law; and

  F. Any such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

          Respectfully submitted:

          **THE MILLER LAW FIRM, P.C.**
          Attorneys for Plaintiff

By: /s/ *Sharon S. Almonrode*
   Sharon S. Almonrode (NY Bar ID 837436; SA4748)
   Marc L. Newman
   950 West University Drive
   Rochester, MI 48307
   248-841-2200
   ssa@millerlawpc.com
   mln@millerlawpc.com

   Ari Kresch (NY Bar ID 1308931)
   EXCOLO LAW GROUP
   26700 Lahser Rd.
   Southfield, MI 48033-2608
   248-565-2099

Dated: May 7, 2018         Attorneys for Plaintiff and Putative Class

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 7, 2018, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

**THE MILLER LAW FIRM, P.C.**

/s/ *Sharon S. Almonrode*
Sharon S. Almonrode (NY Bar ID 837436; SA4748)
950 West University Drive
Rochester, MI 48307
248-841-2200
ssa@millerlawpc.com