**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

LORENA M. MILLIGAN, individually and
on behalf of all others similarly situated,

Plaintiff,

    vs.

GEICO GENERAL INSURANCE
COMPANY and CCC INFORMATION
SERVICES INC.,

Defendants.

Case No. 2:16-cv-00240-DLI-RML

Judge Dora L. Irizarry

Magistrate Judge Robert M. Levy

---

### MEMORANDUM OF LAW IN SUPPORT OF CCC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT

Date:  October 10, 2018

Blake T. Denton
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone:  (212) 906-1200

Mark S. Mester (*pro hac vice*)
Kathleen P. Lally (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700

*Counsel for Defendant*
*CCC Information Services Inc.*

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ....................................................................................................1

II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................2

III.  ARGUMENT .........................................................................................................5

    A.    Plaintiff Has Not Properly Alleged That She Is A Third-Party Beneficiary
        Of Any Contract Between CCC and GEICO ...........................................................5

    B.    Plaintiff's Negligence Claim Fails, Because CCC Owed No Duty To
        Plaintiff ..................................................................................................................8

    C.    Plaintiff's Claim Pursuant To GBL 349 Should Be Dismissed, Because
        Plaintiff Has Failed To Allege Any Deceptive Conduct .........................................9

    D.    Plaintiff's Unjust Enrichment Claim Also Fails, Because Plaintiff
        Conferred No Benefit On CCC ...............................................................................12

    E.    Plaintiff's Regulation 64 Claim Should Be Dismissed And Her Request
        For Declaratory And Injunctive Relief Stricken Pursuant To The Court's
        Prior Order ............................................................................................................14

IV.   CONCLUSION.....................................................................................................15

## **TABLE OF AUTHORITIES**

**Page(s)**

### CASES

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ........................................................................................... 5, 13

Bell Atlantic v. Twombly,
    550 U.S. 544 (2007) ................................................................................................. 5

Broder v. Cablevision Sys.,
    418 F.3d 187 (2d Cir. 2005) .................................................................................... 11

Buchwald v. Renco Group,
    539 B.R. 31 (S.D.N.Y. 2015) .................................................................................. 14

Cancall PCS v. Omnipoint Corp.,
    2001 WL 293981 (S.D.N.Y. 2001) ......................................................................... 15

Cartier v. Four Star Jewelry Creations,
    348 F. Supp. 2d 217 (S.D.N.Y. 2004) ..................................................................... 10

Chambers v. Executive Mortg. Corp.,
    229 A.D.2d 416 (2d Dep't 1996).......................................................................... 8, 9

Clark-Fitzpatrick v. Long Island R.R. Co.,
    70 N.Y.2d 382 (1987)............................................................................................... 9

Clifford R. Gray v. LeChase Constr. Servs.,
    31 A.D.3d 983 (3d Dep't 2006)............................................................................... 12

Collier v. Boymelgreen Developers,
    2008 WL 835706 (E.D.N.Y. 2008) ......................................................................... 14

Conboy v. AT&T,
    241 F.3d 242 (2d Cir. 2001) .................................................................................... 10

Debary v. Harrah's Operating Co.,
    465 F. Supp. 2d 250 (S.D.N.Y. 2006) aff'd sub nom. Catskill Dev. v.
    Park Place Ent. Corp., 547 F.3d 115 (2d Cir. 2008).................................................. 7

Dekel v. Unum Provident Corp.,
    2007 WL 812986 (E.D.N.Y. 2007) ......................................................................... 11

Dollar Phone v. St. Paul Fire & Marine Ins.,
    2012 WL 1077448 (E.D.N.Y. 2012) ....................................................................... 11

**Page(s)**

eCommission Sols. v. CTS Holdings,
  2017 WL 985881 (S.D.N.Y. 2017) ................................................... 6

Everette Weaver v. Indymac Fed. Bank,
  2010 WL 7634134 (S.D.N.Y. 2010) ................................................. 8

Fillmore E. BS Fin. Subsidiary v. Capmark Bank,
  2013 WL 1294519 (S.D.N.Y. 2013), aff'd, 552 F. App'x 13 (2d Cir. 2014) ........................... 8

Ilarraza v. Medtronic,
  677 F. Supp. 2d 582 (E.D.N.Y. 2009) ............................................ 13

In re Bayou Hedge Funds Inv. Litig.,
  472 F. Supp. 2d 528 (S.D.N.Y. 2007) ....................................... 12, 13

In re Lehman Bros. Holdings Inc.,
  479 B.R. 268 (S.D.N.Y. 2012) aff'd, 513 F. App'x 75 (2d Cir. 2013) ..................................... 6

In re LIBOR-Based Fin. Instruments Antitrust Litig.,
  2016 WL 1558504 (S.D.N.Y. 2016) ............................................. 15

Jenkins v. Nat'l Grid USA,
  2017 WL 1208445 (E.D.N.Y. 2017) ............................................. 15

Jones v. Bank of Am.,
  97 A.D.3d 639 (2d Dep't 2012) .................................................. 8

Karmilowicz v. Hartford Fin. Servs. Grp.,
  494 F. App'x 153 (2d Cir. 2012) ............................................... 14

Kerusa Co. v. W10Z/515 Real Estate Ltd. P'ship,
  50 A.D.3d 503 (1st Dep't 2008) ................................................. 7

Lekki Capital v. Automatic Data Processing,
  2002 WL 987147 (S.D.N.Y. 2002) ............................................. 15

Mamakos v. Town of Huntington,
  2017 WL 2861719 (E.D.N.Y. 2017) ............................................ 13

Mandarin Trading v. Wildenstein,
  16 N.Y.3d 173 (2011) ......................................................... 6, 7

Milligan v. CCC Information Services Inc.,
  920 F.3d 146 (2d Cir. 2019) .................................................... 3

New York Univ. v. Cont'l Ins.,
  87 N.Y.2d 308 (1995) .......................................................... 9

**Page(s)**

Newmark & Co. Real Estate v. GCJ Holdings,
    87 A.D.3d 454 (1st Dep't 2011) ................................................................ 7

Nick's Garage v. Progressive Cas. Ins. Co.,
    875 F.3d 107 (2d Cir. 2017) .................................................................... 12

Old Republic Nat'l Title Ins. Co. v. Cardinal Abstract Corp.,
    14 A.D.3d 678 (2d Dep't 2005) ............................................................... 12

Papasan v. Allain,
    478 U.S. 265 (1986) ................................................................................ 5

PHL Variable Ins. Co. v. Town of Oyster Bay,
    2017 WL 2371188 (E.D.N.Y. 2017) ................................................ 13, 14

Regnante v. Securities & Exch. Officials,
    134 F. Supp. 3d 749 (S.D.N.Y. 2015) .................................................... 14

Reznick v. Bluegreen Resorts Mgmt.,
    154 A.D.3d 891 (2d Dep't 2017) ............................................................. 6

Solutia Inc. v. FMC Corp.,
    385 F. Supp. 2d 324 (S.D.N.Y. 2005) ..................................................... 7

Sperry v. Crompton,
    8 N.Y.3d 204 (2007) .............................................................................. 12

Star Indus. v. Barcardi & Co.,
    2003 WL 23109750 (S.D.N.Y. 2003), aff'd, 412 F.3d 373
    (2d Cir. 2005), cert. denied, 126 S.Ct. 1570 (2006) ............................. 10

Tinleee Enters. v. Aetna Cas. & Sur.,
    834 F. Supp. 605 (E.D.N.Y. 1993) ........................................................ 11

Verzani v. Costco Wholesale Corp.,
    2010 WL 3911499 (S.D.N.Y. 2010) ...................................................... 11

Woods v. Maytag Co.,
    2010 WL 4314313 (E.D.N.Y. 2010) ...................................................... 11

## STATUTES

N.Y. Gen. Bus. Law § 349 ............................................................................. 2

N.Y. Ins. Law § 2601 .................................................................................... 11

**Page(s)**

**RULES**

Fed. R. Civ. P. 12 ................................................................................................................ 1, 5

Fed. R. Civ. P. 8 .................................................................................................................... 5

**REGULATIONS**

11 NYCRR § 216.7 ............................................................................................................ 3, 11

Pursuant to Federal Rule of Civil Procedure 12(b)(6), CCC Information Services Inc. ("CCC") submits the following memorandum of law in support of its motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Lorena M. Milligan ("Plaintiff").[1]

## I.   INTRODUCTION

The Complaint initially filed by Plaintiff was devoid of any factual allegations that "nudged [her] claims across the line from conceivable to plausible."  Plaintiff failed to allege any contract between her and CCC; she failed to allege that CCC owed her any independent legal duty; she failed to allege any deceptive acts or statements by CCC; and she failed to allege any benefit that she conferred to CCC.  Noting these deficiencies, the Court largely dismissed Plaintiff's initial Complaint, and Plaintiff was given leave to re-plead.

Although Plaintiff filed an amended pleading, she did not take the opportunity given to her by the Court to correct any of the defects with the Complaint identified by the Court in its opinion dismissing the Complaint or CCC in its prior motion to dismiss.  Instead, the FAC merely adds a few conclusory allegations that Plaintiff was a third-party beneficiary of some unidentified contract between CCC and GEICO.  Rather than cure the defects in the initial Complaint, these new allegations merely compound them.  Plaintiff fails to identify to which contract she is supposedly a third-party beneficiary, how that contract was allegedly made for her benefit or how that contract was purportedly breached.  And that is putting aside the fact that Plaintiff (a) still fails to identify any independent legal duty CCC might owe her that could support a negligence claim, (b) still fails to allege any unfair or deceptive act or practice that

---

[1]  In accordance with the Court's instructions, CCC has incorporated the arguments of co-Defendant GEICO General Insurance Company ("GEICO") where appropriate.

could support a claim under N.Y. Gen. Bus. Law § 349 and (c) still fails to allege that she conferred a specific and direct benefit to CCC that could support an unjust enrichment claim.

In short, the FAC, like the Complaint before it, fails to move beyond bare legal conclusions and fails to cross the line from conceivable to plausible.  Plaintiff obviously has had the opportunity of briefing and the direction of this Court to correct her pleading deficiencies. She, however, has not been able to do so, and her claim should be dismissed with prejudice.

## II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she "totaled" her 2015 Lexus in a rollover accident on May 15, 2015 and thereafter made a claim relating to that accident to her insurer, co-defendant GEICO, under a standard private passenger automobile insurance policy.  See Compl. (Dkt. #1), attached as Exhibit A to the Declaration of Kathleen P. Lally (hereinafter, "Lally Decl."), at ¶¶ 20-21. GEICO, in turn, sought a valuation of Plaintiff's vehicle from CCC, which provides vehicle valuations to assist insurance companies in adjusting claims for vehicles that have been declared a total loss.  See id. at ¶ 23.  CCC provided GEICO with its valuation report of Plaintiff's vehicle, reflecting CCC's opinion as to the value of the loss vehicle.  See id. at ¶¶ 23, 30. GEICO then paid Plaintiff for her loss vehicle, and presumably, Plaintiff accepted payment from GEICO for her vehicle in full satisfaction of her claim.  See id. at ¶ 32.

Nearly eight months later and despite the fact that Plaintiff had presumably already accepted payment from GEICO, Plaintiff filed suit against GEICO and CCC, alleging that CCC had improperly valued her vehicle under New York law and that GEICO purportedly relied improperly upon CCC's valuation to pay Plaintiff's total loss claim.  See Compl. (Dkt. #1) (Lally Decl. Ex. A) at ¶ 31.  According to Plaintiff's initial Complaint, CCC improperly determined the "base value" of Plaintiff's vehicle by "comparing similar vehicles from three local dealers, which were reflective of the market value," which supposedly deprived Plaintiff of "the reasonable

purchase price of a new identical vehicle on the date of the loss," which she alleges she was entitled to pursuant to her insurance contract with GEICO.  See id. at ¶¶ 28, 31.[2]  Somewhat tellingly, however, Plaintiff's Complaint failed to specifically plead the alleged "reasonable purchase price" or the true "replacement value" of her vehicle.  See id. at passim.[3]  Plaintiff, however, nevertheless alleged six causes of action -- breach of contract, violation of New York Insurance Regulation 11 NYCRR § 216.7 ("Regulation 64"), negligence, violation of N.Y. Gen. Bus. Law § 349 ("GBL 349"), declaratory and injunctive relief and unjust enrichment -- on behalf of herself and a proposed class.  See id. at ¶¶ 35, 46-96.

CCC moved to dismiss Plaintiff's initial Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See Mem. in Supp. of Mot. to Dismiss (Dkt. #42) (Lally Decl. Ex. B).  Judge Azrack referred the motion to Magistrate Judge Brown, who subsequently issued a Report and Recommendation, recommending that CCC's motion be granted in part and denied in part.  See R&R (Dkt. # 55) (Lally Decl. Ex. C) at 20.  Specifically, Magistrate Judge Brown recommended:  (a) the count for breach of contract be dismissed, because Plaintiff did not allege that she had a contractual relationship with CCC (see id. at 9); (b) the count for violation of Regulation 64 be dismissed, because there is no private right of action under that regulation (see id. at 10-11); (c) the count for negligence be dismissed, because Plaintiff had failed to identify an independent duty that CCC owed to Plaintiff and had failed to allege that she is a third-party beneficiary of a contract between CCC and GEICO (see id. at 12); and (d) the counts for declaratory and injunctive relief

---

[2]  Unless stated otherwise, all emphasis is supplied, and all internal citations and quotations are omitted from all quoted material herein.

[3]  As detailed in GEICO's memorandum in support of its motion to dismiss the FAC, Plaintiff has since clarified that she believes that GEICO was required to pay the "sticker price of a new identical vehicle," though it is notable that the FAC still does not make this clear.  See GEICO Mem. in Supp. of Mot. to Dismiss FAC; see also Milligan v. CCC, 920 F.3d 146, 153-54 (2d Cir. 2019).

be stricken, because Plaintiff had failed to identify any injury that could not be remedied through monetary damages (see id. at 15). Magistrate Judge Brown also recommended, however, that CCC's motion with respect to Plaintiff's GBL 349 and unjust enrichment claims be denied. See id. at 13-15.

CCC filed objections to the Report and Recommendation. See CCC Objs. to R&R (Dkt. #57) (Lally Decl. Ex. D). CCC argued that Magistrate Judge Brown erred in recommending that CCC's motion to dismiss Plaintiff's GBL 349 claim be denied on the grounds that it was unnecessary for Plaintiff to allege malicious intent while failing to address CCC's argument that Plaintiff had not pled any deceptive acts or practices by CCC. See id. at 6-9. CCC also argued that Magistrate Judge Brown erred in recommending that CCC's motion to dismiss Plaintiff's claim for unjust enrichment be denied on the grounds that the relationship between CCC and Plaintiff could not be determined on the record and in failing to address CCC's argument that Plaintiff had not pled a benefit conferred to CCC by Plaintiff. See id. at 6, 10-13.

Judge Azrack adopted the Report and Recommendation, ultimately granting the motion to dismiss with respect to Plaintiff's contract, Regulation 64 and negligence claims against CCC, striking Plaintiff's demands for injunctive and declaratory relief and denying without prejudice CCC's motion to dismiss with respect to Plaintiff's GBL 349 and unjust enrichment claims. See Order (Dkt. #62) (Lally Decl. Ex. E) at 2-3. Judge Azrack allowed Plaintiff leave to re-plead and allowed CCC leave to address its arguments with respect to Plaintiff's GBL 349 and unjust enrichment claims on a subsequent motion to dismiss. See id.

Plaintiff thereafter filed the FAC. See FAC (Dkt. #63) (Lally Decl. Ex. F). Plaintiff's FAC makes few changes from the original Complaint. See Redline Comparing Compl. and FAC (Lally Decl. Ex. G). Instead, Plaintiff merely adds certain conclusory allegations that she was a

third-party beneficiary of some unidentified contract between CCC and GEICO.  See FAC (Dkt. #63) (Lally Decl. Ex. F) at ¶¶ 26-28, 55-57, 67-69.  Plaintiff otherwise asserts the same causes of action (even re-asserting claims previously dismissed) based upon the same allegations from the initial Complaint.  See id. at passim; see also Redline Comparing Compl. and FAC (Lally Decl. Ex. G).

### III.  ARGUMENT

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must present a "plain statement [that] possess[es] enough heft to sho[w] that the pleader is entitled to relief."  Bell Atlantic v. Twombly, 550 U.S. 544, 557 (2007) (citing Fed. R. Civ. P. 8(a)(2)); see also Ashcroft v. Iqbal, 556 U.S. 662, 667-81(2009) (applying the standard in Twombly to all civil actions).  In order to do so, however, a plaintiff must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do;" instead, a plaintiff must state facts.  See Twombly, 550 U.S. at 555.  Moreover, a court should not accept as true unsupported inferences or sweeping legal conclusions cast in the form of factual allegations when considering a motion to dismiss.  See, e.g., Papasan v. Allain, 478 U.S. 265, 286 (1986).

Not surprisingly, the FAC misses the mark for the same reason that the initial Complaint did:  the FAC contains only boilerplate, together with vague and conclusory allegations of wrongdoing, untethered to any factual support.  See disc. infra at 5-15.

### A.  Plaintiff Has Not Properly Alleged That She Is A Third-Party Beneficiary Of Any Contract Between CCC And GEICO

Under New York law, "[a] party asserting rights as a third-party beneficiary must establish (1) the existence of a valid and binding contact between other parties, (2) that the contract was intended for his benefit and (3) that the benefit to him is sufficiently immediate,

rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate him if the benefit is lost."  In re Lehman Bros. Holdings Inc., 479 B.R. 268, 275 (S.D.N.Y. 2012) aff'd, 513 F. App'x 75 (2d Cir. 2013).[4]

Plaintiff's third-party beneficiary claim, however, fails at the very first element, as she does not identify a specific contract between CCC and GEICO and, instead, only alleges that "Defendants GEICO and CCC have a valid and binding contract between them."  FAC (Dkt. #63) (Lally Decl. Ex. F) at  ¶ 26.  But this allegation is a legal conclusion that must be disregarded.  See Mandarin Trading v. Wildenstein, 16 N.Y.3d 173, 181-82 (2011).  It does not demonstrate the existence of an actual contract and does not provide the terms of that agreement, as is otherwise required.  See id. ("Generally, a party alleging a breach of contract must demonstrate the existence of a . . . contract reflecting the terms and conditions of their . . . purported agreement[.]").  This alone requires dismissal of Plaintiff's breach of contract claim. See, e.g., eCommission Sols. v. CTS Holdings, 2017 WL 985881, at *12 (S.D.N.Y. 2017) (dismissing claim for breach of contract where plaintiff did not identify the contract term that was allegedly breached); Reznick v. Bluegreen Resorts Mgmt., 154 A.D.3d 891, 893 (2d Dep't 2017) ("[V]ague allegations suggesting that there may have been an agreement do not suffice.").

Nor has Plaintiff alleged any facts supporting her otherwise bare legal conclusion that the unidentified contract between GEICO and CCC was intended for her benefit and that this benefit was immediate and direct.  See FAC (Dkt. #63) (Lally Decl. Ex F) at ¶ 26.  Reading the FAC in the light most favorable to Plaintiff, Plaintiff has (at best) pled that CCC knew that the reports it

---

[4]  Because Plaintiff has not actually identified a specific contract between CCC and GEICO for which she claims she would be a third-party beneficiary, CCC cannot determine whether there is a choice of law provision (or any other relevant provision, such as a disclaimer of third-party beneficiaries) in any such contract.  Accordingly, CCC cites New York law throughout.  See disc. infra at 5-8.

provides to GEICO would be used by GEICO for the purposes of paying an insured who had

contracted separately with GEICO.  See id. at ¶¶ 27-28.  But providing reports to assist GEICO

in paying its insureds provides a direct and immediate benefit to GEICO, not to Plaintiff or other

insureds with whom CCC has no connection whatsoever.  See, e.g., Newmark & Co. Real Estate

v. GCJ Holdings, 87 A.D.3d 454, 455 (1st Dep't 2011).  Courts in New York have repeatedly

dismissed such allegations as insufficient to state a claim for breach of contract as a third-party

beneficiary.  See, e.g., id. (even though the contract at issue contained a commission clause

expressly naming the plaintiff as broker of record, the broker was not a third-party beneficiary,

because the agreement as a whole was not intended for his benefit and he only incidentally

benefited); Kerusa Co. v. W10Z/515 Real Estate Ltd. P'ship, 50 A.D.3d 503, 504 (1st Dep't

2008) (condominium owner was only an incidental beneficiary of the developer's contracts with

general contractor, architect, mechanical engineer and structural engineer); Debary v. Harrah's

Operating Co., 465 F. Supp. 2d 250, 262 (S.D.N.Y. 2006) aff'd sub nom. Catskill Dev. v. Park

Place Ent. Corp., 547 F.3d 115 (2d Cir. 2008) (land developer identified in contract materials

was only incidental beneficiary of agreement between casino development group and tribal

instrumentality); Solutia Inc. v. FMC Corp., 385 F. Supp. 2d 324, 337 (S.D.N.Y. 2005) (despite

contracting parties' intent to confer third-party beneficiary status to 50% shareholder, such status

was not conferred where the contract lacked "a benefit [to the shareholder] that is explicit and

direct").

 Regardless, without any facts pleading the terms of the contract between GEICO and

CCC, how those terms were intended to directly benefit Plaintiff or how those terms were

specifically breached, Plaintiff simply has not stated a claim.  See Mandarin Trading, 16 N.Y.3d

at 181-82 ("The complaint only offers conclusory allegations without pleading the pertinent

terms of the purported agreement.  We are left to speculate as to the parties involved and the conditions under which this alleged appraisal contract was formed. Consequently, by failing to plead the salient terms of a valid and binding contract, Mandarin cannot show that the contract was intended for its immediate benefit."); see also Fillmore E. BS Fin. Subsidiary v. Capmark Bank, 2013 WL 1294519, at *11 (S.D.N.Y. 2013), aff'd, 552 F. App'x 13 (2d Cir. 2014). Accordingly, Plaintiff's breach of contract claim should be dismissed.  See id.

> **B.    Plaintiff's Negligence Claim Fails, Because CCC Owed No Duty To Plaintiff**

The negligence claim in Plaintiff's initial Complaint was dismissed, because this Court determined that the claim against CCC was "attenuated," as "plaintiff must not only establish an independent duty, but also that she is a third-party beneficiary of a contract between CCC and GEICO."  R&R (Dkt. #55) (Lally Decl. Ex. C) at 12; see also Order (Dkt. #62) (Lally Decl. Ex. E).  The FAC still fails on both fronts.  See disc. infra at 8-9.

First, Plaintiff has not even attempted to allege an independent duty.  See FAC (Dkt. #63) (Lally Decl. Ex. F) at ¶¶ 65-89.  Plaintiff continues to allege that CCC and/or GEICO "negligently" failed to prepare the valuation report.  See id.  Courts in New York, however, have repeatedly held that entities that provide appraisals or valuations do not owe duties giving rise to a negligence claim to those individuals that own property being valued.  See Chambers v. Executive Mortg. Corp., 229 A.D.2d 416, 417 (2d Dep't 1996) (collecting cases); see also, e.g., Jones v. Bank of Am., 97 A.D.3d 639, 640 (2d Dep't 2012); Everette Weaver v. Indymac Fed. Bank, 2010 WL 7634134, at *13 n.11 (S.D.N.Y. 2010).  Indeed, CCC was merely a third party valuator from which GEICO (not Plaintiff herself) sought an opinion regarding the value of Plaintiff's vehicle.  See FAC (Dkt. #63) (Lally Decl. Ex. F) at ¶ 23.  CCC had no relationship with Plaintiff, made no direct representations to Plaintiff and, as such, had no duty to Plaintiff

whatsoever.  See, e.g., Chambers, 229 A.D.2d at 417 (dismissing negligence claim by potential home purchasers against appraiser).

Moreover, to the extent that Plaintiff is attempting to allege that CCC's duty arose out of a contract, Plaintiff's claim falls short for multiple reasons.  As an initial matter and as discussed above, Plaintiff lacks any allegations that would be sufficient to sustain a claim that she was a third-party beneficiary of a contract between CCC and GEICO, and has instead only alleged bare legal conclusions.  See FAC (Dkt. #63) (Lally Decl. Ex. F) at ¶ 67; disc. supra at 5-8.  And even if Plaintiff had sufficiently alleged that she was the third-party beneficiary of a contract between CCC and GEICO, Plaintiff has not identified a common law duty to Plaintiff that would have extended beyond that contract.  See R&R (Dkt. #55) (Lally Decl. Ex. C) at 11 ("[A] simple breach of contract is not to be considered a tort unless a legal duty independent of the contract has been violated.") (quoting Clark-Fitzpatrick v. Long Island R.R. Co., 70 N.Y.2d 382, 389 (1987)); see also New York Univ. v. Cont'l Ins., 87 N.Y.2d 308, 316 (1995) ("[W]here a party is merely seeking to enforce its bargain, a tort claim will not lie.").

Because Plaintiff has failed to cure the deficiencies that warranted dismissal of her initial complaint, Plaintiff's negligence claim should be dismissed with prejudice.  See disc. supra at 8-9.

### C.   Plaintiff's Claim Pursuant To GBL 349 Should Be Dismissed, Because Plaintiff Has Failed To Allege Any Deceptive Conduct

The GBL 349 "declares unlawful [d]eceptive acts or practices."  R&R (Dkt. #55) (Lally Decl. Ex. C) at 12.  As such, a plaintiff seeking to pursue a GBL 349 claim must allege that the defendant engaged in some deceptive act or practice, as even Plaintiff admits.  See Opp'n to Mot. to Dismiss (Dkt. #44) (Lally Decl. Ex. H) at 12 (citing cases noting that to state a claim for violation of GBL 349, a plaintiff must identify a misleading act or practice).  Such allegations

with respect to CCC, however, are utterly lacking from the FAC.  See FAC (Dkt. #63) (Lally

Decl. Ex. F) at passim.  Indeed, the allegations in the FAC make clear that the only conduct by

CCC the Plaintiff complains of -- CCC's purportedly improper valuation methodology (i.e.,

determining the vehicle's base value by comparing similar vehicles from three local dealers,

which were reflective of the market value) -- was fully disclosed to her.  See id. at ¶¶ 24-25, 31-

35; Conboy v. AT&T, 241 F.3d 242, 258 (2d Cir. 2001) (affirming dismissal of Section 349

claim where the plaintiffs failed to allege any facts to suggest that the defendant misled them and

failed to identify any statements made during credit collections calls that were false or

deceptive).

Plaintiff's mere disagreement with the way in which CCC valued her vehicle, however,

does not constitute a deceptive act for purposes of a GBL 349 claim.  See, e.g., Cartier v. Four

Star Jewelry Creations, 348 F. Supp. 2d 217, 251-52 (S.D.N.Y. 2004) (dismissing GBL 349

claim where the plaintiffs did not satisfactorily show that "a reasonable consumer would be

mislead"); Star Indus. v. Barcardi & Co., 2003 WL 23109750, at *8 (S.D.N.Y. 2003), aff'd, 412

F.3d 373 (2d Cir. 2005), cert. denied, 126 S.Ct. 1570 (2006) (dismissing GBL 349 claim,

because the plaintiffs could not demonstrate that defendants used a materially deceptive act or

practice).

The gravamen of Plaintiff's claims under GBL 349 appears to be premised on GEICO's

"statutory duty to refrain from unfair or deceptive acts or practices," and alleged "fail[ure] to

fully compensate [her] for the loss of [her] vehicle[] as required by Regulation 64."  FAC (Dkt.

#63) (Lally Decl. Ex. F) at ¶¶ 91, 92.  In fact, in Plaintiff's opposition to CCC's prior motion to

dismiss, Plaintiff claimed she had sufficiently stated a GBL 349 claim, because she alleged a

violation of New York's insurance law.  See Opp'n to Mot. to Dismiss (Dkt. #44) (Lally Decl. Ex. H) at 12-14.  Plaintiff's argument, however, ignores two salient facts.

First, Plaintiff again ignores the fact that CCC is not an insurance company and the statute upon which she relies applies only to insurers.  See, e.g., N.Y. Ins. Law § 2601 ("No insurer doing business in this state shall engage in unfair claim settlement practices."); 11 NYCRR § 216.2 ("This Part shall apply to all insurers licensed to do business in this State."). Plaintiff's contention that CCC violated a statute that does not apply to it strains credulity, as does the suggestion that Plaintiff could parlay those allegations into a valid GBL 349 claim without some separate allegation of deceptive conduct by CCC.  See Woods v. Maytag Co., 2010 WL 4314313, at *16 (E.D.N.Y. 2010) ("Courts routinely dismiss claims under GBL § 349 where the allegations are insufficiently specific to establish a deceptive practice."); Dekel v. Unum Provident Corp., 2007 WL 812986, at *2 (E.D.N.Y. 2007) (alleged breach of insurance agreement by insurer could not support GBL 349 claim absent a demonstration that the insurer did anything deceptive or misleading); Tinleee Enters. v. Aetna Cas. & Sur., 834 F. Supp. 605, 609-10 (E.D.N.Y. 1993) (dismissing plaintiff's GBL 349 claim for alleged violations of insurance law because plaintiff failed to sufficiently plead a deceptive business practice).

Second, Plaintiff ignores the fact that alleging a bare violation of the insurance law still does not identify a supposedly deceptive act by CCC.  See, e.g., Broder v. Cablevision Sys., 418 F.3d 187, 199-200 (2d Cir. 2005) (violation of state statute could not be the basis for a GBL 349 claim without "a free-standing claim of deceptiveness"); Dollar Phone v. St. Paul Fire & Marine Ins., 2012 WL 1077448, at *16-17 (E.D.N.Y. 2012) (violation of New York insurance law was insufficient to support GBL 349 claim absent an independent showing of deception); Verzani v. Costco Wholesale Corp., 2010 WL 3911499, at *3 (S.D.N.Y. 2010) ("[Plaintiff] cannot salvage

his G.B.L. § 349 claim by alleging violations of federal law.").[5]  Plaintiff has now had several

opportunities to identify a supposedly deceptive act by CCC, and the fact she has not been able

to so in multiple rounds of briefing and two attempts at pleading only underscores the

appropriateness of dismissing Plaintiff's GBL 349 claim.  See disc. supra at 9-12.

### D.    Plaintiff's Unjust Enrichment Claim Also Fails, Because Plaintiff Conferred No Benefit On CCC

To state a claim for unjust enrichment under New York law, a plaintiff must allege that:

"(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be

inequitable to permit the defendant to retain that which is claimed by the plaintiff."  Clifford R.

Gray v. LeChase Constr. Servs., 31 A.D.3d 983, 987-88 (3d Dep't 2006).  While New York Law

does not require privity between the parties in order for a plaintiff to assert a cause of action for

unjust enrichment (see Sperry v. Crompton, 8 N.Y.3d 204, 215 (2007)), simply claiming that the

defendant received some monetary benefit is insufficient to establish a cause of action for unjust

enrichment (see, e.g., Old Republic Nat'l Title Ins. Co. v. Cardinal Abstract Corp., 14 A.D.3d

678, 680 (2d Dep't 2005)).  Instead, a plaintiff must plead and prove that he or she conferred a

specific and direct benefit to the defendant, such that the plaintiff should be compensated for the

loss of that benefit.  See, e.g., In re Bayou Hedge Funds Inv. Litig., 472 F. Supp. 2d 528, 532

(S.D.N.Y. 2007).

---

[5]  As GEICO explains in its memorandum in support of its motion to dismiss, the Second
Circuit's decision in Nick's Garage v. Progressive Cas. Ins. Co., 875 F.3d 107 (2d Cir. 2017),
does not change this conclusion.  See GEICO Mem. in Supp. of Mot. to Dismiss FAC.  As an
initial matter, Nick's Garage does not address how CCC, a non-insurer, could possibly be held
liable for violation of New York insurance laws.  See Nick's Garage, 875 F.3d at passim.
Moreover, the opinion re-affirms that "a GBL claim is viable where the plaintiff makes a free-
standing claim of deceptiveness under GBL § 349 that happens to overlap with a possible claim
under another statute that is not independently actionable[.]"  Id. at 127.

Plaintiff failed to plead that <u>any</u> benefit that was conveyed to CCC at her expense, let alone one that was specific and direct.  <u>See</u> FAC (Dkt. #63) (Lally Decl. Ex. F) at ¶ 102 (alleging only in the most bare terms that "Defendants" "obtain[ed] monies in connection with practices that are deceptive, misleading in violation of New York law and in breach the GEICO Polices" and as such, "have been unjustly enriched to the detriment of Plaintiff and members of the Class"); <u>id.</u> at ¶¶ 103-04.  Such bare legal conclusions, however, are insufficient to state a claim. <u>See</u> <u>PHL Variable Ins. Co. v. Town of Oyster Bay</u>, 2017 WL 2371188, at *14 (E.D.N.Y. 2017) (dismissing unjust enrichment claim because plaintiff did not plead that the defendant received a benefit from plaintiff's loan to a third party); <u>see also</u> <u>Ilarraza v. Medtronic</u>, 677 F. Supp. 2d 582, 584 (E.D.N.Y. 2009) ("[A] pleading that does nothing more [than] recite facts and bare legal conclusions is insufficient to 'unlock the doors of discovery . . . and only a complaint that states a plausible claim for relief survives a motion to dismiss.'") (quoting <u>Ashcroft</u>, 556 U.S. at 678-80).

Moreover, the FAC makes clear that Plaintiff did not pay for any goods or services from CCC at any time.  <u>See</u> FAC (Dkt. #63) (Lally Decl. Ex. F) at ¶¶ 23, 26-35 (making clear that CCC and GEICO have a direct contract and that Plaintiff is a third-party to that relationship). As result, it is implausible (at best) to suggest that Plaintiff conferred a benefit upon CCC, let alone one that is sufficiently specific and direct for which Plaintiff should be compensated.  <u>See</u> <u>id.</u>; <u>see also</u> <u>In re Bayou Hedge Funds Inv. Litig.</u>, 472 F. Supp. 2d at 532.

Because Plaintiff has not pled that she conferred a specific, direct benefit on CCC that could be returned to Plaintiff, her unjust enrichment claim should be dismissed.  <u>See, e.g.</u>, <u>Mamakos v. Town of Huntington</u>, 2017 WL 2861719, at *16 (E.D.N.Y. 2017) ("[I]n order to state an unjust enrichment claim, a plaintiff must show that the defendant actually received a

benefit[,] . . . [and the] benefit must be both 'specific' and 'direct.'") (quoting <u>Regnante v. Securities & Exch. Officials</u>, 134 F. Supp. 3d 749, 772 (S.D.N.Y. 2015)); <u>PHL Variable</u>, 2017 WL 2371188, at *14 n.13 ("For the benefit to be 'direct,' the defendant must either be put in possession of the benefit, or otherwise obtain financial relief because of the benefit; it is not enough that the funds 'indirectly' benefit the defendant. . . .  [A] benefit is direct when it or its functional equivalent is in the defendant's possession to return.") (quoting <u>Buchwald v. Renco Group</u>, 539 B.R. 31, 49-50 (S.D.N.Y. 2015)).[6]

### E.   Plaintiff's Regulation 64 Claim Should Be Dismissed And Her Request For Declaratory And Injunctive Relief Stricken Pursuant To The Court's Prior Order

Plaintiff has attempted to re-plead claims that were either previously dismissed or stricken by the Court's previous order.  <u>See</u> FAC (Dkt. #63) (Lally Decl. F) at ¶¶ 60-64, 96-100. These claims remain deficient and should be dismissed with prejudice or stricken.  <u>See</u> disc. <u>infra</u> at 14-15.

The Court has already determined that Plaintiff's claim pursuant to Regulation 64 should be dismissed, because there is no private right of action under Regulation 64.  <u>See</u> Order (Dkt. #62) (Lally Decl. Ex. E) at 2; R&R (Dkt. #55) (Lally Decl. Ex. C) at 10-11.  Plaintiff cannot plead around this issue (and does not even try to, as Plaintiff made no amendments to this count), and as such, this claim should be dismissed with prejudice.  <u>See, e.g.</u>, <u>Collier v. Boymelgreen Developers</u>, 2008 WL 835706, at *5 (E.D.N.Y. 2008) (declining to revisit claims that were previously dismissed with prejudice); <u>Cancall PCS v. Omnipoint Corp.</u>, 2001 WL 293981, at *6

---

[6]  Moreover, because Plaintiff contends that this dispute is governed by a contract, quasi-contract or equitable relief is simply unavailable under governing law.  <u>See, e.g.</u>, <u>Karmilowicz v. Hartford Fin. Servs. Grp.</u>, 494 F. App'x 153, 157 (2d Cir. 2012) ("Under New York law, 'quasi-contractual . . . relief is unavailable where [as here] an express contract covers the subject matter.'").

(S.D.N.Y. 2001) (noting that the fact that plaintiff's claim "was already dismissed with prejudice" is "by itself [ ] grounds to dismiss" claim in amended complaint).

Further, Plaintiff's request for declaratory and injunctive relief were ordered stricken. See Order (Dkt. #62) (Lally Decl. Ex. E) at 2.  And while Plaintiff makes a very minor amendment to her request for declaratory and injunctive relief to state that such relief is intended to "prevent the continued and future defrauding of consumers" (see FAC (Dkt. # 63) (Lally Decl. F) at ¶ 99), Plaintiff does not identified "any injury that she or any putative class member has sustained that cannot be remedied through monetary damages."  R&R (Dkt. #55) (Lally Decl. Ex. C) at 15; see also GEICO Mem. in Supp. of Mot. to Dismiss FAC (detailing other reasons that Plaintiff's declaratory and injunctive relief claims are deficient).  As such, her request for declaratory and injunctive relief remains deficient and should be stricken.  See R&R (Dkt. #55) (Lally Decl. Ex. C) at 15; see also Lekki Capital v. Automatic Data Processing, 2002 WL 987147, at *3 (S.D.N.Y. 2002).[7]

## IV.   CONCLUSION

For the foregoing reasons, CCC respectfully requests that the Court dismiss the FAC with prejudice.  CCC further requests any and all other relief that the Court deems appropriate.

Dated:  October 10, 2019                              Respectfully submitted,

                                                     /s/ Kathleen P. Lally

---

[7] It is not necessary for Plaintiff to re-assert claims that have previously been dismissed in order to preserve those claims for appeal.  "While the Second Circuit has not definitively ruled on the appropriate standard for cases where the district court has granted leave to amend a dismissed claim, when a court has not granted leave to amend a claim, plaintiffs need not replead that claim in order to preserve it for appeal."  In re LIBOR-Based Fin. Instruments Antitrust Litig., 2016 WL 1558504, at *11 (S.D.N.Y. 2016); see also Jenkins v. Nat'l Grid USA, 2017 WL 1208445, at *6 (E.D.N.Y. 2017).  To the extent there is any confusion (and CCC does not believe that there is), a further order by the Court clarifying that these claims have been dismissed without leave to replead should alleviate any confusion.

Blake T. Denton
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone:  (212) 906-1200
Facsimile: (212) 751-4864
blake.denton@lw.com

Mark S. Mester (*pro hac vice*)
Kathleen P. Lally (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile: (312) 993-9767
mark.mester@lw.com
kathleen.lally@lw.com


*Counsel for Defendant*
*CCC Information Services Inc.*