**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LORENA M. MILLIGAN, individually and on
Behalf of all others similarly situated,

        Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY and CCC INFORMATION
SERVICES, INC.

        Defendants.

Case No. 2:16-cv-00240-DLI-RML

Judge Dora L. Irizarry

Magistrate Judge Robert M. Levy

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT GEICO'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**THE MILLER LAW FIRM, P.C.**
Sharon S. Almonrode (NY Bar ID 837436;
SA4748)
Marc L. Newman
950 West University Drive
Rochester, MI 48307
248-841-2200
ssa@millerlawpc.com
mln@millerlawpc.com

Ari Kresch (NY Bar ID 1308931)
EXCOLO LAW GROUP
26700 Lahser Rd.
Southfield, MI 48033-2608
248-565-2099

*Attorneys for Plaintiff and Putative Class*

Dated: November 12, 2019

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................ ii

INTRODUCTION ........................................................................................................... 1

STATEMENT OF FACTS ............................................................................................... 1

PROCEDURAL HISTORY.............................................................................................. 3

ARGUMENT .................................................................................................................. 4

    A.    Standard of Review ............................................................................................ 4

POINT I ........................................................................................................................... 5

Plaintiff Has Stated A Viable Claim for Breach of Contract........................................... 5

    A.    Plaintiff's Breach of Contract Cause of Action Should be Upheld............................. 5

    B.    Plaintiff is Entitled to Consequential Damages and Punitive Damages in Connection with her Breach of Contract Claim ................................................................. 7

POINT II.......................................................................................................................... 9

Plaintiff May Bring a Private Cause of Action for a Violation of Insurance Regulation § 216.7 ("Regulation 64")................................................................................................ 9

POINT III......................................................................................................................... 11

Plaintiff Has Sufficiently Stated a Claim for Negligence ............................................... 11

POINT IV......................................................................................................................... 12

Plaintiff Has Sufficiently Stated a Claim Under General Business Law § 349 ........................... 12

    A.    Plaintiff has Adequately Pled Materially Deceptive Conduct................................... 13

    B.    Plaintiff has Alleged a Free-Standing Claim of Deceptive Conduct......................... 14

POINT V .......................................................................................................................... 16

Plaintiff's Claims for Declaratory and Injunctive Relief are Proper ............................... 16

POINT VI......................................................................................................................... 17

Plaintiff Has Properly Brought a Claim for Unjust Enrichment....................................... 17

CONCLUSION................................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Ader v. Guzman*, 135 A.D.3d 671 (N.Y. App. Div. 2016)............................................................ 10

*AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6 (2d Dept. 2008). ............................ 9

*Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015) .................................... 5

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ................................................................... 4

*Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187 (2008) ........................... 7

*Brian Hoxie's Painting Co. v. Cato-Meridian Cent. School Dist.*, 76 N.Y.2d 207 (1990) .......... 10

*Brooklyn Navy Yard Development Corp. v. Harbor Diesel Fuel Services, Inc.*,
    Case No. CV 10-5715, 2014 WL 4364628 (E.D.N.Y. Aug. 1, 2014) .................................... 17

*Concordia General Contracting Co., Inc. v. Preferred Mut. Ins. Co.*,
    146 A.D.3d 932 (N.Y. Supr. Ct. 2017) ............................................................................ 7

*Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144 (S.D.N.Y. 2007) ........................................ 7

*D.K. Property, Inc. v. National Union Fire Insurance Company of Pittsburgh*,
    168 A.D.3d 505 (N.Y. Supr. Ct. 2019) ............................................................................ 8

*Derbaremdiker v. Applebee's Int'l, Inc.*, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) ........... 15

*DiFolco v. MSNBC Cable LLC*, 622 F.3d 104 (2d Cir. 2010)....................................................... 5

*Farino v. Jiffy Lube Intl.*, 298 A.D.2d 553 (2002) .................................................................... 16

*Henry v. Isaac*, 214 A.D.2d 188 (2d Dept. 1995) ...................................................................... 10

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ............................................................................ 5

*Kermanshah v. Kermanshah*, Case No. 08-CV-409, 2010 WL 1904135 (S.D.N.Y. 2010) ......... 17

*Liberty Mut. Fire Ins. Co. v. Nat'l Cas. Co.*, 90 A.D.3d 859 (2011)............................................ 5

*Maimonides Medical Center v. First United American Life Insurance Company*,
    116 A.D.3d 207 (2d Dept. 2014) ................................................................................ 9, 10

*Milligan v. CCC Information Services Inc.*, 920 F.3d 146 (2d Cir. 2019) ................................ 4, 5

*Mindset Ltd. v. Quality Controlled Biochemicals, Inc.*,
    Case No. 99 Civ. 6070, 2000 WL 28167 (S.D.N.Y. Jan. 14, 2000) ........................................ 8

*Nat'l City Commercial Capital Co., LLC v. Glob. Golf, Inc.*,
    Case No. 09-CV-0307, 2009 WL 1437620 (E.D.N.Y. May 20, 2009) .................................... 17

*New York University v. Continental Ins. Co.*, 639 N.Y.S.2d 283 (1995) .................................... 8

*Nick's Garage v. Progressive*, 875 F.3d 107 (2d Cir. 2017) ...................................................... 14

*North Shore Bottling Co. v. Schmidt & Sons*, 22 N.Y.2d 171 (N.Y. App. 1968)........................ 11

*Oswego Laborer's Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20 (1995) .... 13

*Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200 (2008) ................................................ 7

*Parsons v. City of New York*, 195 A.D.2d 282 (1st Dep't 1995)................................................ 12

*Riordan v. Nationwide Mut. Fire Ins. Co.*, 756 F. Supp. 732 (S.D.N.Y. 1990) .................... 13, 15

*Rocanova v. Equitable Life Assurance Soc'y of the U.S.*, 83 N.Y.2d 603 (1994) ......................... 8

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008).............................................................. 4

*Sage Enterprises, Inc. v. Wells Fargo Alarm Services, Inc.*,
   1996 WL 1057144 (E.D.N.Y. June 20, 1996) .......................................................................... 11

*Sasson v. Mann*, Case No. 15-CV-6601, 2019 WL 3532155 (S.D.N.Y. Aug. 2, 2019).............. 17

*Sec. Mut. Life Ins. Co. of New York v. Rodriguez*, 65 A.D.3d 1 (2009) ...................................... 5

*Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37 (S.D.N.Y. 1991) ............................ 17

*Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540 (N.Y. App. 1992) ............................................ 11

*Spagnola v. Chubb Corp.*, 574 F.3d 64 (2nd Cir. 2009)............................................................... 14

*Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996) ....................................................... 16

*Symquest Group, Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257 (E.D.N.Y. 2016).................... 7

*Terwiliger v. Terwiliger*, 206 F.3d 240 (2d Cir. 2000) ................................................................. 5

*Trizzano v. Allstate Ins. Co.*, 7 A.D.3d 783 (2004)....................................................................... 5

*USHA Holdings, LLC v. Franchise India Holdings, Limited*,
   Case No. 12 CV 3492, 2015 WL 13741743 (E.D.N.Y. Sept. 11, 2015) ................................ 17

*Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151 (S.D.N.Y. 2014)............................................ 13

*White v. Continental Cas. Co.*, 9 N.Y.3d 264 (N.Y. Ct. App. 2007)............................................. 7

*William Wrigley Jr. Co. v. Waters*, 890 F.2d 594 (2d Cir. 1989) ................................................ 11

*Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 893 N.Y.S.2d 208 (2010)........................................ 16

## Statutes

11 N.Y.C.R.R. § 216.7(c)(3)................................................................................................ 1, 2, 6, 12

N.Y. Gen. Bus. Law ("GBL") § 349.......................................................................................... 1, 12

NYCRR § 216.7(c)(4) ...................................................................................................................... 6

## Other Authorities

Mem. of Governor Rockefeller, 1970 N.Y. Legis. Ann., at 472 ................................................. 13

## Rules

Fed. R. Civ. P. 12(b)(6)..................................................................................................................... 4

Fed. R. Civ. P. 57 ........................................................................................................................... 16

Fed. R. Civ. P. 8(d) ........................................................................................................................ 17

## INTRODUCTION

Plaintiff Lorena M. Milligan ("Plaintiff") submits this Response in Opposition to Defendant GEICO's ("GEICO") Motion and Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint ("GEICO's Motion to Dismiss"). Docket Entry ("DE") 79. For the reasons set forth herein, Plaintiff respectfully requests that the Court deny GEICO's Motion to Dismiss in its entirety.

As thoroughly explained in Judge Brown's Report and Recommendation ("R&R") (DE 55) and Judge Azrack's Order ("Judge Azrack's Order") (DE 62), Plaintiff has sufficiently pled her claims for breach of contract and violations of N.Y. Gen. Bus. Law ("GBL") § 349. Additionally, Plaintiff has cured any previous deficiencies in her Amended Complaint and her claims of violation of 11 N.Y.C.R.R. § 216.7(c)(3) ("Regulation 64"), negligence, unjust enrichment, and her claim for declaratory and injunctive relief should proceed to discovery.

## STATEMENT OF FACTS[1]

Plaintiff purchased a 2015 Lexus (the "vehicle") on or about March 23, 2015. DE 58, at p. 1. The lease agreement with Lexus Financial services showed the purchase price of the car as $51,400. *Id*. The vehicle was a current model year vehicle insured by GEICO. R&R, at p. 3. The GEICO Policy (the "Policy") (DE 37-4) covered bodily injury and property damage for the period from January 27, 2015 to January 27, 2016 relating to her 2015 Lexus. *Id.* The Policy was governed by New York state insurance regulations, including Regulation 64 which "requires an insurer, in the case of a total loss, to reimburse the owner of a current model year vehicle the reasonable

---

[1] A recitation of these facts can also be found in "Plaintiff's Memorandum of Law in Opposition to Defendant GEICO's Motion to Dismiss Plaintiff's Class Action Complaint" (DE 38) and "Plaintiff's Response to Defendant GEICO's objections to the July 14, 2017 Report and Recommendation" (DE 58).

purchase price less any applicable deductible and depreciation allowances." *Id.* (citing 11 N.Y.C.R.R. § 216.7(c)(3)).

Less than two months after leasing the vehicle, in May 2015, Plaintiff was involved in a roll-over accident and immediately filed proofs of loss and made a claim with her insurer, GEICO, on May 21, 2015. DE 58, at p. 1 (*see also* DE 37-2; Amended Complaint ("Am. Compl.") ¶ 21). GEICO proceeded to negotiate a resolution of her claim with Lexus Financial Services. *Id.* Relying on CCC's flawed market analysis in the CCC ONE Market Valuation Report, GEICO paid $45,924 for the claim, less than the $51,400 purchase price of the vehicle. *Id.* This amount was calculated "by comparing similar vehicles from three local dealers, which were reflective of the market value." R&R, at p. 3; Am. Compl. ¶ 31.

Regulation 64 provides that when there is a total loss to a vehicle of the current model year, the insurer is obligated to pay the insured the "reasonable purchase price" of a new identical vehicle on the date of the loss less any applicable deductible and depreciation allowances. DE 58, at p. 2 (citing 11 NYCRR § 216.7 (c)(3)). Regulation 64 defines a vehicle of the current model year as (1) "a current model year automotive that has not been superseded in the marketplace by an officially introduced succeeding model" or (2) "an automobile of the previous model year purchased new within 90 days prior to the date of loss." 11 NYCRR § 216.7 (c)(3). At the time of the accident, Plaintiff's vehicle met the definition of a current model year vehicle as defined by Regulation 64. DE 58, at p. 2. The mileage on Plaintiff's vehicle was approximately 1,000 miles at the time of the accident. *Id.* Rather than paying Plaintiff the reasonable purchase price of a new, identical vehicle on the date of the loss, less any applicable deductible and depreciation allowances, as required by Regulation 64, GEICO ignored Plaintiff's assertions to the contrary and paid the lease company an adjusted vehicle value based on the adjusted values of comparable vehicles

reflective of the market value. *Id.*

Plaintiff's counsel contacted the GEICO Claims Supervisor on July 1, 2015, demanding that GEICO cover the vehicle as required by Regulation 64. DE 58, at p. 3. However, it was not until March 8, 2016, nearly a year after Plaintiff filed the proofs of her claim and long after the 60 day timeframe of the appraisal provision had expired, that GEICO demanded an appraisal. *Id.*

**PROCEDURAL HISTORY**

On January 15, 2016, Plaintiff brought suit against Defendants GEICO and CCC pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all persons or entities who (1) from 2009 to present, made total-loss claims pursuant to a standard private passenger automobile insurance policy issued by GEICO in the State of New York; and (2) received a claim payment based on a valuation summary that did not follow the required valuation method specified by Regulation 64. Am. Compl. ¶ 38. The parties fully briefed the Defendants' motions to dismiss and the converted summary judgment motion based on their demand for appraisal (DE 33 & 40). The Court referred the motions to Magistrate Judge Brown for a report and recommendation. *See* Oct. 17, 2016 Order.

On July 14, 2017, Magistrate Judge Brown issued the Report and Recommendation, recommending that the Court grant in part and deny in part GEICO's Rule 12(b)(6) Motion to Dismiss and deny GEICO's Motion for Summary Judgment. *See generally* R&R. Specifically, the Magistrate Judge recommended that the Court deny GEICO's motion to dismiss Plaintiff's causes of action for breach of contract and violations of G.B.L. § 349 and deny GEICO's motion for summary judgment based on its demand for appraisal. R&R, at pp. 6-10, 12-14, 16-20. Additionally, the Magistrate Judge recommended that Plaintiff have the opportunity to replead her claims that had been recommended for dismissal. R&R, at p. 20.

On March 31, 2018, Judge Azrack adopted the Report and Recommendation in its entirety,

and: (1) denied GEICO's motion for summary judgment; (2) denied CCC's motion for summary judgment as moot; (3) granted defendants' motion to dismiss the Regulation 64 and negligence claims and GEICO's motion to dismiss the unjust enrichment claim; (4) struck plaintiff's demands for injunctive relief and declaratory judgment; (5) denied, without prejudice, defendants' motions to dismiss the GBL § 349 claims and the CCC's motion to dismiss the unjust enrichment claim; and (6) granted plaintiff leave to replead. DE 62, at pp. 2-3.

On May 7, 2018, Plaintiff filed its Amended Complaint against Defendants. DE 63. That same day, both Defendants filed notices of interlocutory appeal of Judge Azrack's Order. DE 64-65. On April 3, 2019, the Second Circuit issued its opinion affirming this Court's denial of Defendants' motion to compel appraisal. *See Milligan v. CCC Information Services Inc.*, 920 F.3d 146 (2d Cir. 2019). The Second Circuit also held that it lacked jurisdiction to review this Court's rulings on the motions to dismiss the claims in the complaint. *Id.* at 154, fn. 5.

Now, almost four years after Plaintiff's original Complaint was filed, Defendants have submitted new motions to dismiss the Amended Complaint, repeating many of the same arguments that have been repeatedly rejected by this Court. However, there have been no legal or factual developments to suggest that a departure from the Court's previous denials of Defendants' motions to dismiss is appropriate.

## ARGUMENT

### A. Standard of Review

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations in the complaint and draw all reasonable inferences in the plaintiffs favor." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). While a complaint attacked by a Rule

12(b)(6) motion to dismiss "need not provide 'detailed factual allegations,'" *Id.*, it must "amplify a claim with some factual allegations…to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "It is the 'legal feasibility of the complaint,' and not the weight of the evidence, that must be assessed." *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015) (quoting *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010)).

## POINT I

### Plaintiff Has Stated A Viable Claim for Breach of Contract

#### A. Plaintiff's Breach of Contract Cause of Action Should be Upheld

To prevail on a breach of contract claim under New York law, a plaintiff must prove (1) the existence of a contract, (2) performance of the contract by one party, (3) breach by the other party, and (4) damages. *Terwiliger v. Terwiliger*, 206 F.3d 240, 245-46 (2d Cir. 2000). Moreover, "[e]xisting and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and, together with settled judicial constructions thereof, become a part of the contract as much as if they were actually incorporated therein." *Sec. Mut. Life Ins. Co. of New York v. Rodriguez*, 65 A.D.3d 1, 6 (2009); *Trizzano v. Allstate Ins. Co.*, 7 A.D.3d 783, 785 (2004) ("Applicable provisions of the Insurance Law are deemed to be part of an insurance contract as though written into it."); *see also* R&R, at p. 6. Additionally, when in conflict with a regulation, an insurance policy that "is less generous to the insured is unenforceable and superseded by the regulation." *Liberty Mut. Fire Ins. Co. v. Nat'l Cas. Co.*, 90 A.D.3d 859, 860-61 (2011). As a result, Regulation 64 has the same effect as a contractual provision and effectively became part of the insurance policy.[2]

_____

[2] The Second Circuit Court of Appeals, in denying GEICO's demand for appraisal, explained that "[t]he dispute here concerns the meaning of 'the reasonable purchase price to the insured on the

5

The interpretation of the Regulation is the central dispute in the breach of contract claim. As Judge Brown explained in the Report and Recommendation, the competing theories over the interpretation of the Regulation are properly analyzed in a motion for summary judgment, not a motion to dismiss. *See* R&R, at p. 7. The Court, at the motion to dismiss stage, need not look any further than the well-pleaded allegations of the complaint and the Court must assume they are true. *Id.* at pp. 7-8. Since Plaintiff has alleged that GEICO improperly used the "adjusted vehicle value" or "market value" calculation methodology instead of the statutorily-required "reasonable purchase price" methodology, and that, as a result, GEICO "fail[ed] to fully compensate [claimants] for the true vehicle replace value," GEICO's motion should be denied. *Id.* at p. 8; *see also* Am. Compl. ¶¶ 17, 24, 50-54. Nothing in the Second Circuit Court of Appeals' opinion, which solely analyzed whether Defendants' demands for appraisal were properly denied, supports the dismissal of Plaintiff's breach of contract claim.

Similarly, GEICO's reliance on the "Right of Recourse" provision (NYCRR § 216.7(c)(4)) is misplaced and unpersuasive. Not only is the provision not applicable to this dispute, since § 216.7(c)(3) contains explicit language that governs "private passenger automobile[s] of the current model year," but GEICO has wrongly interpreted § 216.7(c)(4). The Right of Recourse provision reads: "[i]f, within 35 calendar days after mailing of the claim payment, the insured notifies the insurer in writing that the insured cannot purchase a comparable vehicle for the market value, as determined under the provisions of subparagraph (1)(i), (ii), (iii) or (v) *or* paragraph (3) of this subdivision…" § 216.7(c)(4)(emphasis added). GEICO's strained interpretation of the provision

---

date of loss of a new identical vehicle.' That is a legal question requiring the interpretation of Regulation 64." *Milligan*, 920 F.3d at 146. The Second Circuit did not, as GEICO suggests, order that this Court must decide the issue as a "threshold legal inquiry." *See* GEICO's Motion to Dismiss, at p. 11.

ignores the clear distinction between "subparagraph 1(i), (ii), (iii), or (v)" and "paragraph 3." The inclusion of the second "or" would be illogical under GEICO's construction of the provision. The phrase "market value" only applies to subparagraph 1(i), (ii), (iii), and (v), not to paragraph 3 which includes its own explicit calculation methodology – "reasonable purchase price."

At a minimum, GEICO is suggesting that Regulation 64 is ambiguous and "any ambiguity must be construed in favor of the insured and against the insurer." *Concordia General Contracting Co., Inc. v. Preferred Mut. Ins. Co.*, 146 A.D.3d 932, 934 (N.Y. Supr. Ct. 2017) (citing *White v. Continental Cas. Co.*, 9 N.Y.3d 264, 267 (N.Y. Ct. App. 2007)). Additionally, an ambiguous contract "presents a question of fact, which of course precludes summary dismissal." *Symquest Group, Inc. v. Canon U.S.A., Inc.*, 186 F. Supp. 3d 257, 264 (E.D.N.Y. 2016) (citing *Crowley v. VisionMaker, LLC*, 512 F. Supp. 2d 144, 152 (S.D.N.Y. 2007)).

The Amended Complaint identifies an agreement between GEICO and Plaintiff; performance by Plaintiff in that she performed all conditions precedent to GEICO's liability under the GEICO Policy, including the payment of all premiums necessary to keep the policies in effect; breach by Defendant's failure to fully compensate Plaintiff and the Class for the true vehicle replacement value as required by Regulation 64; and damages resulting from Defendant's breach. Therefore, Plaintiff properly pled a breach of contract claim, and GEICO's motion should be denied.

**B. Plaintiff is Entitled to Consequential Damages and Punitive Damages in Connection with her Breach of Contract Claim**

Plaintiff is entitled to consequential and punitive damages and New York courts have consistently allowed insureds to recover these types of damages when an insurer has breached a contract. *See Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008) (affirming decision that "an insured may recover foreseeable damages, beyond the limits of its policy, for

breach of a duty to investigate, bargain for and settle claims in good faith"); *Bi-Economy Mkt., Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187 (2008) (holding that consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context…). It is well established that on a motion to dismiss, "the pleading is afforded a liberal construction, facts as alleged in the complaint are accepted as true, plaintiffs are afforded the benefit of every possible favorable inference, and the motion court must only determine whether the facts alleged fit within any cognizable legal theory." *D.K. Property, Inc. v. National Union Fire Insurance Company of Pittsburgh*, 168 A.D.3d 505, 506 (N.Y. Supr. Ct. 2019). Further, "a determination of whether such damages were [] foreseeable should not be decided on a motion to dismiss and must await a fully developed record" and "[t]here is no heightened pleading requirement for consequential damages." *Id.* at 507.

As for punitive damages, New York law has established that punitive damages are properly brought when "the very nature of a contractual obligation, and the public interest in seeing it performed with reasonable care, . . . gives rise to a duty of reasonable care in performance of the contract obligations, and the breach of that independent duty will give rise to a tort claim." *Mindset Ltd. v. Quality Controlled Biochemicals, Inc.*, Case No. 99 Civ. 6070, 2000 WL 28167, at *3 (S.D.N.Y. Jan. 14, 2000) (citing *New York University v. Continental Ins. Co.*, 639 N.Y.S.2d 283, 287 (1995)). Plaintiff has brought her claims on behalf of herself and all others similarly situated because GEICO and CCC's coordination to deprive Class members of compensation they are entitled to, while failing to fulfill their duty of reasonable care, constitutes violations of the public interest and is clearly part of a "pattern of similar conduct directed at the public generally." GEICO's Motion to Dismiss, at p. 15 (citing *Rocanova v. Equitable Life Assurance Soc'y of the U.S.*, 83 N.Y.2d 603, 613 (1994)). Thus, Plaintiff can seek both consequential and punitive

damages.

## POINT II

### Plaintiff May Bring a Private Cause of Action for a Violation of Insurance Regulation § 216.7 ("Regulation 64")

While Regulation 64 does not expressly provide for a private right of action, a private right of action is implied. *See, e.g..*, *Maimonides Medical Center v. First United American Life Insurance Company*, 116 A.D.3d 207 (2d Dept. 2014). In *Maimonides*, the court explained that "[w]here a statute does not expressly confer a private cause of action upon those it intended to benefit, a private party may seek relief under the statute only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Id.* at 211 (citations omitted). This inquiry involves three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Id.* The third factor is critical, as "a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the legislature or with some other aspect of the overall statutory scheme." *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 15 (2d Dept. 2008).

In *Maimonides*, the court found that there was a private cause of action under Insurance Law 3224-a, known as the Prompt Pay Law, which sets forth standards for the payment of health care claims by health insurance companies. The court held that because section 3224-a made insurance companies subject to specific requirements and vested rights in the policyholder, it impliedly created a private cause of action: "[3224-a(c)(1)] does impose specific duties upon insurers and creates rights in patients and health care providers, and thus militates in favor of the recognition of an implied private right of action to enforce such rights." *Maimonides*, 116 A.D.3d

at 214; *see also AHA Sales, Inc.*, 58 A.D.3d at 6 (holding that a sales representative has an implied private right of action to enforce Labor Law 191-b which sets forth requirements for a principal to pay commissions to a sales representative).

The court in *Maimonides* cited to *Henry v. Isaac*, 214 A.D.2d 188 (2d Dept. 1995), which held that there was an implied right of a private cause of action under Social Services Law article 7 for an adult-care facility resident against the facility for failure to provide services and levels of care required by the statute, even though the Department of Social Services had broad authority to enforce the requirements of the statute. *Maimonides*, 116 A.D.3d at 214-15. The court found that "the statute did more than create an enforcement mechanism. It afforded residents of such facilities certain rights and the entitlement to certain services" and so a private right of action was "consistent with the legislative scheme." *Id.* at 215.

Plaintiff has satisfied all three of the factors set out in *Meimonides* and a private right of action under Regulation 64 is consistent with the legislative scheme. Regulation 64 is intended to benefit claimants like Plaintiff, who attempt to obtain a benefit from the insurer. The purpose of the statute is to prohibit insurers from engaging in unfair claims settlement practices. That purpose is furthered by a private cause of action by a claimant who has received an unfair claim settlement that violates any provision in the statute. Finally, according to the Regulatory Impact Statement for the Fifteenth Amendment to Regulation 64, the statute aids consumers by regulating "an insurance company's obligation to deal fairly with claimants and policyholders in the settlement of claims . . . [The regulation] reflects the Legislature's concerns with insurance claims practices of insurers." Allowing a private cause of action under Regulation 64 "would be consistent with the over-all legislative scheme." *Brian Hoxie's Painting Co. v. Cato-Meridian Cent. School Dist.*, 76 N.Y.2d 207, 212 (1990); *see also Ader v. Guzman*, 135 A.D.3d 671, 672-73 (N.Y. App. Div. 2016)

(affirming the lower court's grant of summary judgment in the plaintiff's favor because an implied private right of action exists where it's fairly implied in the statutory provisions and legislative history).

## POINT III

### Plaintiff Has Sufficiently Stated a Claim for Negligence

As Judge Brown explained in the Report and Recommendation, a plaintiff can bring an independent claim for negligence, separate from its claim of breach of contract, when:

> [A] person contracts to do certain work he is charged with the common law duty of exercising reasonable care and skill in the performance of the work required to be done by the contract. It is the breach of the duty imposed by law and not of the contract obligation which constitutes the tort.

R&R, at p. 11 (citing *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 602 (2d Cir. 1989)). Plaintiff has alleged in the Amended Complaint that "Geico owed Plaintiff and members of the Class a duty to provide accurate vehicle information for the purposes of resolving claims. GEICO had a further duty to supervise and verify that CCC was providing valuations correctly in a respondent superior capacity." Am. Compl. ¶ 84. "GEICO breached this duty because they used CCC to provide vehicle valuations and CCC provided these valuations in a negligent manner." Am. Compl. ¶ 85.

"A contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract." *Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 552 (N.Y. App. 1992) (quoting *North Shore Bottling Co. v. Schmidt & Sons*, 22 N.Y.2d 171, 179 (N.Y. App. 1968)).

It is also clear, under New York law, that a party may be liable for the negligence of independent contractors when the employer "(1) is under a statutory duty to perform or control the work" or "(2) has assumed a specific duty by contract…" *Sage Enterprises, Inc. v. Wells Fargo*

*Alarm Services, Inc.*, 1996 WL 1057144, at *7 (E.D.N.Y. June 20, 1996) (citing *Parsons v. City of New York*, 195 A.D.2d 282 (1st Dep't 1995)). GEICO was under a statutory duty to comply with Regulation 64 and pay the insured the reasonable purchase price of a new identical vehicle on the date of the loss less any applicable deductible and depreciation allowances. Am. Compl. ¶ 17 (citing 11 NYCRR § 216.7(c)(3)). Instead, GEICO relied on the improper calculation by CCC, which it contracted to prepare the valuation. Similarly, GEICO assumed a specific duty, by contract, by agreeing, in the GEICO Policy, to abide by all New York insurance laws and regulations, including Regulation 64. It can also be assumed that GEICO and CCC have entered into a contract for CCC's valuation services. Without the benefit of discovery, Plaintiff has been unable to view this contract to determine whether additional duties have been created for GEICO which it has failed to fulfill.

Plaintiff and Class members are third-party beneficiaries to the contract between GEICO and CCC. *See* Am. Compl. ¶ 67. "CCC undertook to perform vehicle valuations in order that insurance claims would be paid to people, such as Plaintiff and the putative class." Am. Compl. ¶ 68. GEICO owed a duty to Plaintiff and the putative class, independent of the contract, to ensure that the appraisal was being conducted properly and accurately. Its failure to fulfill this duty satisfies a claim for negligence.

## POINT IV

### Plaintiff Has Sufficiently Stated a Claim Under General Business Law § 349

Plaintiff's claim under G.B.L. § 349 should be upheld and GEICO's Motion to Dismiss should be denied. Under G.B.L. § 349, "[d]eceptive acts and practices in the conduct of any business, trade or commerce or in the furnishing of any service" are unlawful. As stated by the New York Court of Appeals, Section 349 has a broad "consumer-protective purpose" and it exists to ensure that "'[c]onsumers have the right to an honest marketplace where trust prevails between

buyer and seller.'" *Oswego Laborer's Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995) (quoting Mem. of Governor Rockefeller, 1970 N.Y. Legis. Ann., at 472).

### A. Plaintiff has Adequately Pled Materially Deceptive Conduct

Despite GEICO's misinterpretation of the Amended Complaint, GEICO clearly "engaged in a systematic scheme to deceive Plaintiff and members of the Class and failed to fully compensate them for the loss of their vehicles as required by Regulation 64." Am. Compl. ¶ 92. Specifically, GEICO failed to pay Plaintiff "the reasonable purchase price of a new identical vehicle…less any applicable deductible and depreciation allowances" as required by Regulation 64. Am. Compl. ¶ 17. Plaintiff was issued a claim payment by GEICO that was inconsistent with the current model year replacement value procedure required by Regulation 64. There was clearly an inference of knowing deception when Defendant failed to follow the proper procedure required by Regulation 64. *See Ward v. TheLadders.com, Inc.*, 3 F. Supp. 3d 151, 169 (S.D.N.Y. 2014) (disclosure was not a defense where services were defective and knowingly deceptive); *see also Riordan v. Nationwide Mut. Fire Ins. Co.*, 756 F. Supp. 732, 738 (S.D.N.Y. 1990) (where a plaintiff's alleged injury results from an insured's "settlement practice and policy violative of the New York Insurance Law [, the allegation] easily satisfies the elements of a claim under Section 349 since plaintiffs allege deceptive practices expressly proscribed by the Insurance Law."); *Id.* at 737 ("The statute contains no requirement that a plaintiff demonstrate that the deceptive practice was intentional or reckless, or constituted fraud in order to state a valid claim for relief, although the Court may consider such factors in determining whether to award treble damages or attorneys' fees.").

GEICO violated New York insurance law when it relied on an unlawful report to determine

the amount owed to Plaintiff. GEICO clearly held itself out as complying with the provisions of the Policy and the law, an act "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2nd Cir. 2009); *see also* R&R, at p. 13 (holding that these allegations "clearly state a pattern of conduct that could well violate the prescriptions of GBL § 349" … as it involves "the underpayment of claims and provision of valuation reports intended to mislead the policy holder as to the actual amounts owed."). This conduct was deceptive and misleading and Plaintiff's G.B.L. § 349 claim should not be dismissed.

### B. Plaintiff has Alleged a Free-Standing Claim of Deceptive Conduct

Plaintiff's claim revolves around Defendant's failure to provide adequate insurance coverage and that Plaintiff and Class members did not contract for the coverage received. Plaintiff claims that Defendant deceived claimants and failed to fully compensate them for the true vehicle replacement value in violation of its obligations under the GEICO Policy and New York law. *See* Am. Compl. ¶¶ 2, 90-95.

Confusingly, Defendant relies on *Nick's Garage v. Progressive*, 875 F.3d 107 (2d Cir. 2017), which overturned summary judgment that had been granted to Progressive and held that there was a genuine issue of fact as to whether Progressive engaged in misleading practices. *Id.* at 124. Specifically, the Second Circuit held that plaintiff had put forth evidence that could establish "that insurer routinely refused to pay the prevailing competitive labor rates…" *Id.* ("The essence of Garage's claims is that Insurer *did not do* what its policy said it would do and that the rates listed on Insurer's estimates did not represent the prevailing competitive labor rates, as they purported to do."). Additionally, *Nick's Garage* concerned a summary judgment ruling, while this case is still at the pleading stage. *See* R&R, at p. 13 (holding that these allegations "clearly state a pattern of conduct that could well violate the prescriptions of GBL § 349").

Plaintiff has alleged that GEICO has "routinely refused" to issue payment to Plaintiff and Class members as a result of the improper calculation methodology in violation of Regulation 64. Essentially, GEICO did not do what it's Policy said it would do – issue total loss reimbursement in compliance with New York insurance law.

Similarly, Defendant's argument that this claim should be dismissed because "the allegedly deceptive act or practice is fully disclosed" is also unpersuasive. DE 79, at p. 22. To the contrary, CCC's MVR and its calculation method were not fully disclosed. The fact that CCC provided Plaintiff with a CCC ONE Market Valuation Report (Am. Compl. ¶ 30), after the calculation was completed, with an improper and illegal calculation method, does not absolve Defendants from liability. This is especially true because the CCC ONE Market Valuation Report (DE 45, at p. 48) explicitly states that "[r]egulations concerning vehicle value include New York Regulation 11 NY ADC 216.7, Regulation 64," even though this is not true. The decision in *Derbaremdiker v. Applebee's Int'l, Inc.*, 2012 WL 4482057 (E.D.N.Y. Sept. 26, 2012) does not apply here, because the alleged wrongful acts in *Applebee's* were not "misleading," "false," or "inconsistent." *Id.* at *5 (holding that "in other words, the plaintiff received exactly what was represented to him"). GEICO and CCC's conduct, in violation of the GEICO Policy, New York insurance law, and the CCC ONE Market Valuation Report, is clearly distinctive from the conduct at issue in *Applebee's*.

Further, as the court in *Riordan* explained, when a plaintiff's alleged injury results from an insured's "settlement practice and policy violative of the New York Insurance Law [the allegation] easily satisfies the elements of a claim under Section 349 since plaintiffs allege deceptive practices expressly proscribed by the Insurance Law." *Riordan*, 756 F. Supp. at 738 ("The Court thus has little difficulty in concluding that a policy and practice of violating New York Insurance Law § 2601 and the rules promulgated thereunder, as alleged by plaintiffs, if proven, constitutes a

'deceptive business practice' sufficient to satisfy the requirements of Section 349."). Moreover, the Appellate Division for the Second Department has explicitly held that claims pursuant to GBL 349 "do not need to be based on an independent private right of action." *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 163, 893 N.Y.S.2d 208 (2010) (citing *Farino v. Jiffy Lube Intl.*, 298 A.D.2d 553, 554 (2002)).

GEICO's motion to dismiss Plaintiff's claim under GBL § 349 should be denied.

## POINT V

### Plaintiff's Claims for Declaratory and Injunctive Relief are Proper

"[A] district court must entertain a declaratory judgment action when (1) 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue,' or (2) 'when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996).

A declaratory judgment and injunctive relief in Plaintiff's favor will serve the important purpose of ensuring that Defendants will not continue to improperly interpret Regulation 64 when determining the appropriate reimbursement to insureds. Plaintiff's other claims seek monetary relief for GEICO's illegal conduct thus far which has resulted in damages to Plaintiff and class members. Declaratory and injunctive relief will ensure that Defendants properly interpret Regulation 64 moving forward. This claim will help to prevent against the future defrauding of consumers.

Rule 57 of the Federal Rules of Civil Procedure provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," Fed. R. Civ. P. 57, and courts have commonly upheld claims for declaratory and injunctive relief in cases where the plaintiff also brought other claims, such as breach of contract. *See, e.g., USHA Holdings, LLC v. Franchise India Holdings, Limited*, Case No. 12 CV 3492, 2015 WL 13741743, at *15

(E.D.N.Y. Sept. 11, 2015) (holding that "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate, even though the fact that a lawsuit has been filed that will necessarily settle the issues for which declaratory judgment is sought suggest that the declaratory judgment will serve no useful purpose"); *Sasson v. Mann*, Case No. 15-CV-6601, 2019 WL 3532155, at *13 (S.D.N.Y. Aug. 2, 2019); *Brooklyn Navy Yard Development Corp. v. Harbor Diesel Fuel Services, Inc.*, Case No. CV 10-5715, 2014 WL 4364628, at *8 (E.D.N.Y. Aug. 1, 2014).

## POINT VI

### Plaintiff Has Properly Brought a Claim for Unjust Enrichment

Plaintiff's unjust enrichment claim against GEICO is an alternative theory of liability to the breach of contract claim. *See Kermanshah v. Kermanshah*, Case No. 08-CV-409, 2010 WL 1904135, at *6 (S.D.N.Y. 2010) (holding that a plaintiff may raise both breach of contract and unjust enrichment claims). This claim should be upheld at this stage of the litigation because the Court has not yet made any conclusions of law. *Nat'l City Commercial Capital Co., LLC v. Glob. Golf, Inc.*, Case No. 09-CV-0307, 2009 WL 1437620, at *1 (E.D.N.Y. May 20, 2009); *see also* Fed. R. Civ. P. 8(d); *Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 39-40 (S.D.N.Y. 1991) ("Both Fed. R. Civ. P. 8(e)(2) and the pleading rules of New York State law permit the pleading of contradictory claims alleging both breach of a contract, or, in the alternative, a quasi contract."). Since GEICO has moved to dismiss Plaintiff's breach of contract claim, the unjust enrichment claims should survive GEICO's motion to dismiss.

## CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny GEICO's Motion to Dismiss in its entirety and grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 12, 2019          Respectfully submitted:

**THE MILLER LAW FIRM, P.C.**
Attorneys for Plaintiff and Putative Class

By: /s/ *Sharon S. Almonrode*
Sharon S. Almonrode (NY Bar ID 837436;
SA4748)
Marc L. Newman
950 West University Drive
Rochester, MI 48307
248-841-2200
ssa@millerlawpc.com
mln@millerlawpc.com

Ari Kresch (NY Bar ID 1308931)
EXCOLO LAW GROUP
26700 Lahser Rd.
Southfield, MI 48033-2608
248-565-2099

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2019 I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

/s/ *Sharon S. Almonrode*_____
Sharon S. Almonrode (NY Bar ID 837436; SA4748)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
ssa@millerlawpc.com