UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORENA M. MILLIGAN, individually and on
Behalf of all others similarly situated,

        Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY and CCC INFORMATION
SERVICES, INC.

        Defendants.

Case No. 2:16-cv-00240-DLI-RML

Judge Dora L. Irizarry

Magistrate Judge Robert M. Levy

# PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT CCC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS <u>PLAINTIFF'S COMPLAINT</u>

**THE MILLER LAW FIRM, P.C.**
Sharon S. Almonrode (NY Bar ID 837436; SA4748)
Marc L. Newman
950 West University Drive
Rochester, MI 48307
248-841-2200
ssa@millerlawpc.com
mln@millerlawpc.com

Ari Kresch (NY Bar ID 1308931)
EXCOLO LAW GROUP
26700 Lahser Rd.
Southfield, MI 48033-2608
248-565-2099

*Attorneys for Plaintiff and Putative Class*

Dated: November 12, 2019

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................. 1

III. PROCEDURAL HISTORY ................................................................................................ 3

IV. LEGAL STANDARD ......................................................................................................... 4

V. ARGUMENT ...................................................................................................................... 5

   A. Plaintiff Properly Alleges She is A Third-Party Beneficiary to an Agreement Between GEICO and CCC............................................................................................. 5

   B. Plaintiff's Negligence Claim is Proper Because CCC, as a Professional Appraiser, Owed a Duty to Plaintiff................................................................................................ 7

   C. Plaintiff Properly Alleges Deceptive Conduct in Violation of GBL § 349 ........................ 8

   D. Plaintiff's Unjust Enrichment Claim is Proper ................................................................. 10

   E. Plaintiff May Bring a Private Cause of Action for a Violation of Insurance Regulation § 216.7 ("Regulation 64")............................................................................... 11

   F. Plaintiff's Request for Declaratory and Injunctive Relief is Proper ................................. 13

VI. CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

**Cases**

*Ader v. Guzman*, 135 A.D.3d 671 (N.Y. App. Div. 2016) .................................................. 13
*AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6 (2d Dept. 2008) ................. 11, 12
*Allstate Ins. Co. v. Foschio*, 462 N.Y.S.2d 44 (2d Dep't 1983) ............................................ 8
*Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440 (E.D.N.Y. 2015) ............................. 4
*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ............................................................ 4
*Brian Hoxie's Painting Co. v. Cato-Meridian Cent. School Dist.*, 76 N.Y.2d 207 (1990) .......... 13
*Brooklyn Navy Yard Development Corp. v. Harbor Diesel Fuel Services, Inc.*, Case No. CV 10-5715, 2014 WL 4364628 (E.D.N.Y. Aug. 1, 2014) .................................................. 14
*Carias v. Monsanto Co.*, No. 15CV3677JMAGRB, 2016 WL 6803780 (E.D.N.Y. Sept. 30, 2016) ........................................................................................................................ 10
*Chambers v. Exec. Mortg. Corp.*, 229 A.D.2d 416, 645 N.Y.S.2d 91 (1996) ....................... 7
*DiFolco v. MSNBC Cable LLC*, 622 F.3d 104 (2d Cir. 2010) ............................................... 4
*Farash v. Sykes Datatronics*, 59 N.Y.2d 500, 465 N.Y.S.2d 917, 452 N.E.2d 1245 (1983) ....... 10
*Farino v. Jiffy Lube Intl.*, 298 A.D.2d 553 (2002) ................................................................ 9
*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467 (S.D.N.Y. 2014) ......................................................................................................................... 10
*Henry v. Isaac*, 214 A.D.2d 188 (2d Dept. 1995) ............................................................... 12
*In re Houbigant Inc.*, 914 F.Supp. 964 (S.D.N.Y. 1995) ...................................................... 5
*Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) .......................................................... 4
*Jones v. Bank of Am. Nat. Ass'n*, 97 A.D.3d 639, 949 N.Y.S.2d 76 (2012) ........................ 7
*Maimonides Medical Center v. First United American Life Insurance Company*, 116 A.D.3d 207 (2d Dept. 2014) ................................................................................................... 11, 12
*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 944 N.E.2d 1104 (2011) ................. 6
Martin H. Bauman Assoc. v. H & M Intl. Transp., 171 A.D.2d 479, 567 N.Y.S.2d 404 (1991) . 10
*Milligan v. CCC Information Services Inc.*, 920 F.3d 146 (2d Cir. 2019) ............................ 4
*North Shore Bottling Co. v. Schmidt & Sons*, 22 N.Y.2d 171 (N.Y. App. 1968) ................... 8
*Oswego Laborer's Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ................................................................................................... 8
*Paramount Film Distrib. Corp. v. State of New York*, 30 N.Y.2d 415, 334 N.Y.S.2d 388, 285 N.E.2d 695 (1972), cert. denied 414 U.S. 829, 94 S.Ct. 57, 38 L.Ed.2d 64 (1973) ......... 11
*Prudential Ins. Co. v. Dewey, Ballantine, Bushby, Palmer & Wood*, 80 N.Y.2d 377, 590 N.Y.S.2d 831, 605 N.E.2d 318 (N.Y. Ct. App. 1992) ..................................................... 7
*Riordan v. Nationwide Mut. Fire Ins. Co.*, 756 F. Supp. 732 (S.D.N.Y. 1990) ................. 8, 9
*Rodin Properties-Shore Mall, N.V. v. Ullman*, 264 A.D.2d 367 (1999) ........................ 6, 7, 8
*Ruotolo v. City of New York,* 514 F.3d 184 (2d Cir. 2008) .................................................. 4
*Sasson v. Mann*, Case No. 15-CV-6601, 2019 WL 3532155 (S.D.N.Y. Aug. 2, 2019) ......... 14
*Simonds v. Simonds*, 45 N.Y.2d 233, 408 N.Y.S.2d 359, 380 N.E.2d 189 (1978) ................ 10
*Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540 (N.Y. App. 1992) ..................................... 8
*Spagnola v. Chubb Corp.*, 574 F.3d 64 (2nd Cir. 2009) ...................................................... 9

*Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996) ........................................................ 13
*Stewardship Credit Arbitrage Fund LLC v. Charles Zucker Culture Pearl Corp.*, 31 Misc. 3d
    1223(A), 929 N.Y.S.2d 203 (Sup. Ct. 2011) ............................................................................ 5, 6
*Strauss v. Belle Realty Co.*, 98 A.D.2d 424, 469 N.Y.S.2d 948 (2d Dept. 1983) ............................ 5
*USHA Holdings, LLC v. Franchise India Holdings, Limited*, Case No. 12 CV 3492, 2015 WL
    13741743 (E.D.N.Y. Sept. 11, 2015) ......................................................................................... 14
*William Wrigley Jr. Co. v. Waters*, 890 F.2d 594 (2d Cir. 1989) .................................................... 8
*Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 893 N.Y.S.2d 208 (2010) ........................................... 9

**Statutes**

11 N.Y.C.R.R. § 216.7(c)(3) ................................................................................................. 1, 2, 10
N.Y. Gen. Bus. Law ("GBL") § 349 .................................................................................... passim

**Rules**

Fed. R. Civ. P. 57 ............................................................................................................................ 13
Fed. R. Civ. P. Rule 12(b)(6) .......................................................................................................... 4

## I. INTRODUCTION

Plaintiff Lorena M. Milligan ("Plaintiff") submits this Response in Opposition to Defendant CCC Information Services Inc.'s ("CCC") Motion and Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint ("CCC's Motion to Dismiss"), Docket Entry ("DE") 81. For the reasons set forth herein, Plaintiff respectfully requests that the Court deny CCC's Motion to Dismiss in its entirety.

As thoroughly explained in Judge Brown's Report and Recommendation ("R&R") (DE 55) and Judge Azrack's Order ("Judge Azrack's Order") (DE 62), Plaintiff has sufficiently pled her claims for violation of N.Y. Gen. Bus. Law ("GBL") § 349 and unjust enrichment. Additionally, Plaintiff has cured any previous deficiencies in her Amended Complaint and her claims for violation of 11 N.Y.C.R.R. § 216.7(c)(3) ("Regulation 64"), breach of contract, negligence, and her claim for declaratory and injunctive relief should proceed to discovery.

## II. STATEMENT OF FACTS

Plaintiff purchased a 2015 Lexus (the "vehicle") on or about March 23, 2015. DE 58, at p. 1. The lease agreement with Lexus Financial services showed the purchase price of the car as $51,400. *Id*. The vehicle was a current model year vehicle insured by GEICO. R&R, at p. 3. The GEICO Policy (the "Policy") (DE 37-4) covered bodily injury and property damage for the period from January 27, 2015 to January 27, 2016 relating to her 2015 Lexus. *Id*. The Policy was governed by New York state insurance regulations, including Regulation 64 which "requires an insurer, in the case of a total loss, to reimburse the owner of a current model year vehicle the reasonable purchase price less any applicable deductible and depreciation allowances." *Id*. (citing 11 N.Y.C.R.R. § 216.7(c)(3)).

Less than two months after leasing the vehicle, in May 2015, Plaintiff was involved in a roll-over accident and immediately filed proofs of loss and made a claim with her insurer, GEICO,

on May 21, 2015. DE 58, at p. 1 (see also DE 37-2; Amended Complaint ("Am. Compl.") ¶ 21). The insurer proceeded to negotiate a resolution of her claim with Lexus Financial Services. *Id*. In order to provide total-loss valuations to compute Plaintiff's vehicle replacement value, GEICO contracted with CCC. Am. Compl. ¶ 23. Relying on CCC's flawed market analysis in the CCC ONE Market Valuation Report that was also provided to Plaintiff, GEICO paid $45,924 for the claim, less than the $51,400 purchase price of the vehicle. *Id*. This amount was calculated "by comparing similar vehicles from three local dealers, which were reflective of the market value." R&R, at p. 3; Am. Compl. ¶ 31.

Regulation 64 provides that when there is a total loss to a vehicle of the current model year, the insurer is obligated to pay the insured the "reasonable purchase price" of a new identical vehicle on the date of the loss less any applicable deductible and depreciation allowances. DE 58, at p. 2 (citing 11 NYCRR § 216.7 (c)(3)). Regulation 64 defines a vehicle of the current model year as (1) "a current model year automotive that has not been superseded in the marketplace by an officially introduced succeeding model" or (2) "an automobile of the previous model year purchased new within 90 days prior to the date of loss." 11 NYCRR § 216.7 (c)(3). At the time of the accident, Plaintiff's vehicle met the definition of a current model year vehicle as defined by Regulation 64. DE 58, at p. 2. The mileage on Plaintiff's vehicle was approximately 1,000 miles at the time of the accident. *Id*.

Rather than paying Plaintiff the reasonable purchase price of a new, identical vehicle on the date of the loss, less any applicable deductible and depreciation allowances, as required by Regulation 64, GEICO ignored Plaintiff's assertions to the contrary and paid the lease company an adjusted vehicle value, prepared by CCC, based on the adjusted values of comparable vehicles reflective of the market value.

## III. PROCEDURAL HISTORY

On January 15, 2016, Plaintiff brought suit against Defendants GEICO and CCC pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all persons or entities who (1) from 2009 to present, made total-loss claims pursuant to a standard private passenger automobile insurance policy issued by GEICO in the State of New York; and (2) received a claim payment based on a valuation summary that did not follow the required valuation method specified by Regulation 64. Am. Compl. ¶ 38. The parties fully briefed the Defendants' motions to dismiss and the converted summary judgment motion based on its demand for appraisal (DE 33 & 40). The Court referred the motions to Magistrate Judge Brown for a report and recommendation. See Oct. 17, 2016 Order.

On July 14, 2017, Magistrate Judge Brown issued the Report and Recommendation recommending that the Court grant in part and deny in part CCC's Rule 12(b)(6) Motion to Dismiss. See generally R&R. Specifically, the Magistrate Judge recommended that the Court deny CCC's motion to dismiss Plaintiff's causes of action for violations of G.B.L. § 349 and unjust enrichment. R&R, at pp. 12-14, 14-15. Additionally, the Magistrate Judge recommended that Plaintiff have an opportunity to replead her claims that had been recommended for dismissal. R&R, at p. 20.

On March 31, 2018, Judge Azrack adopted the Report and Recommendation in its entirety, and: (1) denied GEICO's motion for summary judgment; (2) denied CCC's motion for summary judgment as moot; (3) granted Defendants' motions to dismiss the Regulation 64 and negligence claims and GEICO's motion to dismiss the unjust enrichment claim; (4) struck plaintiff's demands for injunctive relief and declaratory judgment; (5) denied, without prejudice, defendants' motions

to dismiss the GBL § 349 claims and the CCC's motion to dismiss the unjust enrichment claim; and (6) granted plaintiff leave to replead. DE 62, at pp. 2-3.

On May 7, 2018, Plaintiff filed its Amended Complaint against Defendants. DE 63. That same day, both Defendants filed notices of interlocutory appeal of Judge Azrack's Order. DE 64-65. On April 3, 2019, the Second Circuit issued its opinion affirming this Court's denial of Defendants' motion to compel appraisal. *See Milligan v. CCC Information Services Inc.*, 920 F.3d 146 (2d Cir. 2019). The Second Circuit also held that it lacked jurisdiction to review this Court's rulings on the motions to dismiss the claims in the complaint. *Id*. at fn. 5.

Now, almost four years after Plaintiff's original Complaint was filed, Defendants have submitted new motions to dismiss the Amended Complaint, repeating many of the same arguments that have been repeatedly rejected by this Court. However, there have been no legal or factual developments to suggest that a departure from the Court's previous denials of Defendants' motions to dismiss is appropriate.

## IV. LEGAL STANDARD

In deciding a motion to dismiss under Fed. R. Civ. P. Rule 12(b)(6), a court must "accept all factual allegations in the complaint and draw all reasonable inferences in the plaintiffs favor." *Ruotolo v. City of New York,* 514 F.3d 184, 188 (2d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss "need not provide 'detailed factual allegations." *Id*. quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Rather, it must merely "amplify a claim with some factual allegations ... to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). "It is the 'legal feasibility of the complaint,' and not the weight of the evidence, that must be assessed." *Belfiore v. Procter & Gamble Co.*, 94 F. Supp. 3d 440, 446 (E.D.N.Y. 2015) (quoting *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 113 (2d Cir. 2010)). As amply

demonstrated below, Plaintiff has stated legally sufficient claims, and CCC's motion to dismiss should be denied.

## V. ARGUMENT

### A. Plaintiff Properly Alleges She is A Third-Party Beneficiary to an Agreement Between GEICO and CCC

It is "well-settled that the obligation to perform to [a] third party beneficiary need not be expressly stated in the contract." *In re Houbigant Inc.*, 914 F.Supp. 964, 985 (S.D.N.Y. 1995). Furthermore, it is "well established that courts may look at the surrounding circumstances as well as the agreement when determining whether a third party beneficiary exists." *Id*. A third party asserting its status as a beneficiary must merely demonstrate that the contracting parties intended to benefit the third party. *Strauss v. Belle Realty Co.*, 98 A.D.2d 424, 426–27, 469 N.Y.S.2d 948 (2d Dept. 1983). Plaintiff's allegations corroborate the fact that she was a third-party beneficiary to an agreement between GEICO and CCC.

At the outset, CCC incorrectly argues that Plaintiff's third-party beneficiary claim fails at the pleading stage, because Plaintiff is unable to provide the granular details of an unavailable contract between GEICO and CCC. However, Plaintiff is not required to articulate the specific terms of the contract between GEICO and CCC because Plaintiff does not have access to the relevant agreement. *See, e.g.*, *Stewardship Credit Arbitrage Fund LLC v. Charles Zucker Culture Pearl Corp.*, 31 Misc. 3d 1223(A), 929 N.Y.S.2d 203 (Sup. Ct. 2011) ("At this pre-discovery stage of the litigation, the amended complaint adequately alleges a breach of contract claim, because it is the defendants, not the plaintiffs, who should have copies of the subject contracts in their possession"); *see also*, *id* ("except for the terms of the contracts, which can be obtained via discovery, the amended complaint sufficiently pleads the parties involved, and the conditions under which the appraisals prepared by the defendants were formed").

5

Plaintiff's allegations are clearly sufficient to reasonably infer the existence of a valid, binding contract between GEICO and CCC that inured to Plaintiff's benefit. Tellingly, CCC does not dispute that it entered into an agreement with GEICO. And this is simply not a case where, according to Defendant, the Court is "left to speculate as to the parties involved and the conditions under which this alleged appraisal contract was formed." DE 81, at p. 8 (citing *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182, 944 N.E.2d 1104 (2011)). Plaintiff alleges GEICO engaged CCC to perform total-loss valuations to compute Plaintiff's vehicle replacement value (Am. Compl. ¶ 23); CCC knew its report was intended to be directed to and shared with Plaintiff (Am. Compl. ¶ 24); CCC *itself* provided Plaintiff with a CCC ONE Market Valuation Report (Am. Compl. ¶ 30); CCC was aware that Plaintiff would be presented with the findings in the report to substantiate GEICO's determination of the value of Plaintiff's vehicle (Am. Compl. ¶ 33); and GEICO issued Plaintiff a claim payment that was predicated on the amount calculated by CCC (Am. Compl. ¶ 32). In other words, Plaintiff alleges not only that a valid agreement exists between GEICO and CCC, but the purpose of this agreement was to conduct an appraisal intended to expeditiously facilitate Plaintiff's claim.

New York Courts recognize that a plaintiff may properly assert its status as a third-party beneficiary where a defendant knows its appraisal will be submitted to and relied upon by plaintiff. *See, e.g.*, *Rodin Properties-Shore Mall, N.V. v. Ullman*, 264 A.D.2d 367, 368-369 (1999); *Stewardship Credit Arbitrage Fund*, 31 Misc. 3d 1223(A), 929 N.Y.S.2d at 203 . The only relevant case CCC cites implicating a third-party appraisal, *Mandarin Trading Ltd.*, 16 N.Y.3d at 177 (2011), is clearly distinguishable: in that case, the relevant appraisal was prepared for a non-party whose role was not pled. *Id*. Moreover, the relevant appraisal letter did not reveal any particular purpose, nor who requested the appraisal valuation. *Id*. On these facts, the court held that plaintiff

could not show that a contract was intended for its benefit. *Id*. at 182. Unlike *Mandarin Trading Ltd*., CCC specifically prepared an appraisal for *Plaintiff's* benefit—not for the benefit of an unknown party. Am. Compl. ¶ 23.

B. **Plaintiff's Negligence Claim is Proper Because CCC, as a Professional Appraiser, Owed a Duty to Plaintiff**

CCC at the very least negligently failed to conduct a proper, accurate appraisal in accordance with New York law, contravening a duty owed to Plaintiff. "When a professional, such as [CCC], has a specific awareness that a third party will rely on his or her advice or opinion, the furnishing of which is for that very purpose, and there is reliance thereon, tort liability will ensue if the professional report or opinion is negligently or fraudulently prepared." *Rodin*, 264 A.D.2d at 368–69 (citing *Prudential Ins. Co. v. Dewey, Ballantine, Bushby, Palmer & Wood,* 80 N.Y.2d 377, 384, 590 N.Y.S.2d 831, 605 N.E.2d 318 (N.Y. Ct. App. 1992)).

The authorities relied upon by CCC do not support its contention that entities providing professional appraisals cannot owe duties to sustain a negligence claim. Specifically, the authorities CCC cites are predicated on inapposite, unclear fact patterns. And the court in those cases simply did not hold that any duty owed to the plaintiff(s) was precluded as a matter of law, but rather ruled solely on the facts before the court. For example, *Chambers v. Exec. Mortg. Corp.*, 229 A.D.2d 416, 417, 645 N.Y.S.2d 91 (1996) was decided on a motion for summary judgment where the court merely concluded, without explanation, that no duty was owed to plaintiff. Similarly, in *Jones v. Bank of Am. Nat. Ass'n*, 97 A.D.3d 639, 641, 949 N.Y.S.2d 76 (2012), the Court did not articulate its basis for reasoning plaintiffs were not owed a duty of care, but nevertheless recognized authority holding that such a duty does indeed exist. *Id.* (contrasting *Jones* with *Rodin*, 264 AD2d at 368-369 (1999)). Finally, in *Everette Weaver v. Indymac Fed. Bank, FSB*, No. 09 CIV. 5091 SCR LMS, 2010 WL 7634134, at *13 (S.D.N.Y. June 8, 2010) the plaintiff

7

did not substantiate his allegations that the relevant appraisal was improper, or that he relied on defendant's appraisal to his detriment.

Finally, CCC's claim that no duty to Plaintiff arose from a contract (DE 81, at p. 9) amounts to a straw man: "[a]s a professional appraiser, [CCC] owed a duty to plaintiff independent of any contractual obligation." *Rodin*, 264 AD2d at 368. *See also Sommer v. Federal Signal Corp.*, 79 N.Y.2d 540, 552 (N.Y. App. 1992) (quoting *North Shore Bottling Co. v. Schmidt & Sons*, 22 N.Y.2d 171, 179 (N.Y. App. 1968) ("A contracting party may be charged with a separate tort liability arising from a breach of a duty distinct from, or in addition to, the breach of contract")); *see also* R&R, at p. 11 (citing *William Wrigley Jr. Co. v. Waters*, 890 F.2d 594, 602 (2d Cir. 1989).

### C. **Plaintiff Properly Alleges Deceptive Conduct in Violation of GBL § 349**

General Business Law ("GBL") § 349 is New York's plenary consumer protection statute outlawing deceptive acts or practices. In the words of the Court of Appeals, § 349 has a broad "consumer-protective purpose" and it exists to ensure that "'[c]onsumers have the right to an honest market place where trust prevails between buyer and seller.'" [1] *Oswego Laborer's Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529 (1995) (quotation omittted).

CCC claims it is not an insurance company, therefore, it is precluded from § 349 liability. However, the fact that CCC is not an insurance company is immaterial to Plaintiff's claim: GBL § 349(a) declares unlawful "[d]eceptive acts or practices in the conduct of *any* business, trade or

---

[1] GBL § 349 "contains no requirement that a plaintiff demonstrate that the deceptive practice was intentional or reckless, or constituted fraud in order to state a valid claim for relief." *Riordan v. Nationwide Mut. Fire Ins. Co.*, 756 F. Supp. 732, 737 (S.D.N.Y. 1990); *see also Allstate Ins. Co. v. Foschio*, 462 N.Y.S.2d 44, 46–47 (2d Dep't 1983) ("Since the purpose of such restrictions on commercial activity is to afford the consuming public expanded protection from deceptive and misleading fraud, the application is ordinarily not limited to instances of intentional fraud in the traditional sense").

commerce or in the furnishing of *any* service." N. Y. Gen. Bus. Law § 349 (emphasis added); *see also, Riordan*, 977 F.2d at 51 ("By its own terms … GBL § 349 applies to the acts or practices of every business operating in New York"). Consequently, Plaintiff's § 349 claim "do[es] not need to be based on an independent private right of action." *Wilner v. Allstate Ins. Co.*, 71 A.D.3d 155, 163, 893 N.Y.S.2d 208 (2010) (citing *Farino v. Jiffy Lube Intl.*, 298 A.D.2d 553, 554 (2002)). In other words, Plaintiff's § 349 claim is not contingent upon the violation of an insurance-specific statute, or otherwise solely applicable to an insurance company. Moreover, CCC's deceptive conduct is actionable under § 349 notwithstanding the fact that such conduct also violates Regulation 64.[2]

Plaintiff has clearly plead a deceptive act by CCC. Specifically, CCC provided Plaintiff with a CCC ONE Market Valuation Report (Am. Compl. ¶ 30) that misrepresented that it was in compliance with "[r]egulations concerning vehicle value include[ing] New York Regulation 11 NY ADC 216.7, Regulation 64." (DE 45, at p. 48). CCC deceivingly held itself out as complying with the provisions of the Policy and the law, which is an act "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2nd Cir. 2009).[3] As Judge Brown previously concluded, the present allegations "clearly state a

---

[2] Although a violation of insurance law is not a pre-requisite to Plaintiff's GBL § 349 claim, it nevertheless provides an independent source of liability in this instance. Where, as here, Plaintiff's injury results from "settlement practice and policy violative of the New York Insurance Law [the allegation] easily satisfies the elements of a claim under Section 349 since plaintiffs allege deceptive practices expressly proscribed by the Insurance Law." *Riordan*, 756 F. Supp. at 738 ("The Court thus has little difficulty in concluding that a policy and practice of violating New York Insurance Law § 2601 and the rules promulgated thereunder, as alleged by plaintiffs, if proven, constitutes a 'deceptive business practice' sufficient to satisfy the requirements of Section 349").

[3] At the very least, whether a consumer was likely to be misled is "usually … a question of fact" not suitable for resolution on a motion to dismiss. *Carias v. Monsanto Co.*, No.

9

pattern of conduct that could well violate the prescriptions of GBL § 349" as they involve "the underpayment of claims and provision of valuation reports intended to mislead the policy holder as to the actual amounts owed." R&R, at p. 13.

Finally, CCC's argument that Plaintiff's claim should be dismissed because CCC's improper valuation methodology was "fully disclosed" is also unpersuasive. DE 81, at p. 10. The CCC ONE Market Valuation Report does not disclose the fact that CCC's methodology was improper. In fact, it states the exact opposite. DE 45, at p. 48 (CCC ONE Market Valuation Report provided to Plaintiff falsely stating that "[r]egulations concerning vehicle value include New York Regulation 11 NY ADC 216.7, Regulation 64").

### D. Plaintiff's Unjust Enrichment Claim is Proper

Though CCC acknowledges that Plaintiff's unjust enrichment claim was previously upheld (DE 81, at p. 4), CCC nevertheless argues that Plaintiff is required to confer a direct, specific benefit upon CCC in order to recover under a theory of unjust enrichment. This is incorrect: "recovery is available not only where there has been an actual benefit to the other party but, in the instance of a wrongdoing defendant, to restore the plaintiff's former status, including compensation for expenditures made in reliance upon defendant's representations." *Martin H. Bauman Assoc. v. H & M Intl. Transp.,* 171 A.D.2d 479, 484, 567 N.Y.S.2d 404 (1991) (citing *Farash v. Sykes Datatronics,* 59 N.Y.2d 500, 505, 465 N.Y.S.2d 917, 452 N.E.2d 1245 (1983)). Moreover, to the extent CCC disclaims any wrongdoing, "unjust enrichment ... does not require the performance of any wrongful act by the one enriched." *Simonds v. Simonds,* 45 N.Y.S.2d 233, 242, 408 N.Y.S.2d 359, 380 N.E.2d 189 (1978)). Plaintiffs reiterate that by virtue of obtaining monies in connection

---

15CV3677JMAGRB, 2016 WL 6803780, at *9 (E.D.N.Y. Sept. 30, 2016) (quoting *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 8 F. Supp. 3d 467, 478 (S.D.N.Y. 2014).

10

with practices that are deceptive, misleading in violation of New York law, and in breach of GEICO Policies, CCC has been unjustly enriched. (Am. Compl. ¶ 102). Plaintiff's allegations not merely conclusory: having detailed a series of events where CCC benefitted from performing an improper appraisal (Am. Compl. ¶¶ 16-36), it is "against equity and good conscience to permit [CCC] to retain what is sought to be recovered." *Paramount Film Distrib. Corp. v. State of New York,* 30 N.Y.2d 415, 421, 334 N.Y.S.2d 388, 285 N.E.2d 695 (1972), *cert. denied* 414 U.S. 829, 94 S.Ct. 57, 38 L.Ed.2d 64 (1973)).

### E. Plaintiff May Bring a Private Cause of Action for a Violation of Insurance Regulation § 216.7 ("Regulation 64")

While Regulation 64 does not expressly provide for a private right of action, a private right of action is implied. *See, e.g..*, *Maimonides Medical Center v. First United American Life Insurance Company*, 116 A.D.3d 207 (2d Dept. 2014). In *Maimonides*, the court explained that "[w]here a statute does not expressly confer a private cause of action upon those it intended to benefit, a private party may seek relief under the statute only if a legislative intent to create such a right of action is fairly implied in the statutory provisions and their legislative history." *Id.* at 211 (citations omitted). This inquiry involves three factors: "(1) whether the plaintiff is one of the class for whose particular benefit the statute was enacted; (2) whether recognition of a private right of action would promote the legislative purpose; and (3) whether creation of such a right would be consistent with the legislative scheme." *Id.* The third factor is critical, as "a private right of action should not be judicially sanctioned if it is incompatible with the enforcement mechanism chosen by the legislature or with some other aspect of the overall statutory scheme." *AHA Sales, Inc. v. Creative Bath Prods., Inc.*, 58 A.D.3d 6, 15 (2d Dept. 2008).

In *Maimonides*, the court found that there was a private cause of action under Insurance Law 3224-a, known as the Prompt Pay Law, which sets forth standards for the payment of health

care claims by health insurance companies. The court held that because section 3224-a made insurance companies subject to specific requirements and vested rights in the policyholder, it impliedly created a private cause of action: "[3224-a(c)(1)] does impose specific duties upon insurers and creates rights in patients and health care providers, and thus militates in favor of the recognition of an implied private right of action to enforce such rights." *Maimonides*, 116 A.D.3d at 214; *see also AHA Sales, Inc.*, 58 A.D.3d 6 (2d Dept. 2008) (holding that a sales representative has an implied private right of action to enforce Labor Law 191-b which sets forth requirements for a principal to pay commissions to a sales representative).

The court in *Maimonides* cited to *Henry v. Isaac*, 214 A.D.2d 188 (2d Dept. 1995), which held that there was an implied right of a private cause of action under Social Services Law article 7 for an adult-care facility resident against the facility for failure to provide services and levels of care required by the statute, even though the Department of Social Services had broad authority to enforce the requirements of the statute. *Maimonides*, 116 A.D.3d at 214-15. The court found that "the statute did more than create an enforcement mechanism. It afforded residents of such facilities certain rights and the entitlement to certain services" and so a private right of action was "consistent with the legislative scheme." *Id.* at 215.

Plaintiff has satisfied all three of the factors set out in *Maimonides* and a private right of action under Regulation 64 is consistent with the legislative scheme. Regulation 64 is intended to benefit claimants like Plaintiff, who attempt to obtain a benefit from the insurer. The purpose of the statute is to prohibit insurers from engaging in unfair claims settlement practices. That purpose is furthered by a private cause of action by a claimant who has received an unfair claim settlement that violates any provision in the statute. Finally, according to the Regulatory Impact Statement for the Fifteenth Amendment to Regulation 64, the statute aids consumers by regulating "an

insurance company's obligation to deal fairly with claimants and policyholders in the settlement of claims . . . [The regulation] reflects the Legislature's concerns with insurance claims practices of insurers." Allowing a private cause of action under Regulation 64 "would be consistent with the over-all legislative scheme." *Brian Hoxie's Painting Co. v. Cato-Meridian Cent. School Dist.*, 76 N.Y.2d 207, 212 (1990); *see also Ader v. Guzman*, 135 A.D.3d 671, 672-73 (N.Y. App. Div. 2016) (affirming the lower court's grant of summary judgment in the plaintiff's favor because an implied private right of action exists where it's fairly implied in the statutory provisions and legislative history).

### F. Plaintiff's Request for Declaratory and Injunctive Relief is Proper

"[A] district court must entertain a declaratory judgment action when (1) 'the judgment will serve a useful purpose in clarifying and settling the legal relations in issue,' or (2) 'when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Starter Corp. v. Converse, Inc.*, 84 F.3d 592 (2d Cir. 1996).

A declaratory judgment and injunctive relief in Plaintiff's favor will serve the important purpose of ensuring that Defendants will not continue to improperly interpret Regulation 64 when determining the appropriate reimbursement to insureds. Plaintiff's other claims seek monetary relief for CCC's conduct which has resulted in damages to Plaintiff and class members. Declaratory and injunctive relief will ensure that Defendants properly interpret Regulation 64 moving forward. This claim will help to prevent against the future defrauding of consumers.

Rule 57 of the Federal Rules of Civil Procedure provides that "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate," Fed. R. Civ. P. 57, and courts have commonly upheld claims for declaratory and injunctive relief in cases where the plaintiff also brought other claims, such as breach of contract. *See, e.g., USHA Holdings, LLC v. Franchise India Holdings, Limited*, Case No. 12 CV 3492, 2015 WL 13741743, at *15

(E.D.N.Y. Sept. 11, 2015) (holding that "the existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate, even though the fact that a lawsuit has been filed that will necessarily settle the issues for which declaratory judgment is sought suggest that the declaratory judgment will serve no useful purpose"); *Sasson v. Mann*, Case No. 15-CV-6601, 2019 WL 3532155, at *13 (S.D.N.Y. Aug. 2, 2019); *Brooklyn Navy Yard Development Corp. v. Harbor Diesel Fuel Services, Inc.*, Case No. CV 10-5715, 2014 WL 4364628, at *8 (E.D.N.Y. Aug. 1, 2014).

## VI. CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court deny CCC's Motion to Dismiss in its entirety and grant Plaintiff such other and further relief as this Court may deem just and proper.

Dated: November 12, 2019

Respectfully submitted:

**THE MILLER LAW FIRM, P.C.**
Attorneys for Plaintiff and Putative Class

By: /s/ *Sharon S. Almonrode*
Sharon S. Almonrode (NY Bar ID 837436; SA4748)
Marc L. Newman
950 West University Drive
Rochester, MI 48307
248-841-2200
ssa@millerlawpc.com
mln@millerlawpc.com

Ari Kresch (NY Bar ID 1308931)
EXCOLO LAW GROUP
26700 Lahser Rd.
Southfield, MI 48033-2608
248-565-2099

# **CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2019 I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

    /s/ *Sharon S. Almonrode*_____
Sharon S. Almonrode (NY Bar ID 837436; SA4748)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
ssa@millerlawpc.com