Civil Action No.: 1:16-cv-00240-DLI-RML

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORENA M. MILLIGAN, *individually and on behalf of all other similarly situated*,

Plaintiff,

-against-

GEICO GENERAL INSURANCE COMPANY and CCC INFORMATION SERVICES INC.

Defendants.

**DEFENDANT GEICO'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

RIVKIN RADLER, LLP
Attorneys for Defendant
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

Of Counsel:

   Barry I. Levy
   Michael P. Versichelli
   Michael P. Welch

# TABLE OF CONTENTS

|   |   | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| POINT I. | PLAINTIFF'S BREACH OF CONTRACT CLAIM IS IMPLAUSIBLE | 1 |
| | A. Plaintiff's Breach of Contract Claim is Legally Implausible | 1 |
| | B. Plaintiff is Not Entitled to Consequential Damages or Punitive Damages | 3 |
| POINT II. | THERE IS NO PRIVATE RIGHT OF ACTION UNDER REGULATION 64 | 4 |
| POINT III. | PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION MUST BE DISMISSED | 6 |
| POINT IV. | PLAINTIFF HAS FAILED TO ALLEGE A G.B.L. § 349 VIOLATION | 7 |
| | A. Failure to Pay "Sticker Price" Was Not Materially Deceptive | 7 |
| | B. Plaintiff Failed to Allege a Free-Standing Claim of Deceptive Conduct | 8 |
| POINT V. | PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF MUST BE DISMISSED | 9 |
| POINT VI. | PLAINTIFF'S UNJUST ENRICHMENT MUST BE DISMISSED | 10 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Amman Textiles v. Contitrade Servs. Corp.,
   1994 U.S. Dist. LEXIS 3783 (S.D.N.Y. 1994) ...................................................................7

Brothers v. New York State Elec. & Gas Corp.,
   11 N.Y.3d 251, 869 N.Y.S.2d 356 (N.Y. 2008) ................................................................7

Clark-Fitzpatrick Inc. v. Long Island R. Co.,
   70 N.Y.2d 382, 389 (1987) .................................................................................................6

Charles Schwab v. Retrophin Inc.,
   2015 U.S. Dist. LEXIS 133535, *39-40 (S.D.N.Y. Sept. 30, 2015) ....................................9

Hill v. City of New York,
   136 F. Supp. 3d 304 (E.D.N.Y. 2015) ...............................................................................5

Hudes v. Vytra Health Plans Long Is., Inc,
   295 A.D.2d 788, 744 N.Y.S.2d 80 (3d Dep't 2002) .........................................................5

Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co.,
   2009 U.S. Dist. LEXIS 31945 (W.D.N.Y. Feb. 5, 2009) ...................................................5

Maimonides Med. Ctr. v. First United Am. Life Ins. Co.,
   116 A.D.3d 207, 981 N.Y.S.2d 739 (2d Dep't 2014) ...................................................4, 5

New York Univ. v. Continental Ins. Co.,
   87 N.Y.2d 308, 639 N.Y.S.2d 283 (1995) ........................................................................4

Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,
   875 F.3d 107 (2d. Cir. 2017) .........................................................................................8, 9

Riordan v. Nationwide Mut. Fire Ins. Co.,
   756 F. Supp. 732 (S.D.N.Y. 1990) ....................................................................................8

Ripka v. Safeco Ins.,
   2015 U.S. Dist. LEXIS 67595 (N.D.N.Y May 26, 2015) ..................................................4

Safka Holdings LLC v. iPlay, Inc.,
   42 F.Supp.3d 488, 2013 U.S. Dist. LEXIS 77730 (S.D.N.Y. 2013) ..................................4

Sec. Mut. Life Ins. Co. of New York v. Rodriguez,
   65 A.D.3d 1, 880 N.Y.S.2d 619 (1st Dept. 2009) .............................................................2

William Wrigley Jr. Co. v. Water,
 890 F.2d 594 (2d Cir. 1989)..................................................................................................6

Yale M. Fishman 1998 Ins. Trust v. Phila. Fin. Life Assur. Co.,
 2016 U.S. Dist. LEXIS 58862 (S.D.N.Y. May 3, 2016) ........................................................10

Defendant GEICO General Insurance Company ("GEICO") respectfully submits this Reply Memorandum of Law in further support of its motion, pursuant to Fed. R. Civ. P. 12(b)(6), for an Order dismissing the First Amended Class Action Complaint ("Amended Complaint") of Plaintiff Lorena M. Milligan, individually, and on behalf of others similarly situated ("Plaintiff").

**POINT I.**

**PLAINTIFF'S BREACH OF CONTRACT CLAIM IS IMPLAUSIBLE**

**A.     Plaintiff's Breach of Contract Claim is Legally Implausible**

In opposition to GEICO's motion, Plaintiff *does not challenge*, and thus admits, that her singular theory of liability – as purposely narrowed by her counsel at oral argument before the Second Circuit – is that § 216.7(c)(3)'s requirement to pay "the reasonable purchase price to the insured on the date of loss of a new identical vehicle" is only satisfied when GEICO pays the "sticker price" or her actual purchase price on the date of loss of a new identical vehicle. Absent the payment of the "sticker price," as Plaintiff's theory goes, GEICO has breached the regulation, which correspondingly breaches the Policy. As GEICO demonstrated in its opening memorandum of law, however, Plaintiff's theory collapses under an analysis of § 216.7(c)(3)'s express terms, as well as the legislative history of the regulation.

Further, although Plaintiff acknowledges that the Second Circuit framed this dispute as a legal question requiring the District Court's interpretation of the meaning of "the reasonable purchase price," which is "central" to her breach of contract claim (see Pltf. Opp. at p. 6), she nevertheless argues that the interpretation of the regulation is not a threshold legal issue, because Magistrate-Judge Brown has already determined that Plaintiff has stated a claim.

Magistrate-Judge Brown's R&R, however, does not control the current plausibility of this cause of action. At the time of the recommendation, Plaintiff had not clearly articulated her "sticker price" theory of liability, but instead hid behind the vague and conclusory allegations in

her Complaint. This is significant, because Magistrate-Judge Brown was only concerned with whether Plaintiff's vague allegation that GEICO used an "'adjusted vehicle value' or 'market value, in lieu of the statutorily-required 'reasonable purchase price'" pled a breach of contract. The plausibility of Plaintiff's Amended Complaint, however, must now be analyzed in light of Plaintiff's recent articulation of the "sticker price" theory; that is, whether GEICO's use of an "adjusted vehicle value" or "market value," in lieu of the "sticker price" violated the regulation and breached the policy. If Regulation 64 did not require GEICO to pay the sticker price or actual purchase price, then Plaintiff's breach of contract claim is not legally feasible and must be dismissed. This is an issue for the District Court to decide.[1]

As previously noted, Regulation 64 does not define the phrase "the reasonable purchase price to the insured on the date of loss of a new identical vehicle." The Regulation, however, does provide substantial guidance. In this regard, GEICO has conclusively demonstrated through an analysis of § 216.7 (c)(3) and (c)(4), as well as the legislative history applicable to § 216.7 (c)(4) ("Right of Recourse"), that those provisions do not require it to pay an insured the "sticker price" on the date of loss of a new identical vehicle, but rather, require a market valuation.

Plaintiff weakly challenges GEICO's analysis of the Right of Recourse provision (§ 216.7 (c)(4)) as being "misplaced and unpersuasive," which it is not, while completely ignoring, at her own peril, GEICO's analysis of the legislative history. Notably, the Right of Recourse provision states, in pertinent part:

---

[1] See Sec. Mut. Life Ins. Co. of New York v. Rodriguez, 65 A.D.3d 1, 6, 880 N.Y.S.2d 619 (1st Dept. 2009) (citing 2 Couch on Insurance 3d § 19:1) ("Existing and valid statutory provisions enter into and form a part of all contracts of insurance to which they are applicable, and, *together with settled judicial constructions thereof*, become a part of the contract…") (emphasis added).

> "If … the insured notifies the insurer in writing that the insured cannot purchase a comparable vehicle for the *market value, as determined under the provisions of subparagraph (1)(i), (ii), (iii) or (v) or paragraph (3) of this subdivision…*"

Plaintiff argues that the phrase "market value" in this provision does not apply to "paragraph (3)" (*i.e.*, § 216.7 (c)(3)), because that provision "includes its own explicit calculation methodology – 'reasonable purchase price'" (see Pltf. Opp., at p. 7), but offers no explanation for why the Right of Recourse provision incudes the "*or* paragraph (3)" language. Plaintiff's interpretation of § 216.7(c)(4) is clearly strained. The Right of Recourse provision, by its express terms, sets forth that "market value" applies to establishing "the reasonable purchase price" under paragraph (3) of the subdivision. Indeed, that the legislature intended for the Right of Recourse provision to allow insureds to challenge § 216.7(c)(3)'s fair market valuation is confirmed by a review of the applicable legislative history. See Levy Decl., Ex. "D", Reply to Comments ("When invoked, the right of recourse should encourage good faith negotiation between the claimant and the insurer to arrive at a mutually acceptable fair market value").

Nowhere in §§ 216.7(c)(3) or (c)(4) is the phrase "sticker price" or the insured's "actual purchase price" mentioned; nor are those phrases found anywhere in §§ 216.7(c)(1)(i), (ii), or (iii). Inasmuch as § 216.7(c)(3) does not require GEICO to pay Plaintiff "sticker price," she has failed to allege a plausible claim for breach of contract, and her cause of action must be dismissed.

**B.      Plaintiff is Not Entitled to Consequential Damages or Punitive Damages**

Plaintiff fails to challenge the fact that her Amended Complaint is completely devoid of the following allegations: that her consequential damages were the natural and probable consequence of the breach; were contemplated by the parties at the time the contract was executed; that GEICO acted in bad faith during its adjustment of her claim; and that she sustained consequential, as opposed to merely breach of contract, damages. The failure to plead

3

these requisite elements is absolutely fatal to her claim. See Safka Holdings LLC v. iPlay, Inc., 42 F.Supp.3d 488, 493, 2013 U.S. Dist. LEXIS 77730 (S.D.N.Y. 2013) (striking claim for consequential damages where plaintiff failed to plead necessary elements).

Plaintiff's claim for punitive damages must also be dismissed because she has failed to plead that GEICO breached a duty independent of the Policy; an actionable, egregious tort; or that GEICO, in its dealings with the general public, engaged in a fraudulent scheme evincing such a high degree of moral turpitude and such wanton dishonesty as to imply a criminal indifference to civil obligations. See New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 315-16, 639 N.Y.S.2d 283 (1995). Punitive damages are not available for an ordinary breach of contract.

## POINT II.

### THERE IS NO PRIVATE RIGHT OF ACTION UNDER REGULATION 64

Conceding that §216.7 does not provide her with an express private right of action, Plaintiff nevertheless argues that a private right of action is *implied*. See Pltf. Opp., p. 9. Plaintiff, however, ignores the legion of cases declining to recognize a private right of action under New York Insurance Law § 2601 or Regulation 64. See Ripka v. Safeco Ins., 2015 U.S. Dist. LEXIS 67595, *4 (N.D.N.Y May 26, 2015).

Plaintiff's citation to Maimonides Med. Ctr. v. First United Am. Life Ins. Co., 116 A.D.3d 207, 981 N.Y.S.2d 739 (2d Dep't 2014) does not support her cause. Under Maimonides, in order to demonstrate an implied right of action, Plaintiff must show that: (1) she is one of the class for whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose; and (3) creation of such a right would be consistent with the legislative scheme. 981 N.Y.S.2d at 743. "[A] private party may seek relief under the statute 'only if a legislative intent to create such a right of action is fairly implied in the

statutory provisions and their legislative history.'" Id. at 743 (citation omitted). "Avoiding unwarranted interference with the legislative scheme is the 'most critical' factor in determining whether a private cause of action may be fairly implied[.]" Hudes v. Vytra Health Plans Long Is., Inc, 295 A.D.2d 788, 790, 744 N.Y.S.2d 80 (3d Dep't 2002).

Contrary to Plaintiff's opposition, the New York legislature has clearly created a scheme of regulatory enforcement by the Superintendent of Insurance under the Insurance Law, and an implied right of action would be inconsistent with the scheme. See e.g., N.Y. Ins. L. §109(d) (Superintendent authorized to "maintain a civil action … for violation of this chapter"); see also § 109(c)(1). This legislative scheme of regulatory enforcement is inconsistent with private enforcement. See Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co., 2009 U.S. Dist. LEXIS 31945, *11 (W.D.N.Y. Feb. 5, 2009) (citation omitted).

Magistrate-Judge Brown recommended dismissing this cause of action in his R&R because Plaintiff failed to "identify anything in the legislative history of this provision that would support [an implied private right of action]". See ECF Doc. No. 55 (R&R), at p. 10. Further, Magistrate-Judge Brown found that "the individuals sought to be protected here – consumers insured by auto insurance companies – are, by definition, parties to a contract and thus have a remedy in the form of an action for breach of contract." Id. This cause of action must be dismissed because Plaintiff, once again, has failed to analyze the statutory provisions or legislative history of Insurance Law 2601 or Regulation 64 to demonstrate a legislative intent to create an implied right of action. See Hill v. City of New York, 136 F. Supp. 3d 304 (E.D.N.Y. 2015) (no implied private right of action found where plaintiffs failed to analyze statute and legislative history).

**POINT III.**

**PLAINTIFF'S NEGLIGENCE CAUSE OF ACTION MUST BE DISMISSED**

Plaintiff's negligence cause of action is based on the following allegations: that GEICO "owed [her] … a duty to provide accurate vehicle valuation information for the purposes of resolving claims"; and that GEICO breached this duty "because they used CCC to provide vehicle valuations and CCC provided these valuations in a negligent manner." Id. at ¶¶ 84, 85. Plaintiff also alleges that GEICO failed to supervise CCC's valuations in a *respondeat superior*-type capacity.

In opposition to GEICO's motion, Plaintiff curiously cites to Magistrate-Judge Brown's R&R to support her negligence cause of action. See Pltf. Opp., at p. 15. Magistrate-Judge Brown, however, recommended that this cause of action be dismissed, because "it is well established that a 'simple breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated.'" R&R, p. 11, *citing*, Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 389 (1987). Additionally, after a brief analysis of William Wrigley Jr. Co. v. Water, 890 F.2d 594, 602 (2d Cir. 1989), which is the case now relied on by Plaintiff to support her cause of action, Magistrate-Judge Brown determined that Plaintiff's claim was without merit, because she "has failed to articulate any basis for a duty independent of the contract." R&R, p. 11. In that regard, because Regulation 64 is read into and becomes a part of the insuring agreement, a breach of that provision cannot constitute a tort independent of the contract. Id. at 11-12. Magistrate Judge Brown further recommended dismissal because "the damages sought [were] entirely coextensive with the breach of contract claim." R&R, p. 11. Each of these bases continues to warrant dismissal of Plaintiff's negligence cause of action.

Initially, as Plaintiff points out in opposition, Regulation 64 is read into GEICO's Policy, so a breach of the regulations amounts to nothing more than a restatement of the claim for breach

6

of contract, not a tort.  Next, because there is no private right of action under Regulation 64, there can similarly be no tort duty of care created by virtue of the fact that GEICO is obligated to comply with the Regulations.   GEICO's duties and obligations are defined and governed by the insurance contract and the regulations.  No separate tort duty is alleged. Through a severely strained interpretation of case law relating to vicarious liability for independent contractors, Plaintiff contends that GEICO had a statutory duty to comply with Regulation 64 and may have assumed some "specific duty by contract," which has yet to be disclosed.  Plaintiff's argument that GEICO is vicariously liable for CCC's negligent acts is availing. See Brothers v. New York State Elec. & Gas Corp., 11 N.Y.3d 251, 258, 869 N.Y.S.2d 356 (N.Y. 2008).

Plaintiff also alleges that GEICO is liable in negligence because Plaintiff is a third-party beneficiary of some contract between GEICO and CCC for its services.  Plaintiff's allegations are patently deficient and insufficient to support a negligence cause of action. See Amman Textiles v. Contitrade Servs. Corp., 1994 U.S. Dist. LEXIS 3783 (S.D.N.Y. 1994) (complaint dismissed where plaintiff failed to plead and sufficiently state a claim as an intended third-party beneficiary). Regardless, any duty owed by GEICO to Plaintiff is purely contractual and governed by the Policy, and Plaintiff's negligence cause of action must, again, be dismissed.

## POINT IV.

### PLAINTIFF HAS FAILED TO ALLEGE A G.B.L. § 349 VIOLATION

**A.     Failure to Pay "Sticker Price" Was Not Materially Deceptive**

In support of her G.B.L. § 349 cause of action, Plaintiff continues to parrot her conclusory Complaint allegations that GEICO "engaged in a systematic scheme to deceive"; "failed to pay [her] the reasonable purchase price … as required by Regulation 64"; and "issued a claim payment … that was inconsistent with [the] procedure required by Regulation 64."  Read together with her counsel's admission in the Second Circuit, however, each of these conclusory

allegations and buzz-words, state nothing more than that GEICO failed to pay her sticker price or engaged in a scheme not to pay her the sticker price.  GEICO has demonstrated that neither Plaintiff's Policy nor § 216.7(c)(3) requires it to pay her the "sticker price" on the date of loss of a new identical vehicle.  Indeed, in opposition Plaintiff does not challenge GEICO's argument that if the regulation does not require sticker price, the failure to pay cannot be a materially deceptive act.[2]  Simply, Plaintiff could not have been misled by GEICO not doing something that it was never required to do in the first place.  Additionally, Plaintiff has failed to plead sufficient facts to support a plausible claim of deceptive conduct.  Plaintiff does not allege how a Defendants' use of market valuation, which was disclosed, was deceptive.  The lack of a materially deceptive act or practice is fatal to Plaintiff's G.B.L. § 349 cause of action.

**B.     Plaintiff Failed to Allege a Free-Standing Claim of Deceptive Conduct**

Reduced to its essence, Plaintiff argues that GEICO deceived her by paying market value rather than sticker price.  This is not a free-standing claim of inherently deceptive conduct.  In support of her G.B.L. § 349 claim, Plaintiff states that it "revolves around Defendant's failure to provide adequate insurance coverage and that Plaintiff and Class members did not contract for the coverage received."  These are clearly breach of contract arguments (*i.e.*, not getting coverage), which do not support her G.B.L. § 349 claim and are certainly not free-standing claims of deceptive conduct.   Plaintiff's opposition confirms that Plaintiff is relying exclusively upon an alleged violation of the regulations to support her G.B.L. § 349 claim.

Plaintiff's cursory analysis of Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107 (2d. Cir. 2017) misses the mark.  In Nick's, the insurer's policy provided that it would pay

---

[2] Plaintiff's citation to Riordan v. Nationwide Mut. Fire Ins. Co., 756 F. Supp. 732, 738 (S.D.N.Y. 1990) does not support her cause of action, because that case did not concern the interpretation of a regulation or whether an insurer's failure to comply with the regulation – when it had no obligation to do so (*i.e.*, paying sticker price) – was materially deceptive.

"prevailing competitive labor rates charged in the area where the property is to be repaired," which language was not prescribed by the insurance regulations. 875 F.3d at 120. On summary judgment, plaintiff submitted evidence that the insurer engaged in practices that created rates that may not have been the prevailing competitive rates in the market. Here, GEICO's policy simply provides that it will pay the "***actual cash value*** of the property at the time of the ***loss***," which "<u>will not exceed the cost to repair or replace the property</u>, or any of its parts, <u>with other of like kind and quality</u> and will not include compensation for any ***diminution of value*** for the property claimed in the ***loss***." See Welch Decl., Ex. "B," at p. 9 of 23 (underlined emphasis added). GEICO has not made any affirmative representations in its policy that are contrary to § 216.7(c)(3), nor does that regulation require GEICO to do anything other than pay the market value of the insured's vehicle on the date of loss of a new identical vehicle.

## POINT V.

### PLAINTIFF'S CLAIMS FOR DECLARATORY AND INJUNCTIVE RELIEF MUST BE DISMISSED

Magistrate-Judge Brown recommended dismissal of Plaintiff's claims for injunctive and declaratory relief because, among other reasons, her alleged injury can be remedied through monetary damages, and she "failed … to articulate a manner in which declaratory relief … 'will serve some useful purpose to the parties.'" R&R, p. 15, *citing* <u>Charles Schwab & Co. v. Retrophin, Inc.</u>, 2015 U.S. Dist. LEXIS 133535, *39-40 (S.D.N.Y. Sept. 30, 2015). Plaintiff did not correct these defects in her Amended Complaint, and her claims for declaratory and injunctive relief must be dismissed.

**POINT VI.**

**PLAINTIFF'S UNJUST ENRICHMENT MUST BE DISMISSED**

Plaintiff's unjust enrichment cause of action must be dismissed, because there remains no dispute that a valid contract exists, which controls the parties' relationship. Thus, a claim sounding in quasi-contract cannot stand. See Am. Compl. at ¶¶ 19, 52; see also Yale M. Fishman 1998 Ins. Trust v. Phila. Fin. Life Assur. Co., 2016 U.S. Dist. LEXIS 58862 (S.D.N.Y. May 3, 2016). Plaintiff also argues that "since GEICO has moved to dismiss Plaintiff's breach of contract claim, the unjust enrichment claims should survive GEICO's motion to dismiss." See Pltf. Opp. at p. 17. This argument is unavailing. If Plaintiff's breach of contract cause of action is dismissed, it will because she has failed to plausibly allege a breach of contract and not because she has failed to prove the existence of the contract between the parties.

**CONCLUSION**

Based on the foregoing, GEICO respectfully requests that this Court issue an Order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Plaintiff's First Amended Class Action Complaint in its entirety, along with such other and further relief as this Court may deem just and proper.

Dated: Uniondale, New York
November 27, 2019

                                                 Respectfully submitted,
                                                 RIVKIN RADLER LLP

                                                 By: */s/ Barry I. Levy*
                                                 Barry I. Levy (BIL 2190)
                                                 Michael P. Versichelli (MPV 2692)
                                                 Michael P. Welch (MPW 7559)
                                                 926 RXR Plaza
                                                 Uniondale, New York 11556-0926
                                                 Telephone:    (516) 357-3000

4638968 v1