UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LORENA M. MILLIGAN, individually and on behalf :
of all others similarly situated,                              :
                                                               :
                                  Plaintiff,                   :          **OPINION AND ORDER**
                                                               :          16-cv-240 (DLI)(RML)
                    -against-                                   :
                                                               :
GEICO GENERAL INSURANCE COMPANY and          :
CCC INFORMATION SERVICES INC.,                         :
                                                               :
                                  Defendants.              :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Lorena M. Milligan ("Plaintiff") brings this putative class action, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), against GEICO General Insurance Company ("GEICO") and CCC Information Services Inc. ("CCC" and, together with GEICO, "Defendants"), alleging systemic underpayments for vehicles that were insured by Defendant GEICO and damaged in accidents. On May 7, 2018, Plaintiff filed an Amended Complaint. *See*, Am. Compl., Docket ("Dkt.") Entry No. 63.

Presently before the Court are Defendants' motions to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See*, Mot. to Dismiss for Failure to State a Claim by GEICO, Dkt. Entry No. 77; Def. GEICO's Mem. of Law in Supp. of Mot. to Dismiss Pl.'s Compl. ("GEICO Mem."), Dkt. Entry No. 79; Mot. to Dismiss for Failure to State a Claim by CCC, Dkt. Entry No. 80; Mem. of Law in Supp. of CCC's Mot. to Dismiss Pl.'s First Am. Class Action Compl. ("CCC Mem."), Dkt. Entry No. 81. Plaintiff opposes both motions. *See*, Pl.'s Resp. in Opp'n to Def. GEICO's Mem. of Law in Supp. of its Mot. to Dismiss Pl.'s Compl. ("Pl. Opp'n to GEICO"), Dkt. Entry No. 83; Pl.'s Resp. in Opp'n to Def. CCC's Mem. of

Law in Supp. of its Mot. to Dismiss Pl.'s Compl. ("Pl. Opp'n to CCC"), Dkt. Entry No. 84.

Defendants have filed replies in support of their motions.  *See*, Def. GEICO's Reply Mem. of Law

in Further Supp. of Mot. to Dismiss Pl.'s Compl. ("GEICO Reply"), Dkt. Entry No. 85; CCC's

Reply in Further Supp. of its Mot. to Dismiss Pl.'s First Am. Class Action Compl. ("CCC Reply"),

Dkt. Entry No. 86.

 For the reasons set forth below, Defendants' motions are granted, and Plaintiff's Amended

Complaint is dismissed with prejudice.

**BACKGROUND**

 The following facts are taken from the Amended Complaint, as well as documents that are

incorporated by reference,[1] and are accepted as true for purposes of this decision.  *See*, *DeJesus v.*

*HF Mgmt. Servs., LLC*, 726 F.3d 85, 87 (2d Cir. 2013).

### A.  Relevant Facts

 On May 15, 2015, Plaintiff's 2015 Lexus was totaled in a rollover accident.  Am. Compl.

¶ 20.  At the time of the collision, Plaintiff was insured under an automobile insurance policy

issued by GEICO (the "Policy").  *Id.* at ¶ 19.  The Policy insured Plaintiff's 2015 Lexus, which

was a "current model year vehicle" as defined by New York state insurance laws.  *Id.* at ¶¶ 19, 22.

 Following the accident, Plaintiff submitted a claim to GEICO.  *Id.* at ¶ 21.  GEICO

contracted with CCC, a corporation that performs automobile valuations, to compute Plaintiff's

vehicle replacement value.  *Id.* at ¶¶ 7, 23, 29.  CCC prepared a ONE Market Valuation Report

---

[1] In support of their motions to dismiss, Defendants submit exhibits, including copies of the insurance policy and valuation report at issue in this action.  *See*, Decl. of Barry I. Levy ("Levy Decl."), Dkt. Entry No. 78; Decl. of Kathleen P. Lally ("Lally Decl."), Dkt. Entry No. 82.  The Court considers these exhibits because they are incorporated by reference in the Amended Complaint.  *See*, *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint.") (internal quotation marks and citations omitted).

2

("OMV Report"), which "compared Plaintiff's current model year vehicle . . . with three similar dealer vehicles that were available or recently sold in the marketplace at the time of valuation." *Id.* at ¶ 24 (internal quotation marks and citation omitted).  The OMV Report set forth a valuation summary total of $45,924.00 for Plaintiff's 2015 Lexus.  *Id.* at ¶ 30.  CCC calculated this valuation "by comparing similar vehicles from three local dealers, which were reflective of the market value."  *Id.* at ¶ 31.  Based on the OMV Report, GEICO issued Plaintiff a claim payment for $45,924.00.  *Id.* at ¶ 32.

Plaintiff alleges that GEICO's payment was "an adjusted vehicle value based on the adjusted values of comparable vehicles reflective of the market value[,]" that does not comply with New York state law, which requires payment of "the reasonable purchase price of a new identical vehicle[.]"  *Id.* at ¶ 34.  Thus, Plaintiff contends, by using such adjusted values to pay claims, "GEICO engaged in a fraudulent and deceptive scheme and policy of not complying with" its obligations to compensate Plaintiff for the "valuation of a total vehicle[,]" thereby violating "both its contractual obligations and New York law."  *Id.* at ¶ 35.  Plaintiff also claims that GEICO's fraudulent scheme impacts other GEICO policy holders and asserts class action allegations pursuant to Fed. R. Civ. P. 23(b)(2).  *Id.* at ¶¶ 37-48.

### B.  Procedural History

On January 15, 2016, Plaintiff commenced the instant action.  *See*, Compl., Dkt. Entry No. 1.  Plaintiff asserted causes of action against both Defendants for breach of contract, negligence, unfair and deceptive trade practices under New York General Business Law § 349 ("GBL§ 349"), and unjust enrichment.  *Id.* at ¶¶ 46-53, 59-87, 93-96.  Additionally, Plaintiff asserted a claim against GEICO for violation of New York insurance law, 11 N.Y.C.R.R. § 216.7 ("Regulation 64").  *Id.* at ¶¶ 54-58.  Finally, Plaintiff sought declaratory and injunctive relief against GEICO.

*Id.* at ¶¶ 88-92.  Defendants moved to dismiss the Complaint for failure to state a claim.  *See*, Mot. to Dismiss by GEICO, Dkt. Entry No. 33; Mot. to Dismiss Pl.'s Class Action Compl. by CCC, Dkt. Entry No. 40.

On July 14, 2017, pursuant to a referral from the Honorable Joan M. Azrack, U.S. District Judge of this Court, who was presiding over this action at the time,[2] the Honorable Gary R. Brown, then U.S. Magistrate Judge of this Court, issued a Report and Recommendation ("R & R") recommending that Defendants' motions be granted in part and denied in part.  R & R, Dkt. Entry No. 55.  Specifically, as to GEICO, the magistrate judge recommended denying its motion to dismiss the breach of contract and GBL§ 349 claims, and granting its motion with respect to the causes of action for violation of Regulation 64, negligence, and unjust enrichment.  *Id.* at 6-16, 20. As to CCC, the magistrate judge recommended denying its motion to dismiss the GBL§ 349 and unjust enrichment claims, and granting its motion with respect to the causes of action for negligence and breach of contract.  *Id.*  The magistrate judge also recommended striking Plaintiff's demands for injunctive relief and declaratory relief.  *Id.* at 14-16, 20.  Finally, the magistrate judge converted one portion of Defendants' motions, which sought to dismiss the action based upon Plaintiff's failure to engage in the Policy's appraisal process, to motions for summary judgment and recommended that summary judgment be denied.  *Id.* at 16-20.

On March 31, 2018, Judge Azrack, over objections from Defendants, adopted the R & R and granted Plaintiff leave to replead.  *See*, Order Adopting R & R, Dkt. Entry No. 62. Subsequently, Defendants filed an interlocutory appeal with respect to the decision on their motions for summary judgment.  *See*, Notice of Interlocutory Appeal by CCC, Dkt. Entry No. 64; Notice of Interlocutory Appeal by GEICO, Dkt. Entry No. 65.  The Second Circuit Court of

---

[2] This action was reassigned to the undersigned on March 25, 2019.  *See*, Case Reassignment dated March 25, 2019.

Appeals affirmed the district court's decision.  *See*, *Milligan v. CCC Info. Servs. Inc.*, 920 F.3d 146, 154 (2d Cir. 2019).

Plaintiff filed an Amended Complaint on May 7, 2018, asserting the same causes of action as in the Complaint.  *See*, Am. Compl. ¶¶ 49-104.  Defendants again seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard "does not require 'detailed factual allegations,' but it demands more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (citations omitted). Nevertheless, "threadbare recitals of the elements of a cause of action" that are supported by "conclusory" statements and mere speculation are inadequate and subject to dismissal.  *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted); *See also*, *Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## DISCUSSION

### A.  Plaintiff's Breach of Contract Claim (Count I)

Plaintiff asserts breach of contract claims against both Defendants.  *See*, Am. Compl. ¶¶ 49-59.  The elements of breach of contract in New York are:  "'(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant,

and (4) damages.'"  *Martino v. MarineMax Ne., LLC*, 2018 WL 6199557, at *3 (E.D.N.Y. Nov.

28, 2018) (quoting *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).  For the reasons set

forth below, Plaintiff's claims against GEICO and CCC are dismissed.

### i.  *Plaintiff's Breach of Contract Claim Against GEICO*

Plaintiff alleges that GEICO breached the Policy by failing to comply with Regulation 64.

*See*, Am. Compl. ¶¶ 34, 51, 54.  As an initial matter, the Court notes that Regulation 64 "is deemed

to be part of [the Policy] as though written into it."  *See*, *Trizzano v. Allstate Ins. Co.*, 7 A.D.3d

783, 785 (2d Dep't. 2004); *Security Mut. Life Ins. Co. of N.Y. v. Rodriguez*, 65 A.D.3d 1, 6 (1st

Dep't. 2009) ("Existing and valid statutory provisions enter into and form a part of all contracts of

insurance to which they are applicable, and, together with settled judicial constructions thereof,

become a part of the contract as much as if they were actually incorporated therein.").  Pursuant to

subsection (c)(3) of Regulation 64, insurers are required to pay "the reasonable purchase price to

the insured on the date of loss of a new identical vehicle, less any applicable deductible and an

allowance for depreciation[.]"  11 N.Y.C.R.R. § 216.7(c)(3).

Plaintiff alleges that rather than paying her[3] the "reasonable purchase price" of a new

identical vehicle, as required by subsection (c)(3), GEICO paid her "an adjusted vehicle value

based on the adjusted values of comparable vehicles reflective of the market value."  Am. Compl.

¶ 34.[4]  GEICO contends that payment reflective of a vehicle's market value constitutes a

"reasonable purchase price."  *See*, GEICO Mem., 11-15.

The phrase "reasonable purchase price . . . of a new identical vehicle" is not defined in

---

[3] For each cause of action, Plaintiff's allegations are asserted on behalf of herself and the putative class.

[4] While Plaintiff does not identify what would constitute a "reasonable purchase price," GEICO indicates that Plaintiff is seeking the "sticker price" of a new identical vehicle because Plaintiff mentioned the "sticker price" during oral argument on Defendants' interlocutory appeal.  *See*, GEICO Mem., 10-11.  However, neither the Amended Complaint, nor Plaintiff's memorandum of law in opposition to GEICO's motion to dismiss reference a "sticker price," and, therefore, the Court need not consider GEICO's contention that Plaintiff is seeking the "sticker price" of a new identical vehicle.

subsection (c)(3) or in any other subsection of Regulation 64.  The Second Circuit, in addressing Defendants' interlocutory appeal, noted that determining the meaning of this phrase is a legal question that requires the district court's interpretation.  *See*, *Milligan*, 920 F.3d at 154.  Contrary to Plaintiff's contention that interpretation of Regulation 64 is premature at the motion to dismiss stage, *See*, Pl. Opp'n to GEICO, 6, the Court "may resolve issues of contract interpretation" on a motion to dismiss.  *See*, *Serdarevic v. Centex Homes, LLC*, 760 F. Supp.2d 322, 328 (S.D.N.Y. 2010) (citations omitted).  However, any ambiguities must be resolved in Plaintiff's favor.  *Id.*

In interpreting the meaning of this phrase, the Court finds guidance in subsection (c)(4), which immediately follows subsection (c)(3).  Subsection (c)(4) provides that an insurer must reopen a claim if, after it has made the claim payment, "the insured notifies the insurer . . . that the insured cannot purchase a *comparable vehicle for the market value*, as determined under the provisions of subparagraph (1)(i), (ii), (iii) or (v) or [subsection (c)(3)]."  11 N.Y.C.R.R. § 216.7(c)(4) (emphasis added).  Reading this subsection in conjunction with subsection (c)(3) indicates that a "reasonable purchase price" is one that would allow the insured to purchase a "comparable vehicle for the market value."

While the Court is cognizant of its obligation to resolve any ambiguities in Plaintiff's favor, Plaintiff's construction of the statute creates an ambiguity where in fact none exists.  According to Plaintiff, "[t]he phrase 'market value' only applies to subparagraph 1(i), (ii), (iii) or (v), and not to [subsection (c)(3)], which includes its own explicit calculation methodology—'reasonable purchase price.'"  Pl. Opp'n to GEICO, 6-7.  Yet, construing the statute the way Plaintiff suggests would be nonsensical, as the phrase "or [subsection (c)(3)]" follows logically only after the preceding phrase, "comparable vehicle value for the market value as determined under . . . [.]"  The "or" operates as a conjunction, connecting subsection (c)(3) to the subparagraphs that precede

it, not a delineation separating it. Moreover, Plaintiff offers no basis for the Court to find that subsection (c)(3) "includes its own explicit calculation methodology[.]" *Id.* at 7. Subsection (c)(3) provides only that GEICO must pay a reasonable purchase price and does not articulate how such a price must be calculated. The Court further notes that, if the New York State Legislature had intended for insurers to compensate insureds by paying a certain price, it would have used a more definite term than "reasonable." *See*, *Patchen v. Gov't Employers Ins. Co.*, 759 F. Supp.2d 241, 248 (E.D.N.Y. 2011) (noting "with reasonable certainty" that if the legislature had intended the interpretation proposed by plaintiff, it simply would have written the statute as plaintiff sought to interpret it).

Accordingly, the Court finds that, under Regulation 64, an insurer satisfies the requirement set forth in subsection (c)(3) of paying an insured the "reasonable purchase price . . . of a new identical vehicle" if that price is one that would allow the insured to purchase a "comparable vehicle for the market value," as set forth in subsection (c)(4). Thus, by issuing a payment reflective of the market value of Plaintiff's vehicle, GEICO complied with Regulation 64, and did not breach the Policy. Accordingly, Plaintiff's claim against GEICO for breach of contract is dismissed.

### ii. *Plaintiff's Breach of Contract Claim Against CCC*

Plaintiff's breach of contract claim against CCC is premised on a third-party beneficiary theory. She alleges that GEICO and CCC entered into a contract, through which CCC provides valuations to GEICO to compute vehicle replacement values and that this contract was intended to benefit Plaintiff. *See*, Am. Compl. ¶¶ 55-57.

Where, as here, a plaintiff is not a party to a contract, she nonetheless may enforce the contract by establishing that she is an intended third-party beneficiary to that contract. *See*, *Consol.*

*Edison, Inc. v. Ne. Utilities*, 426 F.3d 524, 527 (2d Cir. 2005) (citations omitted).  To establish that she is a third-party beneficiary to a contract, the plaintiff must plead:  "(1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [the plaintiff's] benefit and (3) that the benefit to [the plaintiff] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [the plaintiff] if the benefit is lost."  *Sony Corp. v. Fujifilm Holdings Corp.*, 2017 WL 4342126, at *6 (S.D.N.Y. Sept. 28, 2017) (internal quotation marks and citations omitted).

Significantly, "the language of the contract must *clearly* evidence an intent to permit enforcement by the third party."  *Consol. Edison, Inc.*, 426 F.3d at 528 (internal quotation marks, citation, and alterations omitted) (emphasis in original).  This intent "must be shown on the face of the contract . . . and surrounding circumstances alone do not suffice[.]"  *Fashion One Television LLC v. Fashion TV Programmgesellschaft MbH*, 2017 WL 3610513, at *1 (S.D.N.Y. Aug. 22, 2017) (internal quotation marks and citations omitted); *CityR Grp. Holdings LLC v. Foresite Realty Mgmt., LLC*, 2019 WL 1437519, at *4 (S.D.N.Y. Mar. 29, 2019) ("New York courts have held that the parties' intention to benefit the third party must appear from the four corners of the instrument.") (internal quotation marks and citation omitted).

With respect to the first element, Plaintiff alleges that "GEICO and CCC have a valid and binding contract between them" through which CCC "provide[s] total-loss valuations" to compute vehicle replacement values.  *See*, Am. Compl. ¶¶ 23, 26(a), 55(a).  This allegation, taken as true and construed in Plaintiff's favor, provides a reasonable basis to infer the existence of a contract between GEICO and CCC.  *See*, *DePasquale v. DePasquale*, 2013 WL 789209, at *15 (E.D.N.Y. Mar. 1, 2013), *aff'd*, 568 F. App'x 55 (2d Cir. 2014) (noting that, at the motion to dismiss stage, court must take as true plaintiff's allegation that defendant entered into an agreement with third-

party); *See also*, *Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, 651 F. Supp.2d 155, 184 (S.D.N.Y. 2009) (finding that plaintiff had established first element of third-party beneficiary claim on motion to dismiss even though complaint lacked "any facts regarding when these contracts were formed and their major terms[]").

However, Plaintiff fails to establish that she is an intended beneficiary to the contract between GEICO and CCC.  Plaintiff alleges that the OMV Report "was intended to be provided to Plaintiff[]" and includes language "that is directed at Plaintiff" and "CCC knows or should have known that the valuation reports are for the purpose of paying the Plaintiff" for the loss of her vehicle.  *See*, Am. Compl. ¶¶ 25, 28, 56-57.  Such conclusory allegations do not establish that the contract "clearly evidence[s] an intent to permit enforcement" by Plaintiff.  *See*, *Consol. Edison, Inc.*, 426 F.3d at 528 (internal quotation marks, citation, and alterations omitted).  Plaintiff fails to identify the contract language evincing GEICO and CCC's intent to permit enforcement by Plaintiff, which mandates dismissal of her third-party beneficiary claim against CCC.  *See*, *DePasquale*, 2013 WL 789209, at *15 (dismissing third-party beneficiary claim where plaintiff failed to allege contract language demonstrating an intent to permit enforcement by plaintiff); *Abu Dhabi Commercial Bank*, 651 F. Supp.2d at 185 (dismissing third-party beneficiary claim where plaintiff alleged that defendants had entered into contract "for the purpose and intent to benefit directly the plaintiff") (internal quotation marks and citations omitted).

Plaintiff relies on inapposite cases for the broad proposition that "a plaintiff may properly assert its status as a third-party beneficiary where a defendant knows its appraisal will be submitted to and relied upon by plaintiff."  *See*, Pl. Opp'n, 6-7 (citing *Rodin Props.-Shore Mall, N.V. v. Ullman*, 264 A.D.2d 367, 368 (1st Dep't. 1999) and *Stewardship Credit Arbitrage Fund LLC v. Charles Zucker Culture Pearl Corp.*, 2011 WL 1744217, at *7-8 (N.Y. Sup. Ct. N.Y. Cnty. 2011)).

In *Rodin* and *Stewardship*, the plaintiffs established that they were third-party beneficiaries to appraisal contracts between borrowers and appraisers because plaintiffs had required defendant borrowers to obtain appraisals, and defendant appraisers knew that plaintiffs would be relying on the appraisals to issue loans to defendant borrowers. *See*, *Rodin*, 264 A.D.2d at 368-69 (agreement between defendants contained an "express acknowledgement" that appraisal report would be submitted to plaintiff" and defendant appraiser "knew that plaintiff would be relying on its appraisal[]"); *Stewardship*, 2011 WL 1744217, at *1, *8 (plaintiffs had requested appraisal and determined which appraiser to use). Here, by contrast, GEICO, not Plaintiff, requested CCC's appraisal, and it is GEICO, not Plaintiff, who relied on the appraisal to compute Plaintiff's vehicle replacement value. Thus, the intended beneficiary of the agreement between GEICO and CCC was GEICO, rather than Plaintiff.

Accordingly, Plaintiff has failed to establish that she was a third-party beneficiary, and, therefore, her breach of contract claim against CCC is dismissed.

## B. Plaintiff's Cause of Action against GEICO for Violation of Regulation 64 (Count II)

Plaintiff also asserts a claim against GEICO for violation of Regulation 64. *See*, Am. Compl. ¶¶ 60-64. As set forth above, Regulation 64 provides that insurers must "pay to the insured the reasonable purchase price . . . on the date of loss of a new identical vehicle, less any applicable deductible and an allowance for depreciation[.]" 11 N.Y.C.R.R. § 216.7(c)(3). According to Plaintiff, GEICO violated Regulation 64 by paying Plaintiff "an adjusted vehicle value based on the adjusted values of comparable vehicles reflective of the market value" rather than paying her "the reasonable purchase price of a new identical vehicle[.]" Am. Compl. ¶ 34.

Regulation 64 does not expressly confer a private right of action. *See*, *Ripka v. Safeco Ins.*, 2015 WL 3397961, at *2 (N.D.N.Y. May 26, 2015) (dismissing claim asserted pursuant to various

provisions of 11 N.Y.C.R.R. § 216 because regulations "which implement a provision of New York State's Insurance law, do not give rise to any private causes of action[]") (citations omitted); *De Marinis v. Tower Ins. Co. of N.Y.*, 6 A.D.3d 484, 486 (2d Dep't. 2004) ("It is well settled that no private cause of action exists for a violation of . . . [11 N.Y.C.R.R.  § 216.0.]") (citations omitted).  Nonetheless, Plaintiff contends that "a private right of action is implied."  Pl. Opp'n to GEICO, 9.

Where a statute does not provide expressly for a private right of action, an implied right exists only if the "statutory provisions and their legislative history" indicate the legislature's intent to create such a right.  *Maimonides Med. Ctr. v. First United Am. Life Ins. Co.*, 116 A.D.3d 207, 211 (2d Dep't. 2014) (internal quotation marks and citations omitted).  To determine legislative intent, courts consider whether:  (1) "the plaintiff is one of the class for whose particular benefit the statute was enacted"; (2) "recognition of a private right of action would promote the legislative purpose"; and (3) "creation of such a right would be consistent with the legislative scheme[.]"  *Id.* (internal quotation marks and citations omitted).  With respect to the third factor, "which is generally the most critical[,]" *Id.* (internal quotation marks and citations omitted), courts will not find a private right of action if such a right would be "incompatible with the enforcement mechanism chosen by the Legislature or with some other aspect of the over-all statutory scheme[.]" *AHA Sales, Inc. v. Creative Bath Prod., Inc.*, 58 A.D.3d 6, 15 (2d Dep't. 2008) (internal quotation marks and citation omitted).

The Court finds that Regulation 64 does not create an implied right of action.  Considering the factors set forth above, only the first factor is satisfied.  Regulation 64 was created to protect consumers insured by insurance companies, like Plaintiff.  However, because such consumers are parties to contracts with insurance companies, and, thus, have a remedy in the form of an action

for breach of contract, the Court is hard pressed to find a way in which creating a duplicative private right of action would "promote the legislative purpose" behind Regulation 64. *See*, *Maimonides Med. Ctr.*, 116 A.D.3d at 211. Finally, a private right of action would be incompatible with the current enforcement mechanism, which authorizes the Superintendent of Insurance to bring civil actions for violations of Regulation 64. *See*, N.Y. Ins. L. § 109(d) ("The superintendent may maintain a civil action in the name of the people of the state . . ."). "The plain language of Section 109 (d) demonstrates the legislative intent to have the Superintendent of Insurance represent the public when insurance companies violate the Insurance Law . . . The only sections of the Insurance Law that create a private right of action are those that the legislature selected deliberately. There is no need to read a private right of action into the Insurance Law when there is abundant evidence that the legislature chose consciously when and when not to create one." *Jim Mazz Auto, Inc. v. Progressive Cas. Ins. Co.*, 2009 WL 910969, at *1 (W.D.N.Y. Mar. 31, 2009).

The Court finds that Regulation 64 does not provide for an expressed or implied private right of action. Accordingly, Plaintiff's claim against GEICO for violation of Regulation 64 is dismissed.

### C. Plaintiff's Negligence Claim (Count III)

Next, Plaintiff asserts a cause of action for negligence against both Defendants, alleging that they breached their duty to provide an accurate valuation of her damaged vehicle. *See*, Am. Compl. ¶¶ 65-89. To establish negligence, a plaintiff must plead that: (i) the defendant owed her a duty; (ii) the defendant breached that duty; and (iii) the breach "substantially caused" her injury. *Pasternack v. Lab. Corp. of Am. Holdings*, 807 F.3d 14, 19 (2d Cir.), *as amended* (Nov. 23, 2015) (internal quotation marks and citations omitted). As discussed below, the Court concludes that neither GEICO nor CCC owed Plaintiff a duty and, therefore, Plaintiff's negligence claim is

dismissed.

     *i.  Plaintiff's Negligence Claim Against GEICO*

  Plaintiff alleges that GEICO owed her "a duty to provide accurate vehicle valuation information for the purposes of resolving claims." Am. Compl. ¶ 84. GEICO purportedly breached this duty by contracting with CCC, who "provided [vehicle] valuations in a negligent manner." *Id.* at ¶ 85. As a result, Plaintiff "received less value for [her] vehicle" than she would have otherwise been entitled to. *Id.* at ¶ 86.

  Plaintiff's allegation is rooted in the same conduct underlying her breach of contract claim, namely GEICO's purported failure to fully compensate her for her vehicle. However, a breach of contract does not give rise to a tort claim unless a legal duty, independent of the contract, that "spring[s] from circumstances extraneous to, and not constituting elements of, the contract," has been violated. *Banco Multiple Santa Cruz, S.A. v. Moreno*, 888 F. Supp.2d 356, 368 (E.D.N.Y. 2012) (internal quotation marks and citations omitted); *See also*, *Negrete v. Citibank, N.A.*, 187 F. Supp.3d 454, 471 (S.D.N.Y. 2016), *aff'd*, 759 F. App'x 42 (2d Cir. 2019) (dismissing negligence claim where alleged duties were "not distinct or independent from the [c]omplaint's contract claims[]"). Moreover, under New York law, "the relationship between an insurance company and its policyholder is contractual only." *Banco Multiple Santa Cruz, S.A.*, 888 F. Supp.2d at 369 (internal quotation marks and citations omitted); *See also*, *Polidoro v. Chubb Corp.*, 354 F. Supp.2d 349, 351-52 (S.D.N.Y. 2005) (dismissing insured's negligence claim against insurer because it could not "stand independent of her contract claim[]"). Accordingly, Plaintiff's negligence claim based on GEICO's purported duty to provide accurate vehicle valuations is dismissed.

  Plaintiff further alleges that GEICO had a duty to "supervise and verify that CCC was

providing valuations correctly in a *responde[a]t superior* capacity." Am. Compl. ¶ 84. Pursuant to the doctrine of *respondeat superior*, an employer may be liable for the negligent acts of its employees. *See*, *Capak v. Epps*, 2020 WL 3073210, at *5 (S.D.N.Y. June 10, 2020) (citations omitted). However, Plaintiff does not allege that CCC is an employee of GEICO. Rather, the Amended Complaint makes clear that CCC is an independent contractor with whom GEICO "contracted" to provide valuations. Am. Compl. ¶ 23. A party who retains an independent contractor may not be held liable for the independent contractor's negligence. *See*, *Capak*, 2020 WL 3073210, at *5 ("It is well established . . . that an employer is not liable for the negligent or tortious acts of an individual it hires as an independent contractor.") (citations omitted); *Murphy v. Guilford Mills, Inc.*, 2005 WL 957333, at *4 (S.D.N.Y. Apr. 22, 2005) ("The general rule is that a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts.") (internal quotation marks, citations, and alteration omitted). Accordingly, Plaintiff's negligence claim against GEICO based on CCC's purported negligence is dismissed.

### ii. Plaintiff's Negligence Claim Against CCC

Plaintiff alleges that CCC "had a duty to exercise reasonable care in the preparation of the valuation reports, including complying with the applicable law[,]" namely Regulation 64. Am. Compl. ¶¶ 73, 77, 79. CCC allegedly breached this duty by "negligently and fraudulently" preparing "inaccurate and deceptive valuation reports." *Id.* at ¶ 80.

Plaintiff fails to allege that CCC owed her a duty. CCC provided a valuation of Plaintiff's vehicle for GEICO, not for Plaintiff. Under New York law, entities that provide valuations do not owe any duty to the individual whose property is being valued. *See*, *Chambers v. Executive Mortg. Corp.*, 229 A.D.2d 416, 417 (2d Dep't. 1996) (affirming dismissal of negligence claim for lack of

duty where plaintiff alleged that defendant appraisers had conducted inaccurate appraisal) (collecting cases); *See also*, *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215-19 (2d Cir. 2002) (affirming district court's holding that a loan applicant could not recover on a theory of negligence against a consulting firm retained by a potential lender to review the merits of a loan application where consulting firm's report resulted in denial of loan).

Plaintiff nonetheless contends that CCC owed her a duty because it had a "specific awareness" that Plaintiff would rely on its appraisal. *See*, Pl. Opp'n to CCC, 7.  A professional that is aware of a third party's potential reliance on its opinion owes a duty to that third party only where the third party does in fact rely on that opinion. *See*, *Liberty Mut. Ins. Co. v. WAWA Tours, Inc.*, 2007 WL 2743500, at *5 (E.D.N.Y. Sept. 18, 2007), *as amended* (Sept. 19, 2007) (quoting *Rodin*, 264 A.D.2d at 368-69) ("'When a professional . . . has a specific awareness that a third party will rely on his or her advice or opinion, the furnishing of which is for that very purpose, and there is reliance thereon, tort liability will ensue if the professional report or opinion is negligently or fraudulently prepared[.]'").  Here, however, Plaintiff has not alleged that she relied on CCC's OMV Report.  Rather, it was GEICO who relied on the OMV Report.  In fact, CCC neither had a relationship with Plaintiff nor did it make any representations to her.  Absent a showing of reliance on the OMV Report, Plaintiff cannot allege plausibly that CCC owed her a duty.

Moreover, to the extent that Plaintiff's negligence claim is based on a third-party beneficiary theory, it too must fail.  *See*, Am. Compl. ¶ 67.  As set forth above with respect to Plaintiff's breach of contract claim, Plaintiff has failed to establish that she is a third-party beneficiary to an agreement between GEICO and CCC.

Thus, because CCC did not owe Plaintiff a duty of care, Plaintiff's negligence claim against CCC is dismissed.

### D.  Plaintiff's GBL § 349 Claim (Count IV)

Plaintiff also asserts a claim against Defendants pursuant to GBL § 349, alleging that Defendants "engaged in a systematic scheme to deceive" and failed to compensate Plaintiff fully for the loss of her vehicle, in violation of Regulation 64.  Am. Compl. ¶ 92.  GBL § 349 prohibits "'deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'"  *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 124 (2d Cir. 2017) (quoting N.Y. Gen. Bus. Law § 349(a)).  To state a claim under Section 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice."  *Id.* (internal quotation marks and citation omitted).  To survive a motion to dismiss, a plaintiff plausibly must allege "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled by the relevant statements."  *Kennedy v. Mondelez Glob. LLC*, 2020 WL 4006197, at *9 (E.D.N.Y. July 10, 2020) (internal quotation marks and citations omitted).  At the motion to dismiss stage, "a court may determine as a matter of law that an allegedly deceptive [practice] would not have misled a reasonable consumer."  *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) (citations omitted).

As an initial matter, Defendants' contentions that this claim is duplicative of other claims, rather than a "free-standing" claim of deceptive conduct, are without merit.  *See*, GEICO Mem., 19-23; CCC Mem., 11-12.  Where a Section 349 claim overlaps with a claim under another statute, Section 349 nonetheless is viable and not duplicative, where the plaintiff alleges that the defendant engaged in "inherently deceptive conduct."  *See*, *Nick's Garage*, 875 F.3d at 126-27 (rejecting insurer's argument that plaintiff who was asserting claim pursuant to New York Insurance Law

could not assert GBL § 349 claim also).   Accordingly, Plaintiff's claim that Defendants systemically endeavored to pay her less than the amount she was entitled to, if pled adequately, could serve as the basis for a violation of Section 349.

### i.  Plaintiff's GBL § 349 Claim Against GEICO

Plaintiff's GBL § 349 claim against GEICO must be dismissed because she fails to allege that GEICO engaged in materially deceptive conduct and that she suffered injury as a result of GEICO's conduct.

Plaintiff's GBL § 349 claim against GEICO is premised on her allegation that GEICO failed to pay her "the reasonable purchase price" of a new vehicle as required by Regulation 64. *See*, Pl. Opp'n to GEICO, 13; *See also*, Am. Compl. ¶¶ 91-92.   However, as set forth above, Regulation 64 contemplates the payment of a market value price as a reasonable purchase price. Thus, a reasonable consumer would not be deceived by GEICO's payment of a market value price to satisfy a claim pursuant to Regulation 64.

Moreover, Plaintiff has failed to allege an injury caused by GEICO's allegedly deceptive acts that is independent of the injury caused by GEICO's alleged breach of contract.   A monetary loss under GBL § 349 "must be independent of the loss caused by the alleged breach of contract." *DiGangi v. Gov't Employers Ins. Co.*, 2014 WL 3644004, at *7 (E.D.N.Y. July 22, 2014) (internal quotation marks and citation omitted).   Plaintiff alleges that she suffered damages as a result of GEICO's failure to "fully compensate [her] for the loss of [her] vehicle[] as required by Regulation 64."  Am. Compl. ¶ 92.  Yet, this injury arises out of "the exact causes and effects" Plaintiff alleges in her breach of contract claim, and, as such, is "insufficient to give rise to a [Section] 349 claim." *See*, *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp.2d 290, 305 (S.D.N.Y. 2012) (holding that plaintiff had failed to allege injury under Section 349 because the purported damages "stem[med]

from the alleged breach of contract") (citation omitted).

      Accordingly, the GBL § 349 claim against GEICO is dismissed.

      *ii.  Plaintiff's GBL § 349 Claim Against CCC*

      With respect to CCC, Plaintiff fails to allege that CCC engaged in any deceptive act or practice.  Despite claiming in her opposition to CCC's motion to dismiss that "CCC deceivingly held itself out as complying with the provisions of the Policy and the law," Plaintiff fails to make such allegations in the Amended Complaint.  *See*, Pl. Opp'n to CCC, 9.  Plaintiff's attempt to amend the Amended Complaint through her memorandum of law in opposition to CCC's motion to dismiss is wholly improper.  *See*, *Hunter v. N.Y.C. Health & Hosps. Corp.*, 2015 WL 1527646, at *12 (E.D.N.Y. Mar. 31, 2015) ("[I]t is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss.") (internal quotation marks and citations omitted).

      Moreover, Plaintiff's argument is belied by the OMV Report, which says nothing of compliance with the Policy or with Regulation 64, but rather merely identifies Regulation 64 as the regulation that "concern[s] vehicle value."  *See*, Levy Decl., Ex. C, 17.  Therefore, there is nothing deceptive about the OMV Report.  Even if CCC were required to comply with Regulation 64, which, as a non-insurer, it is not,[5] Plaintiff cannot allege plausibly that a reasonable consumer would be misled by the OMV Report to believe that CCC was complying with Regulation 64. Accordingly, Plaintiff fails to plead a material misrepresentation, and her GBL § 349 claim against CCC is dismissed.  *See*, *Daniel v. Mondelez Int'l, Inc.*, 287 F. Supp.3d 177, 189-94 (E.D.N.Y. 2018) (dismissing GBL § 349 claim where plaintiff failed to plead that a reasonable consumer would have been misled by defendant's purported misrepresentation).

---

[5] *See*, 11 N.Y.C.R.R. § 216.2 ("This Part shall apply to all insurers licensed to do business in this State.").

### E.  Plaintiff's Claim for Declaratory and Injunctive Relief (Count V)

Next, Plaintiff seeks a judgment declaring that GEICO compensate her in accordance with Regulation 64 and an order enjoining "GEICO from continuing to defraud consumers by failing to fully compensate [them] as required by [Regulation 64][.]"  Am. Compl. ¶¶ 98-99.  In requesting a declaratory judgment, Plaintiff urges the Court to require GEICO to comply with Regulation 64.  The Court declines to "repeat this statutory directive."  *See*, *Patchen*, 759 F. Supp.2d at 251 (dismissing cause of action for declaratory relief that sought to enforce conduct which was already mandated by statute); *See also*, *DiGangi*, 2014 WL 3644004, at *8 (declining to issue declaratory judgment where doing so "would not finalize the controversy between the parties, clarify the legal issues involved, or serve any other useful purpose[]") (citation omitted).  As for Plaintiff's request for injunctive relief, it must be dismissed because Plaintiff has not established that GEICO violated Regulation 64.  *See*, *DiGangi*, 2014 WL 3644004, at *8 (finding no basis for injunctive relief where plaintiff had failed to state a claim for underlying causes of action).  Accordingly, Plaintiff's claims for declaratory and injunctive relief are denied.

### F.  Plaintiff's Unjust Enrichment Claim (Count VI)

Finally, Plaintiff asserts a cause of action for unjust enrichment against both Defendants. *See*, Am. Comp. ¶¶ 101-04.  To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) that it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff."  *Agerbrink v. Model Serv. LLC*, 155 F. Supp.3d 448, 458 (S.D.N.Y. 2016) (internal quotation marks and citations omitted).  For the reasons set forth below, Plaintiff's claims with respect to both Defendants are dismissed.

i. *Plaintiff's Unjust Enrichment Claim Against GEICO*

Plaintiff's claim against GEICO is untenable. Unjust enrichment is a "quasi-contract claim[]" that exists only "in the absence of any agreement." *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc.*, 448 F.3d 573, 586 (2d Cir. 2006) (internal quotation marks, citation, and emphasis omitted). Here, there is no dispute that the Policy is an enforceable agreement between GEICO and Plaintiff. *See*, Am. Compl. ¶¶ 19, 52; GEICO Mem., 24. Accordingly, the Policy precludes recovery under an unjust enrichment theory. *See*, *Glob. Funding Grp., LLC v. 133 Cmty. Rd., Ltd.*, 251 F. Supp.3d 527, 533 (E.D.N.Y. 2017) ("Unjust enrichment is a quasi-contract claim, and the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi[-]contract for events arising out of the same subject matter.") (internal quotation marks and citation omitted).

Plaintiff contends that her unjust enrichment claim is "an alternative theory of liability to the breach of contract claim," which should be upheld at the motion to dismiss stage because "GEICO has moved to dismiss Plaintiff's breach of contract claim." Pl. Opp'n to GEICO, 17. However, the relevant inquiry in deciding whether an unjust enrichment claim can survive a motion to dismiss is whether a valid and enforceable agreement exists, not whether the plaintiff adequately has pled breach of such agreement. Moreover, Plaintiff's reliance on *National City Commercial Capital Co., LLC v. Global Golf, Inc.* is misplaced. There, the court denied a motion to dismiss an unjust enrichment claim because the defendants had not yet filed an answer and, therefore, it was "unclear whether the written contract [would] foreclose other alternative quasi-contract theories of liability[.]" 2009 WL 1437620, at *1 (E.D.N.Y. May 20, 2009). Where, as here, there is no dispute over the existence of an enforceable agreement, an unjust enrichment claim merely is duplicative of a breach of contract claim and must be dismissed. *See*, *Glob.*

*Funding Grp., LLC*, 251 F. Supp.3d at 533 (dismissing unjust enrichment claim and noting that where defendants did not dispute existence of enforceable contract, it was "not a case in which [p]laintiff pleads alternative relief, but rather an instance in which the unjust enrichment claim is directly duplicative of the breach of contract claim[]") (internal quotation marks and citation omitted); *Kermanshah v. Kermanshah*, 2010 WL 1904135, at *6 (S.D.N.Y. May 11, 2010) (noting that "the determination that an enforceable contract exist[s] necessarily precludes an unjust enrichment claim based on the same underlying agreement[]").  Based on the foregoing, Plaintiff's unjust enrichment claim against GEICO is dismissed.

### ii.  *Plaintiff's Unjust Enrichment Claim Against CCC*

Plaintiff's unjust enrichment claim against CCC also fails.  To succeed on an unjust enrichment claim, a plaintiff must have a "sufficiently close relationship" with the defendant. *Tyman v. Pfizer, Inc.*, 2017 WL 6988936, at *19 (S.D.N.Y. Dec. 27, 2017), *report and recommendation adopted*, 2018 WL 481890 (S.D.N.Y. Jan. 18, 2018) (internal quotation marks and citations omitted).  While "[t]he plaintiff need not be in privity with the defendant," the connection between the two parties "cannot be too attenuated."  *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff alleges that CCC has been unjustly enriched at Plaintiff's expense "[b]y virtue of its obtaining monies in connection with practices that are deceptive[]" and in violation of Regulation 64 and the Policy.  Am. Compl. ¶ 102.  Aside from this conclusory allegation, Plaintiff fails to allege that she paid CCC or otherwise conferred any benefit to CCC.  While Plaintiff alleges that she purchased the Policy from GEICO, *See*, *Id.* at ¶ 19, her allegation with respect to "monies" that CCC obtained from her is wholly unsupported by the facts.  Nor does Plaintiff allege that CCC received any benefits by virtue of Plaintiff's payments to GEICO, such as receiving a portion of

such payments, for example.  *Cf.*, *Waldman v. New Chapter, Inc.*, 714 F. Supp.2d 398, 404 (E.D.N.Y. 2010) (upholding unjust enrichment claim against product manufacturer where plaintiff indirectly conferred a benefit to product manufacturer by purchasing product from retailer). Accordingly, Plaintiff's unjust enrichment claim is dismissed.  *See*, *Mamakos v. Town of Huntington*, 2017 WL 2861719, at *17 (E.D.N.Y. July 5, 2017), *aff'd*, 715 F. App'x 77 (2d Cir. 2018) (dismissing unjust enrichment claim where complaint was devoid of allegations that defendants had received a benefit from plaintiff, for which "equity and good conscience require restitution[]").

## CONCLUSION

For the reasons set forth above, Defendants' motions to dismiss are granted in their entirety, and this action is dismissed with prejudice.


SO ORDERED.

Dated:  Brooklyn, New York
          September 30, 2020


_____  /s/
                DORA L. IRIZARRY
                United States District Judge