UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LORENA M. MILLIGAN, *individually and on behalf*
*of all others similarly situated*,

          Docket No.:
          2:16-cv-00240-DLI-RML

        Plaintiff,

   -against-

GEICO GENERAL INSURANCE COMPANY and CCC
INFORMATION SERVICES INC.,

        Defendants.
-----------------------------------------------------------------X

## ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

   Defendant GEICO General Insurance Company ("GEICO"), by and through its attorneys, Husch Blackwell LLP and Rivkin Radler LLP, respectfully submits the following, upon information and belief, as and for its Answer to the First Amended Class Action Complaint of Plaintiff Lorena M. Milligan, dated May 7, 2018 ("Amended Complaint"):

## ANSWERING NATURE OF THE ACTION[1]

   1.  GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of Plaintiff's Amended Complaint, including each of its subparts, and therefore denies them, except GEICO admits that Plaintiff purports to bring this action on her own behalf and representatively on behalf of "all others similarly situated." GEICO denies the existence of a class as alleged in paragraph "1" of Plaintiff's Amended Complaint.

---

[1] GEICO uses the headings Nature of the Action, Parties, Jurisdiction and Venue, General Allegations, Class Action Allegations, Counts I through VI and their subheadings, Relief Sought, and Jury Demand for ease of reference only. To the extent that any of the headings or subheadings contain any allegations, GEICO denies all such allegations.

2.      GEICO denies each and every allegation contained in paragraph "2" of Plaintiff's Amended Complaint.

3.      The dismissal of Plaintiff's claim for declaratory and injunctive relief was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "3" of Plaintiff's Amended Complaint.

4.      GEICO denies each and every allegation contained in paragraph "4" of Plaintiff's Amended Complaint.

## ANSWERING PARTIES

5.      GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "5" of Plaintiff's Amended Complaint and therefore denies them, except GEICO admits that Plaintiff submitted a claim to GEICO for the total loss of her vehicle under a GEICO policy.

6.      Responding to paragraph "6" of Plaintiff's Amended Complaint, GEICO denies that it is a Maryland corporation, but admits its principal place of business is in Chevy Chase, Maryland. GEICO further admits that GEICO is authorized to conduct the business of insurance in the State of New York.

7.      GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of Plaintiff's Amended Complaint and therefore denies them.[2]

---

[2] The dismissal of CCC Information Services, Inc. ("CCC") from this action was affirmed pursuant to a Summary Order of the United States Court of Appeals for the Second Circuit, dated and entered on February 14, 2022.

8.      GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "8" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers all questions of law to this Honorable Court.

9.      GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9" of Plaintiff's Amended Complaint and therefore denies them.

10.     GEICO denies each and every allegation contained in paragraph "10" of Plaintiff's Amended Complaint.

11.     GEICO denies each and every allegation contained in paragraph "11" of Plaintiff's Amended Complaint.

12.     GEICO denies each and every allegation contained in paragraph "12" of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court.

## ANSWERING JURISDICTION AND VENUE

13.     Paragraph "13" of Plaintiff's Amended Complaint states legal conclusions to which no response is required. GEICO respectfully refers all questions of law to this Honorable Court. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13" of Plaintiff's Amended Complaint and therefore denies them.

14.     Paragraph "14" of Plaintiff's Amended Complaint states legal conclusions to which no response is required. GEICO respectfully refers all questions of law to this Honorable Court. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14" of Plaintiff's Amended Complaint and therefore denies them.

15.    GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15" of Plaintiff's Amended Complaint and therefore denies them, except admits that Plaintiff's accident occurred in Suffolk County, New York, and respectfully refers all questions of law to this Honorable Court.

## ANSWERING GENERAL ALLEGATIONS

16.    Paragraph "16" of Plaintiff's Amended Complaint states legal conclusions to which no response is required. GEICO respectfully refers all questions of law to this Honorable Court. If a response is required, GEICO admits that N.Y. Comp. Codes R. & Regs. tit. 11, § 216.7 ("Regulation 64") provides insurers with standards for prompt, fair, and equitable settlement of motor vehicle physical damage claims.

17.    Paragraph "17" of Plaintiff's Amended Complaint states legal conclusions to which no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "17" of Plaintiff's Amended Complaint. GEICO respectfully refers all questions of law to this Honorable Court and to 11 NYCRR § 216.7 (c)(3) for its precise contents.

18.    Paragraph "18" of Plaintiff's Amended Complaint states legal conclusions to which no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "18" of Plaintiff's Amended Complaint. GEICO respectfully refers all questions of law to this Honorable Court and to 11 NYCRR § 216.7 (c)(3) for its precise contents.

19.    GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19" of Plaintiff's Amended Complaint and therefore denies them, except GEICO admits that it issued a policy of insurance to Plaintiff, and respectfully refers to the policy for its precise terms, definitions, conditions, exclusions, endorsements, and limits of liability.

20.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20" of Plaintiff's Amended Complaint and therefore denies them, except admits that Plaintiff's 2015 Lexus was involved in a rollover accident on May 15, 2015.

21.     GEICO denies each and every allegation contained in paragraph "21" of Plaintiff's Amended Complaint.

22.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "22" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers all questions of law to this Honorable Court and to Regulation 64 for its precise contents.

23.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "23" of Plaintiff's Amended Complaint and therefore denies them, except admits that CCC provided GEICO with a CCC ONE Market Valuation Report.

24.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "24" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers to the CCC ONE Market Valuation Report for its precise contents. GEICO denies that the CCC ONE Market Valuation Report is attached as Exhibit B to the Amended Complaint.

25.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "25" of Plaintiff's Amended Complaint and therefore denies them.

26.     GEICO denies each and every allegation contained in paragraph "26" of Plaintiff's Amended Complaint, including each of its subparts, and respectfully refers all questions of law to

this Honorable Court. GEICO further denies the existence of a class as alleged in paragraph "26" of Plaintiff's Amended Complaint.

27.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "27" of Plaintiff's Amended Complaint.

28.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "28" of Plaintiff's Amended Complaint.

29.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "29" of Plaintiff's Amended Complaint and therefore denies them.

30.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30" of Plaintiff's Amended Complaint and therefore denies them.

31.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31" of Plaintiff's Amended Complaint and therefore denies them.

32.     GEICO denies each and every allegation contained in paragraph "32" of Plaintiff's Amended Complaint.

33.     GEICO affirmatively alleges that paragraph "33" of Plaintiff's Amended Complaint states legal conclusions to which no response is required. If a response is required,

GEICO denies each and every allegation contained in paragraph "33" of Plaintiff's Amended Complaint.

34.     GEICO denies each and every allegation contained in paragraph "34" of Plaintiff's Amended Complaint.

35.     GEICO denies each and every allegation contained in paragraph "35" of Plaintiff's Amended Complaint.

36.     GEICO denies each and every allegation contained in paragraph "36" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "36" of Plaintiff's Amended Complaint.

## ANSWERING CLASS ACTION ALLEGATIONS

37.     GEICO repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1" through "36" inclusive, with the same force and effect as though more fully set forth at length herein.

38.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "38" of Plaintiff's Amended Complaint and therefore denies them, except admits that Plaintiff purports to bring this action on her own behalf and representatively on behalf of certain other persons and entities. GEICO further denies the existence of a class as alleged in paragraph "38" of Plaintiff's Amended Complaint.

39.     GEICO denies that "the number of class members can easily be ascertained from [GEICO's] records and other appropriate discovery." GEICO lacks knowledge or information sufficient to form a belief as to each and every remaining allegation contained in paragraph "39" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "39" of Plaintiff's Amended Complaint

40.     GEICO denies each and every allegation contained in paragraph "40" of Plaintiff's Amended Complaint, including each of its subparts. GEICO further denies the existence of a class as alleged in paragraph "40" of Plaintiff's Amended Complaint.

41.     GEICO denies each and every allegation contained in paragraph "41" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "41" of Plaintiff's Amended Complaint.

42.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "42" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers all questions of law to this Honorable Court. GEICO further denies the existence of a class as alleged in paragraph "42" of Plaintiff's Amended Complaint.

43.     GEICO denies each and every allegation contained in paragraph "43" of Plaintiff's Amended Complaint, including each of its subparts, and respectfully refers all questions of law to this Honorable Court. GEICO further denies the existence of a class as alleged in paragraph "43" of Plaintiff's Amended Complaint.

44.     GEICO denies each and every allegation contained in paragraph "44" of Plaintiff's Amended Complaint, and respectfully refers all questions of law to this Honorable Court. GEICO further denies the existence of a class as alleged in paragraph "44" of Plaintiff's Amended Complaint.

45.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "45" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers all questions of law to this Honorable Court. GEICO further denies the existence of a class as alleged in paragraph "45" of Plaintiff's Amended Complaint.

46.     The dismissal of Plaintiff's claim for declaratory and injunctive relief was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "46" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "46" of Plaintiff's Amended Complaint.

47.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "47" of Plaintiff's Amended Complaint as they pertain to the existence of other pending actions and therefore denies them. GEICO further denies each and every allegation pertaining to GEICO's "wrongful conduct."

48.      GEICO admits Plaintiff seeks to certify a class, but affirmatively denies that class treatment is appropriate for Plaintiff's claims, and respectfully refers all questions of law to this Honorable Court. GEICO further denies the existence of a class as alleged in paragraph "48" of Plaintiff's Amended Complaint.

## ANSWERING COUNT I – BREACH OF CONTRACT

49.     GEICO repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1" through "48" inclusive, with the same force and effect as though more fully set forth at length herein.

50.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "50" of Plaintiff's Amended Complaint and therefore denies them, except admits that GEICO issued Plaintiff a policy of insurance, and respectfully refers to the policy for its precise terms, definitions, conditions, exclusions, endorsements, and

limits of liability. GEICO further denies the existence of a class as alleged in paragraph "50" of Plaintiff's Amended Complaint.

51.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "51" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers to the policy for its precise terms, definitions, conditions, exclusions, endorsements, and limits of liability and to Regulation 64 for its precise terms. GEICO further respectfully refers all questions of the law to this Honorable Court.

52.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "52" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers to the policy for its precise terms, definitions, conditions, exclusions, endorsements, and limits of liability.

53.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "53" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "53" of Plaintiff's Amended Complaint.

54.     GEICO denies each and every allegation contained in paragraph "54" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "54" of Plaintiff's Amended Complaint.

55.     GEICO denies each and every allegation contained in paragraph "55" of Plaintiff's Amended Complaint, including each of its subparts. GEICO further denies the existence of a class as alleged in paragraph "55" of Plaintiff's Amended Complaint.

56.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56" of Plaintiff's Amended Complaint and therefore

denies them. GEICO further denies the existence of a class as alleged in paragraph "56" of Plaintiff's Amended Complaint.

57.     GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "57" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "57" of Plaintiff's Amended Complaint.

58.     GEICO denies each and every allegation contained in paragraph "58" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "58" of Plaintiff's Amended Complaint.

59.     GEICO denies each and every allegation contained in paragraph "59" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "59" of Plaintiff's Amended Complaint.

**ANSWERING COUNT II – VIOLATION OF NEW YORK
OFFICIAL COMPILATION OF CODES, RULES, AND
<u>REGULATIONS SECTION 216.7 (c)(3)</u>**

60.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1" through "59" inclusive, with the same force and effect as though more fully set forth at length herein.

61.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or

information sufficient to form a belief as to each and every allegation contained in paragraph "61" of Plaintiff's Amended Complaint and therefore denies them. GEICO respectfully refers to Regulation 64 for its precise terms, and respectfully refers all questions of the law to this Honorable Court.

62.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "62" of Plaintiff's Amended Complaint and therefore denies them. GEICO respectfully refers to Regulation 64 for its precise terms, and respectfully refers all questions of the law to this Honorable Court.

63.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "63" of Plaintiff's Amended Complaint.

64.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "64" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "64" of Plaintiff's Amended Complaint.

## ANSWERING COUNT III – NEGLIGENCE

65.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022.

Accordingly, no response is required. If a response is required, GEICO repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1" through "64" inclusive, with the same force and effect as though more fully set forth at length herein.

66.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "66" of Plaintiff's Amended Complaint and therefore denies them.

67.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "67" of Plaintiff's Amended Complaint, including each of its subparts. GEICO further denies the existence of a class as alleged in paragraph "67" of Plaintiff's Amended Complaint.

68.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "68" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "68" of Plaintiff's Amended Complaint.

69.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022.

Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "69" of Plaintiff's Amended Complaint and therefore denies them.

70.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "70" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "70" of Plaintiff's Amended Complaint.

71.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "71" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "71" of Plaintiff's Amended Complaint.

72.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "72" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "72" of Plaintiff's Amended Complaint.

73.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022.

Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "73" of Plaintiff's Amended Complaint and therefore denies them.

74.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "74" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "74" of Plaintiff's Amended Complaint.

75.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "75" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "75" of Plaintiff's Amended Complaint.

76.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "76" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "76" of Plaintiff's Amended Complaint.

77.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or

information sufficient to form a belief as to each and every allegation contained in paragraph "77" of Plaintiff's Amended Complaint and therefore denies them.

78.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "78" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "78" of Plaintiff's Amended Complaint.

79.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "79" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "79" of Plaintiff's Amended Complaint.

80.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "80" of Plaintiff's Amended Complaint.

81.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "81" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "81" of Plaintiff's Amended Complaint.

82.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "82" of Plaintiff's Amended Complaint and therefore denies them. GEICO further denies the existence of a class as alleged in paragraph "82" of Plaintiff's Amended Complaint.

83.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "83" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "83" of Plaintiff's Amended Complaint.

84.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO lacks knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "84" of Plaintiff's Amended Complaint and therefore denies them, and respectfully refers all questions of law to this Honorable Court. GEICO further denies the existence of a class as alleged in paragraph "84" of Plaintiff's Amended Complaint.

85.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "85" of Plaintiff's Amended Complaint.

86.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "86" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "86" of Plaintiff's Amended Complaint.

87.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "87" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "87" of Plaintiff's Amended Complaint.

88.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "88" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "88" of Plaintiff's Amended Complaint.

89.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "89" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "89" of Plaintiff's Amended Complaint.

## ANSWERING COUNT IV – UNFAIR AND DECEPTIVE TRADE PRACTICE UNDER NEW YORK GENERAL BUSINESS LAW

90.     GEICO repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1" through "89" inclusive, with the same force and effect as though more fully set forth at length herein.

91.     GEICO affirmatively alleges that paragraph "91" of Plaintiff's Amended Complaint states legal conclusions to which no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "91" of Plaintiff's Amended Complaint. GEICO respectfully refers all questions of law to this Honorable Court.

92.     GEICO denies each and every allegation contained in paragraph "92" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "92" of Plaintiff's Amended Complaint.

93.     GEICO denies each and every allegation contained in paragraph "93" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "93" of Plaintiff's Amended Complaint.

94      GEICO denies each and every allegation contained in paragraph "94" of Plaintiff's Amended Complaint.

95.     GEICO denies each and every allegation contained in paragraph "95" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "95" of Plaintiff's Amended Complaint.

## ANSWERING COUNT V – DECLARATORY AND INJUNCTIVE RELIEF

96.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1"

through "95" inclusive, with the same force and effect as though more fully set forth at length herein.

97.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "97" of Plaintiff's Amended Complaint.

98.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO admits Plaintiff purports to seek a declaratory judgment on behalf of herself and members of a putative class, but GEICO denies any such judgment is warranted and denies each and every remaining allegation contained in paragraph "98" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "98" of Plaintiff's Amended Complaint.

99.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO admits Plaintiff purports to seek injunctive relief on behalf of herself and members of a putative class, but GEICO denies any such relief is warranted and denies each and every allegation contained in paragraph "99" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "99" of Plaintiff's Amended Complaint.

100.     The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every

allegation contained in paragraph "100" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "100" of Plaintiff's Amended Complaint.

<u>**ANSWERING COUNTY VI – UNJUST ENRICHMENT**</u>

101.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO repeats and reiterates each and every response heretofore made in regard to each and every allegation made in paragraphs "1" through "100" inclusive, with the same force and effect as though more fully set forth at length herein.

102.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "102" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "102" of Plaintiff's Amended Complaint.

103.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "103" of Plaintiff's Amended Complaint.

104.    The dismissal of this count was affirmed by the United States Court of Appeals for the Second Circuit pursuant to a Summary Order, dated and entered on February 14, 2022. Accordingly, no response is required. If a response is required, GEICO denies each and every allegation contained in paragraph "104" of Plaintiff's Amended Complaint. GEICO further denies the existence of a class as alleged in paragraph "104" of Plaintiff's Amended Complaint.

### ANSWERING RELIEF SOUGHT

105.     GEICO denies each and every allegation contained in the (unnumbered) paragraph titled "Relief Sought" of Plaintiff's Amended Complaint, including each of its subparts, and denies that Plaintiff is entitled to any of the "Relief Sought." GEICO further denies the existence of a class as alleged in the (unnumbered) paragraph titled "Relief Sought" of Plaintiff's Amended Complaint.

### ANSWERING JURY DEMAND

106.     GEICO likewise demands a trial by jury on all claims and defenses so triable.

### GENERAL DENIAL

107.     To the extent that GEICO has not specifically addressed any allegation of the Amended Complaint above, GEICO denies all such allegations.

### DEFENSES

108.     GEICO asserts the following affirmative and other defenses to Plaintiff's Amended Complaint. GEICO undertakes the burden of proof only as to those defenses deemed affirmative defenses under applicable law and does not intend to, and does not, assume the burden of proof with respect to any matters as to which Plaintiff bears the burden under applicable law.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

109.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted as a matter of law, including, but not limited to, because Plaintiff was not injured because of GEICO's adjustment and settlement of Plaintiff's total loss claim.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

110.    Plaintiff and the putative class members' claims are barred from recovery by the statute of limitations, contractual suit limitation provisions, the doctrine of laches, the doctrine of unclean hands, the doctrine of waiver, and/or the doctrine of estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

111.    The doctrines of unjust enrichment and quantum meruit bar Plaintiff's and some or all putative class members' claims.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

112.    Plaintiff and the putative class members' claims are barred, in whole or in part, to the extent that interested, required, necessary, and/or indispensable parties have not been joined in this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

113.    Plaintiff and the putative class members' claims are barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, claim preclusion or issue preclusion.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

114.    GEICO alleges that any damages awarded against it are subject to an offset of any and all amounts recovered by Plaintiff or any putative class members through any claim(s) and/or lawsuit(s) for which Plaintiff or any putative class members seeks recovery from GEICO.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

115.    Some or all putative class members lack standing to bring the claims alleged in the Amended Complaint because they have no injury in fact.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

116.    Plaintiff and the putative class members' claims are barred because they did not

sustain any ascertainable injuries, losses, or damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

117.    Plaintiff and the putative class members have been paid in full for all covered losses in accordance with the terms and conditions of their respective policies, and are not entitled to any further payments from GEICO.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

118.    The acts Plaintiff alleges GEICO committed were not the cause in fact, proximate cause, or legal cause of any damages alleged in the Amended Complaint.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

119.    The independent acts and/or omissions of other parties over whom GEICO had no control caused Plaintiff's and the putative class members' alleged claims and damages, and such acts and/or omissions are not imputable to GEICO and bar Plaintiff's and the putative class members' claims against GEICO.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

120.    The pendency of prior filed actions, or appraisal, or the individual resolution of claims bar this action in whole or in part.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

121.    Plaintiff and the putative class members are precluded from recovery due to their failure, refusal, and/or neglect to take appropriate steps to avoid, mitigate and/or minimize the losses and/or damages alleged in the Amended Complaint.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

122.    GEICO's alleged conduct is permitted under the laws and regulations of the State of New York and all other applicable law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

123.    GEICO complied with and fulfilled all obligations under any and all insurance laws and regulations, including, but not limited to, Regulation 64.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

124.    GEICO complied with its contractual obligations, if any, to Plaintiff and/or any putative class member, and did not breach any provision of a policy belonging to Plaintiff or any putative class member.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

125.    GEICO is not liable to Plaintiff and/or the putative class members to the extent that terms, definitions, conditions, exclusion, endorsements, and limits of liability of their respective insurance policies, public policy, and/or an express provision of law apply to limit or bar coverage.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

126.    Plaintiff and the putative class members' claims are barred because GEICO fully performed, satisfied, and/or discharged all duties and obligations owed under their respective policies.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

127.    Plaintiff's claims, and the claims of some or all putative class members, are barred because the matters set forth in the Amended Complaint are within the primary jurisdiction of the New York Department of Financial Services, or the corresponding departments or directors of the states in which the putative class members reside.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

128.    Plaintiff and putative class members have failed to satisfy conditions precedent to recovery by failing to adequately cooperate in the adjustment of the underlying insurance claims

and by submitting claims for which they were not entitled to any payment, or by failing to timely and completely exhaust the requisite administrative remedies, statutory, regulatory, and/or contractual remedies, and/or policy conditions, including but not limited to compliance with the appraisal, "action against us," and/or other clauses of their respective policies, prior to commencing this action.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

129.   Plaintiff and/or the putative class members' claims are subject to the following policy provision, which may limit or preclude their claims:

> **APPRAISAL**
>
> If *we* and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of *loss* is filed, demand an appraisal of the *loss*.  In that event, *we* and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*.  If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*.  *We* and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.
>
> *We* will not waive our rights by any of our acts relating to appraisal.

130.   Plaintiff and/or the putative class members' claims are barred because they are subject to appraisal.

131.   GEICO hereby demands Appraisal of each and every putative class member's claim in accordance with the above-referenced provision. If the putative class members fail and/or refuse to participate, they shall be in material breach of the policy condition, which precludes coverage for their claims.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

132.   Plaintiff and/or the putative class members' claims are barred by release and/or by

the doctrines of accord and satisfaction.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

133.   To the extent Plaintiff and/or any putative class member failed to truthfully and completely complete their application for insurance with GEICO, their claims are barred.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

134.   Arbitration and award, appraisal, assumption of risk, contributory or comparative negligence, discharge in bankruptcy, duress, failure of consideration, fraud, illegality, laches, license, payment, release, set-off and/or recoupment, statute of frauds, unclean hands, and/or waiver bar Plaintiff's and/or putative class members' claims.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

135.   The doctrine of ratification, including through the renewal of the respective insurance policies, bars Plaintiff's and/or putative class members' claims.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

136.   GEICO's alleged acts, conduct or omissions were lawful, privileged, or justified.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

137.   To the extent that improper treatment damaged Plaintiff and members of the putative class, such injuries and damages were the result of negligence, omission, or affirmative conduct of third persons or parties for whose conduct Plaintiff may not hold GEICO responsible.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

138.   Members of the putative class who are not residents of the State of New York may not pursue claims against GEICO based on New York statutes or regulations.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

139.   Under the Due Process Clause of the Fourteenth Amendment to the United States

Constitution, Plaintiff or members of the putative class who are not residents of the State of New York may not maintain the claims in the Amended Complaint against GEICO.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

140.    Plaintiff and/or putative class members' claims violate Art. I, § 8, cl. 2 of the United States Constitution insofar as they would result in invocation of New York statutory or regulatory law, or use of a New York judicial forum, in a manner that imposes an unreasonable burden on interstate commerce.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

141.    Plaintiffs' claims, and the claims of some or all of the putative class members, violate Art. IV, § 1 of the United States Constitution insofar as they would result in invocation of New York statutory or regulatory law, or use of a New York forum, in a manner that does not give full faith and credit to the public Acts, Records, and Judicial Proceedings of other states.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

142.    Without admitting (and specifically denying) GEICO owed any duty to Plaintiff or any putative class members, any duty or obligation owed was fully performed, satisfied, and/or discharged.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

143.    Given Plaintiff's current allegations, this appears to be an appropriate venue and forum for this lawsuit. However, should she in some way amend her claims to, for instance, exclude all non-New York based claimants, exclude class allegations, or in some other way GEICO cannot foresee, this may not be an appropriate venue or forum. GEICO therefore asserts that this may be an improper venue or that this matter may be properly tried in another forum, under the *forum non conveniens* doctrine.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

144.    Plaintiff and the putative class members are not entitled to relief because there is no injury, or no injury caused by GEICO, including the defenses of no damages and those listed in this Answer.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

145.    This suit may not be properly maintained as a class action because, among other reasons: (i) Plaintiff has failed to plead, and cannot establish, the necessary elements for class treatment; (ii) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (iii) common issues of fact or law do not predominate, but rather individual issues predominate; (iv) Plaintiff's claims are not representative or typical of the claims of the putative class; (v) Plaintiff is not a proper class representative; (vi) counsel for Plaintiff and the putative class are not adequate representatives; (vii) Plaintiff cannot satisfy any of the requirements for class action treatment and class action treatment is neither appropriate nor constitutional; (viii) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the members of the putative class; and (ix) the putative class is not ascertainable and its members are not identifiable.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

146.    GEICO opposes class certification and disputes the propriety of class treatment.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

147.    Plaintiff and putative class members are not entitled to attorneys' fees.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

148.    Plaintiff and putative class members are not entitled to recover costs under any cited

statute, rule, or regulation.

### AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

149.    To the extent an individual review of Plaintiff's and/or each putative class member's claim file shows that Plaintiff and/or putative class members negotiated and received a settlement amount for their total loss vehicle that was not based on, or different from, the CCC ONE Market Valuation Report, their claims are barred.

### AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

150.    GEICO specifically reserves the right to amend this Answer and assert, at a later date, any and all affirmative defenses not asserted herein, including, without limitation, those matters set forth in Federal Rule of Civil Procedure 8(c), which further investigation and discovery may prove viable against Plaintiff and/or the putative class members.

**WHEREFORE**,  GEICO GENERAL INSURANCE COMPANY prays for judgment as follows:

1. That this Honorable Court deny any request to certify this as a class action;

2. That Plaintiff takes nothing against GEICO by her Amended Complaint;

3. That this Honorable Court enter judgment in favor of GEICO and against Plaintiff on any and all claims for relief alleged against GEICO in the Amended Complaint;

4. That GEICO be awarded its attorneys' fees and costs of suit herein; and

5. For such other and further relief as this Honorable Court deems just and proper.

Dated: March 11, 2022

Respectfully submitted,
HUSCH BLACKWELL LLP

By: /s/Dan W. Goldfine
Dan W. Goldfine, Esq. (admitted *pro hac vice*)
Jamie L. Halavais (admitted *pro hac vice*)
2415 E. Camelback Road, Suite 500
Phoenix, AZ 85016
Tel: (480) 824-7890
Fax: (480) 824-7905
Dan.Goldfine@huschblackwell.com
Jamie.Halavais@huschblackwell.com

RIVKIN RADLER LLP
Barry I. Levy (BIL 2190)
Michael P. Versichelli (MV 2692)
Michael P. Welch (MPW 7995)
926 RXR Plaza
Uniondale, New York 11556-0926
Telephone:     (516) 357-3000

*Attorneys for Defendant GEICO GENERAL INSURANCE COMPANY*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2022, I electronically transmitted the

attached foregoing document to the Clerk's Office using the CM/ECF system for filing and

transmittal of a Notice of Electronic Filing to all counsel of record.

*/s/ Dan W. Goldfine*