

1850 North Central Avenue, Suite 1400
Phoenix, AZ 85004-4568
Telephone: 602-285-5000
Facsimile: 844-670-6009
http://www.dickinsonwright.com

Jamie L. Halavais (she/her/hers)
JHalavais@dickinson-wright.com
602-285-5095

September 12, 2022

VIA ECF

Honorable Dora L. Irizarry
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Milligan v. GEICO General Insurance Company*, Case No. 2:16-cv-00240-DLI-RML

Dear Judge Irizarry:

      We represent Defendant GEICO General Insurance Company ("GEICO") in the above-captioned action. GEICO respectfully requests a pre-motion conference to discuss GEICO's intent to move to compel appraisal of Plaintiff's total loss vehicle and to stay the case pending the result of appraisal, which may be determinative of Plaintiff's remaining claims. As Plaintiff has changed her assertion from her initial appellate position to her position on the second appeal, that what is at issue is her vehicle's valuation, appraisal is an appropriate remedy, as the Second Circuit ruled.

      Plaintiff disputes whether GEICO paid the "reasonable purchase price . . . of a new identical vehicle" and claims GEICO underpaid to settle her total loss claim because it undervalued the loss vehicle. First Am. Compl. ("FAC") ¶¶ 2, 54, 92 [Doc. 63]. GEICO maintains that it paid at least the correct amount, or that it overpaid the claim, because it did not undervalue the loss vehicle. Answer to FAC ¶¶ 2, 54, 92 [Doc. 102]. GEICO originally sought appraisal shortly after Plaintiff filed her Complaint. Because Plaintiff failed to cooperate in that appraisal, GEICO moved to dismiss arguing that failure was a breach, among other arguments. Mot. to Dismiss at 13-15 [Doc. 35]. This Court converted the appraisal portion of the motion to dismiss to a summary judgment motion, which it denied, ruling appraisal was untimely sought. Mar. 31, 2018 Order [Doc. 62, adopting R. & R., Doc. 55 at 16-20].

      GEICO appealed the decision on its appraisal motion, and the Second Circuit, in its first *Milligan* decision ("*Milligan I*"), side-stepped whether this Court's untimeliness determination was correct [Doc. 75 at 18 n.6], holding there was a threshold legal issue to be resolved by this Court. *Id.* at 16-18. The Second Circuit could have affirmed the untimeliness determination but did not—likely because it would otherwise have reversed on this basis, given the discussion at oral argument. *See* Rec. of Oral Arg. at 19:03-19:25, *Milligan I* (Mar. 8, 2019) (No. 18-1407-cv).

Honorable Dora L. Irizarry
September 12, 2022
Page 2

DICKINSON WRIGHT PLLC

The Second Circuit remanded to this Court to address legal issues involving the meaning of the phrase "reasonable purchase price . . . of a new identical vehicle" under New York law. [Doc. 75 at 18]. On remand, this Court ruled in GEICO's favor, dismissing all of Plaintiff's claims. Sept. 30, 2020 Order [Doc. 90]. On appeal again, the Second Circuit remanded only the breach of contract and New York GBL claims alleging GEICO underpaid Plaintiff's total loss claim. Feb. 14, 2022 Summary Order [Doc. 93 ("*Milligan II*")]. The Second Circuit answered the threshold legal question that rendered GEICO's initial appraisal demand premature in *Milligan I*, and definitively held use of appraisal to calculate the reasonable purchase price of a current model year total loss vehicle complies with the governing regulation. [Doc. 93 at 5-6]. It suggested appraisal should be considered to resolve the parties' dispute over the valuation of a loss vehicle where, as here, there are no "identical" vehicles available for comparison. *Id.* at 6. The Second Circuit's handling of the appraisal issue and directions regarding appraisal necessarily rejected this Court's ruling that appraisal was untimely sought.

Plaintiff previously argued that her claims were outside the scope of the appraisal provision, stating, "[w]hile it is true there is a dispute over the monetary amount owed to Plaintiff, the relevant questions concern whether GEICO has acted in accordance with Regulation 64." Pl. Resp. to Objs. to July 14, 2017 R. & R. at 10 [Doc. 58]. She contended that her claims presented "a coverage dispute and legal question which cannot be resolved by an appraiser." *Id.* As explained above, *Milligan II* answered the coverage dispute and legal question that previously rendered appraisal premature. [Doc. 93 at 5-6]. Thus, in Plaintiff's own words, all that remains is the "dispute over the monetary amount owed to Plaintiff," Pl. Resp. to Objs. to July 14, 2017 R. & R. at 10 [Doc. 58], an issue that both the Policy and *Milligan II* endorse as resolvable by appraisal.

GEICO renewed its demand for appraisal of Plaintiff's total loss vehicle on February 28, 2022, and reminded Plaintiff of the outstanding appraisal demand on April 7, 2022. Plaintiff indicated a formal response would be sent, but to date GEICO has not received a response. New York public policy favors enforcement of appraisals. *Zarour v. Pacific Indem. Co.*, 113 F. Supp. 3d 711, 715 (S.D.N.Y. 2015) (citation omitted). This is particularly so when "the dispute between the parties concerns the 'amount of loss,'" *id.* at 715-16, in this case, the actual cash value of the loss vehicle. *See also Quick Response Commercial Division, LLC v. Cincinnati Ins. Co.*, No. 1:14-cv-779 (GLS/DEP), 2015 WL 5306093, at *4 (N.D.N.Y. Sept. 10, 2015); *Phi Epsilon Building Ass'n of Alpha Chi Ro, Inc. v. RSUI Indem. Co.*, No. 5:18-cv-547 (GLS/ATB), 2020 WL 972365, at *1-2 (N.D.N.Y. Feb. 28, 2020). GEICO now seeks to compel appraisal in light of the Policy's mandatory appraisal provision and the Second Circuit's explicit endorsement of the use of appraisal in cases such as this where no "identical" vehicles are available for comparison.

The Policy's appraisal provision provides, "If we and the **insured** do not agree on the amount of **loss**, either may, within 60 days after proof of **loss** is filed, demand an appraisal of the **loss**." Decl. of Barry I. Levy, Ex. B at 12 [Doc. 34-2] (underlining added, other emphases in original). There is a condition precedent to triggering the appraisal provision – there must first be

DICKINSON WRIGHT PLLC

Honorable Dora L. Irizarry
September 12, 2022
Page 3

a dispute over the amount of the loss. This Court's prior order on appraisal erred by ignoring the Policy's condition precedent language, instead holding GEICO's paying Plaintiff over $45,000 for the loss meant that the proof of loss element of the Policy's appraisal provision must have been met, so there must have been a disagreement about the amount of loss. [Doc. 55 16-18]. But GEICO making a payment on the claim in no way establishes GEICO "and the insured do not agree on the amount of loss." Ex. B to Decl. of Barry I. Levy at 12 [Doc. 34-2] (emphases omitted). The Second Circuit highlighted the problem such a conclusion creates: "then insurance companies are not going to send what they believe they owe promptly to people who need to replace their cars, they're gonna wait and litigate it, and . . . that doesn't make any sense at all." *Milligan I*, Rec. of Oral Arg. at 19:03-19:25. Instead, an insurer may make a payment on a claim, and the parties may continue to engage in negotiations over the amount of loss, prior to there being a dispute over the amount of loss sufficient to trigger the appraisal provision. If mere negotiations over the "amount of loss" triggers the condition precedent, GEICO or the insured would be compelled to demand appraisal any time they negotiated over anything relating to the "amount of loss." This is not New York law. *See Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 201 (2d Cir. 2012) (noting importance of negotiation as precondition to appraisal in New York law).

The parties' dispute over the valuation of the Plaintiff's loss vehicle should be determined pursuant to the mandatory appraisal provision in Plaintiff's auto insurance policy. [Doc. 74 at 14 n.4]. It is quite possible appraisal will resolve this dispute, rendering Plaintiff's claims moot. For example, if the appraiser determines the amount GEICO paid to settle Plaintiff's total loss claim is at least equal to what Plaintiff alleges she was owed, Plaintiff's claims would be mooted. Or if the appraiser determines GEICO underpaid Plaintiff's total loss claim by any amount, and if GEICO tenders that amount, the tendering of the amount would moot Plaintiff's claims. If Plaintiff's causes of action are or become moot, Plaintiff lacks injury, this Court lacks jurisdiction to proceed, and the case is efficiently resolved. *Remauro v. Adams*, No. 21-CV-4553 (ARR) (TAM), 2022 WL 1525482, at *3 (E.D.N.Y. May 13, 2022) (noting case must remain live throughout the litigation, if intervening circumstance deprives plaintiff of personal stake in the outcome of the suit the action must be dismissed as moot).

Because appraisal may resolve this dispute, GEICO respectfully requests it be allowed to move to compel appraisal of Plaintiff's total loss vehicle and to stay the case pending the result.

Sincerely,

DICKINSON WRIGHT PLLC

Jamie L. Halavais (she/her/hers)

cc: all Counsel via ECF