

33228 West 12 Mile Road, Suite 375
Farmington Hills, MI 48334
(248)-987-8929
keithaltman@kaltmanlaw.com

September 19, 2022

**Via CM/ECF**
Hon. Dora L. Irizarry
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Milligan v. GEICO General Insurance Company*
              Case No. 2:16-cv-0240-DLI-RML

Dear Judge Irizarry,

      This firm represents the Plaintiff in the above-referenced matter. Plaintiff writes in opposition to Defense Counsel's September 12, 2022, pre-motion letter in which they move to compel appraisal of Plaintiff's total loss vehicle and to stay the case pending the result.

      The Defendant has reverted to the issue of appraisal in the present case. The issue of appraisal has been decided both in front of the present court as well as when the Defendant brought it in front of the 2nd Circuit Court of Appeals. Defendant, not being satisfied with the outcome, again brings the matter forth by the present pre-motion letter.

      The 2nd Circuit Court of Appeals states in their Order and Judgement that an appraisal of the vehicle is not the legal standard, but the valuation of the vehicle:

> The vehicle was a "current model year" vehicle as defined by Title 11, section 216.7 of the New York Codes, Rules and Regulations, known as "Regulation 64." *See* N.Y. COMP. CODES R. & REGS. ("N.Y.C.R.R.") tit. 11, § 216.7 (2020). Regulation 64 provides that "total losses" for "current model year" vehicles require the insurer to pay "the reasonable purchase price to the insured on the date of loss of a new identical vehicle," less certain applicable reductions for depreciation based on the number of miles driven by the lost vehicle. *Id.* § 216.7(c)(3).
>
> Milligan v. GEICO, 2nd Cir. Case No. 18-1405. Judgement, Doc. No. 109-2. May 8, 2019.

An appraisal of the loss vehicle is not required, is burdensome and is delaying the furtherance of the case. An appraisal of the loss vehicle will not provide usable information for the current claim. A valuation is the legal standard which is binding on the current claim. The valuation of the loss vehicle is determined by the purchase price for the current model year vehicle at the time of the loss. All vehicles are given a manufacturer's suggested retail price "MSRP" figure. The valuation of the loss vehicle will be determined through the MSRP value of the 2015 Lexus in the year 2015. Plaintiff's lease agreement in March of 2015 stated that the MSRP of the 2015 Lexus was $51,400. The MSRP valuation, the legal valuation in the present case, can be determined from multiple different outside sources such as Lexus dealerships.

There is no foundation to stay the case. There is no basis to appraise the loss vehicle. Further, Defendant has made no identification that they have maintained the loss vehicle. Should the loss vehicle be appraised now, seven years after the loss occurred, the appraisal would render itself inaccurate due to the deterioration of a loss vehicle over time. Things such as rust and other imperfections that can be attributed to time and natural elements will have taken place on the loss vehicle. Plaintiffs 2015 Lexus would not have been subject to these conditions at the time of the loss making the appraisal invalid. Further, it is noted that GEICO failed to timely request appraisal of the vehicle. The District Court ruled on this point previously, and the 2nd Circuit upheld the decision on May 8, 2019. The 2nd Circuit clearly laid out in their May 8, 2019, judgement that "appraisal is not appropriate in this case.".

2

Determining the valuation of an identical vehicle under the legal valuation calculation is simple. The valuation is the MSRP value of an identical vehicle in 2015, minus any applicable deduction and an allowance for depreciation. N.Y.C.R.R. §126.7.

In light of this Courts previous decisions, the decisions of the 2nd Circuit Court of Appeals and the relevant New York law, Plaintiff respectfully requests that Defendants Pre-Motion Letter requesting an appraisal and staying the case be denied.

We thank the Court for its consideration of the above.

                      Respectfully,

                      Keith Altman, Esq.