UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LORENA M. MILLIGAN, *individually and on behalf of all others similarly situated*,

                              Plaintiff,

-against-

GEICO GENERAL INSURANCE COMPANY and
CCC INFORMATION SERVICES INC.,

                              Defendants.
-----------------------------------------------------------------X

Docket No.:
2:16-cv-00240-DLI-RML

## JOINT STATUS REPORT

Pursuant to this Court's instruction in the December 16, 2022 Text Order re [115] Status Report (the "Order"), Plaintiff Lorena M. Milligan ("Plaintiff") and Defendant GEICO General Insurance Company ("GEICO") hereby submit this Joint Status Report.

### I. PLAINTIFF'S STATUS REPORT:

This Honorable Court instructed the Parties to provide a status report as to the "reasonable purchase price" of the loss vehicle. Plaintiff's position is that the reasonable purchase price of a loss vehicle remains that of the manufacturer suggested retail price ("MSRP").

The regulation provides in pertinent part that: "If the insured vehicle is a private passenger automobile of the current model year, the insurer shall pay to the insured the reasonable purchase price to the insured on the date of loss of a new identical vehicle, less any applicable deductible and an allowance for depreciation." 11 N.Y.C.R.R. § 216.7(c)(3).

The Second Circuit provided *Milligan* that the MSPR should be treated as a "starting point", and the cost owed should be one "that a reasonable buyer and a reasonable seller would agree upon for the sale of the vehicle. that the "reasonable purchase price" must instead refer to

1

the price that a reasonable buyer and a reasonable seller would agree upon for the purchase of such a car in the relevant geographic market. *Milligan v. GEICO Gen. Ins. Co*., No. 20-3726-cv, 2022 U.S. App. LEXIS 3922 (2d Cir. Feb. 14, 2022). The Second Circuit went further to state that market price may often differ from the sticker price. *Id.* Thus, the reasonable purchase price should be determined by the price paid after any negotiations occur based on the MSRP, should there be any.

There is a fatal flaw in this reasoning that cannot be overlooked. Negotiations fail to be guaranteed, concrete in calculation, nor symmetrical across the board. Whether a negotiation occurred, whether it was successful or whether it results in any change to the MSRP is speculatory in nature. Negotiations cannot occur in the abstract. Any deviation from the MSRP in determining the reasonable purchase price would be pure speculation. Just like additions to damages, deductions to damages cannot be speculative. It is not speculative that the reasonable purchase price on the date of the loss is the MSRP.

Damages may not be speculative. "It must be demonstrated with certainty that such damages have been caused by the breach and, second, the alleged loss must be capable of proof with **reasonable certainty.** In other words, the damages may not be merely speculative, possible or imaginary" *Lovely Peoples Fashion v. Magna Fabrics*, 95 Civ. 8450 (AGS)(THK), 1998 U.S. Dist. LEXIS 11197, at *15 (S.D.N.Y. July 22, 1998) *(*quoting *United States v. Merritt Meridian Constr. Corp*., 95 F.3d 153, 161-162 (2d Cir. 1996) and *Kenford Co. v. County of Erie*, 67 N.Y.2d 257, 261, 502 N.Y.S.2d 131, 132, 493 N.E.2d 234 (1986)). "In addition, there must be a showing that the particular damages were fairly within the contemplation of the parties to the contract at the time it was made." *Id.*

Federal law requires manufacturers to affix a label to any new automobile, prior to

shipment to a dealer, that includes the manufacturer's suggested retail price ("MSRP") for the vehicle, the price of any options included on that automobile not reflected in the MSRP, the transportation fee charged by the manufacturer for transporting the car to that dealer, and the total of those amounts. 15 U.S.C. § 1232(f). Any deviation from the MSRP is pure speculation.

Defendants are unable to prove by any admissible evidence that the cost of a new vehicle on the date of the loss would be anything other than the MSRP. Defendants bear the burden of proving with admissible evidence that the reasonable purchase price should be anything other than the stated MSRP of the vehicle. Defendants' bear the burden of retaining an expert to testify as to any deviation from the MSRP on the date of the loss. The existence of a possible expert does not negate the fact that the MSRP is the reasonable purchase price of the loss vehicle.

Thus, it is Plaintiff's position that the reasonable purchase price on the date of loss of a new identical vehicle is the MSRP. Any adjustment above or below the MSRP is speculative and inadmissible. The burden is on Defendants to show that the reasonable purchase price is anything but the MSRP.

II. **GEICO'S STATUS REPORT:**

At the October 12, 2022 Pre-Motion Conference, Your Honor instructed the Parties to retain expert appraisers to work on determining the value of Plaintiff's loss vehicle pursuant to the Second Circuit's interpretation of the phrase "reasonable purchase price," as that term is used in N.Y. Comp. Codes R. & Regs. tit. 11, § 216.7 ("Reg. 64"). Doc. 114, Oct. 12, 2022 Tr. of Pre-Mot. Conf. ("Oct. 12 Tr.") at 8:1-18, 14:7-15:4; *see Milligan v. GEICO Gen. Ins. Co.*, No. 20-3726-cv, 2022 WL 433289, at *3-4, *4 n.4 (2d Cir. Feb. 14, 2022) ("*Milligan II*"); § 216.7(c)(3) ("If the insured vehicle is a private passenger automobile of the current model year, the insurer shall pay to the insured the reasonable purchase price . . . on the date of loss of a new identical

3

vehicle, less any applicable deductible and an allowance for depreciation . . . .").

The Second Circuit explained, "the 'reasonable purchase price . . . of a new identical vehicle' is the price that a reasonable buyer would pay to purchase an identical, brand new, factory-fresh car from the local dealership in the normal course of business." *Milligan II*, 2022 WL 433289, at *4. The Second Circuit further explained the Regulation's reference to "the date of loss" "modifies the *price*" and "makes a meaningful difference in determining how much compensation is owed to the insured" because "[t]he price of such a new car might well be different from what the same car cost at the time the lost vehicle was originally purchased, depending on the proximity to the release of a new model or other vagaries of the marketplace." *Id.* at *4 n.4 (emphasis added). Of course, this must be individually assessed depending on the date of loss in relation to the date of purchase and other marketplace vagaries.

As Your Honor recognized at the Conference, "[t]his requires the parties to direct their attention to the automobile industry in the relevant geographic area on or around May 15, 2015, the time of loss here." Doc. 114, Oct. 12 Tr. at 6:17-19. Your Honor further explained, "[w]hile the MSRP or sticker price provides the starting point for the negotiated sale between buyers and sellers, it does not reflect any concessions or additional vehicle features bargained for during this sale," and "[t]he actual transaction price accounts for these considerations, and the reasonable price that buyers were willing to pay for an identical vehicle." *Id.* at 6:22-7:1.

GEICO has retained an expert appraiser who has performed an appraisal of the actual cash value due under the Policy, as defined by the Second Circuit's interpretation of Regulation 64 – the "reasonable purchase price . . . of a new identical vehicle" for Plaintiff's loss vehicle on May 15, 2015. Due to the length of time that has passed since Plaintiff's vehicle was declared a total loss, appraising the "reasonable purchase price. . . of a new identical vehicle" required an

4

intensive individualized inquiry regarding Plaintiff's "2015 Lexus RX 350 4x4 4 door vehicle."

The appraiser's inquiry included the following:

- consultation with local dealerships to attempt to find information about sales of new identical 2015 Lexus RX 350 4x4 4 door vehicles on or around May 15, 2015;

- consideration of information contained in the CCC One Market Valuation Report;

- consultation with dealerships listed in the CCC One Market Valuation Report comparable vehicle section;

- inquiries with online sources seeking historical data on new identical 2015 Lexus RX 350 4x4 4 door vehicles on or around May 15, 2015;

- consideration of publicly available pricing and other historical data about the loss vehicle from sources including, but not limited to, CARFAX, J.D. Power, and KBB;

- contacting the New York State Department of Motor Vehicles to attempt to obtain access to "actual transaction prices for new" 2015 Lexus RX 350 4x4 4 door vehicles "sold at or around" May 15, 2015;

- analysis of the price change for a new 2015 Lexus RX 350 4x4 4 door vehicle between when Plaintiff purchased and the date of loss to assist in extrapolating the "reasonable purchase price . . . on the date of loss of a new identical vehicle," Reg. 64 (c)(3), that a reasonable buyer and a reasonable seller would agree upon for the purchase of such a car in the relevant geographic area" at the time of loss, *Milligan* II, 2022 WL 433289, at *3, *4 n.4;

- determining that in 2015, the price change for a new 2015 Lexus RX 350 4x4 4

door vehicle would have been a negative value from the original sales price – while a negative price change over the course of the first year of ownership is often the case, each vehicle must be assessed individually, as the Second Circuit noted, due to the "vagaries of the marketplace."[1] *Milligan* II, 2022 WL 433289, at *4 n.4. For example, during the COVID pandemic and the resulting chip shortage, prices for certain new vehicles were increasing over prior sales prices due to a lack of new vehicles available in the marketplace;

- determining the manufacturer's suggested retail price ("MSRP") for Plaintiff's 2015 Lexus RX 350 4x4 4 door vehicle by searching for the MSRP and the "sticker price"[2] using the VIN for Plaintiff's vehicle (2T2BK1BA1FC310523). For most of the loss vehicles during the putative class period, the MSRP or sticker price has no import other than creating a ceiling on the value of the loss vehicle for current model year vehicles under Regulation 64. It should be observed, however, that for some loss vehicles during very limited but discrete times of the putative class period, the MSRP or sticker price did not act as a ceiling. Regardless, an individualized analysis of the evidentiary value of the MSRP or sticker price – if any – will have to be determined and that will have to be done on a loss vehicle by loss vehicle basis.

Based on the intensive individualized inquiry regarding Plaintiff's 2015 Lexus RX 350

---

[1] These vagaries could include things such as dealer incentives or discounts offered as the end of the year approaches, or as the dealer learns that the next model year vehicles will be arriving soon.
[2] The Second Circuit noted: "it is commonly understood that the sticker price reflects only the manufacturer's *suggested* price, and that it may not be the price most commonly paid for the vehicle, but instead acts as a starting point for bargaining between the dealer and the purchaser. . . . [the] market price may often differ from the sticker price." *Milligan* II, 2022 WL 433289, at *3.

4x4 4 door vehicle, the appraiser determined that the actual cash value of a new 2015 Lexus RX 350 4x4 4 door vehicle on or around May 15, 2015 was $46,244.50.

GEICO will disclose its expert appraiser's opinion pursuant to Fed. R. Civ. P. 26(a)(2)(B).

Dated: January 6, 2023

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ Dan W. Goldfine*
Dan W. Goldfine (admitted *pro hac vice*)
Jamie L. Halavais (admitted *pro hac vice*)
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004
Tel: (602) 285-5000
Fax: (844) 670-6009
dgoldfine@dickinson-wright.com
jhalavais@dickinson-wright.com

RIVKIN RADLER LLP
Barry I. Levy (BIL 2190)
Michael P. Versichelli (MV 2692)
Michael P. Welch (MPW 7559)
926 RXR Plaza
Uniondale, New York 11556-0926
Tel: (516) 357-3000
Barry.levy@rivkin.con
Michael.versichelli@rivkin.com
Michael.welch@rivkin.com

*Attorneys for Defendant*
*GEICO General Insurance Company*

*And*

THE LAW OFFICE OF KEITH L. ALTMAN

By: *Keith L. Altman* (*by permission*)
33228 West 12 Mile Road, Suite 375
Farmington Hills, Michigan 48331
Tel: (248) 987-8929
keithaltman@kaltmanlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January, 2023, I electronically transmitted the attached foregoing document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

*/s/ Dan W. Goldfine*